Case 1:01-cv-00798-MHW    Document 21-3    Filed 12/08/2003    Page 1 of 5

72 of 375 DOCUMENTS

**HERBERT REED; BERNICE OLIVER, Plaintiffs-Appellees, Cross-Appellants, v. COUNTRY MISS, INC., d/b/a GLASGOW MANUFACTURING COMPANY, Defendant-Appellant, Cross-Appellee.**

Nos. 93-5594 & 93-5649

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

*1995 U.S. App. LEXIS 14627*

**June 8, 1995, FILED**

**NOTICE:** [*1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 24 LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 24 BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**SUBSEQUENT HISTORY:** Reported in Table Case Format at: *57 F.3d 1070, 1995 U.S. App. LEXIS 20915.*

**PRIOR HISTORY:** ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY. District Nos. 88-00006, 88-00047. Meredith, District Judge.

**LexisNexis (TM) HEADNOTES - Core Concepts:**

**JUDGES:** BEFORE: KRUPANSKY, GUY and NORRIS, Circuit Judges.

**OPINIONBY:** ALAN E. NORRIS

**OPINION:**

OPINION

ALAN E. NORRIS, Circuit Judge. Defendant-appellant, Country Miss, Inc., fired plaintiffs-appellees, Herbert Reed and Bernice Oliver, from their supervisory jobs at its Kentucky clothing factory. Plaintiffs sued, alleging that the firings violated the Age Discrimination in Employment Act of 1967 (ADEA), *29 U.S.C. § § 621*-634. They also asserted pendent state law claims for breach of employment contracts and tortious infliction of emotional distress. After a jury trial, the district court directed a verdict in defendant's favor on the tort claims. The jury found for plaintiffs on the age discrimination and contract claims, and the [*2] court entered judgment in their favor. Both defendant and plaintiffs appeal. For the reasons that follow, we affirm.

I. Background

Beginning in 1948 and 1950, respectively, plaintiffs Reed and Oliver worked as laborers in defendant's Kentucky plant. Defendant promoted Reed to supervisor in 1971 and promoted Oliver to supervisor in 1976. In 1986, defendant, through its plant manager Edward Ross, fired plaintiffs. Both Reed and Oliver were fifty-seven years old at the time. Defendant told Reed that he was being fired for violating a company rule and told Oliver that he was being fired for incompetence and insubordination.

In April 1991, five years after firing him and seven months before the trial was to begin, defendant offered Oliver a supervisory position at its Carrollton, Alabama plant. The offer did not elaborate on the nature of the job except to say that it was "substantially equivalent" to Oliver's previous job. Oliver rejected the offer.

At the close of plaintiffs' evidence, the district court denied defendant's request for a directed verdict on the tort claims. However, the court granted the motion when defendant renewed it at the end of the trial.

The jury returned [*3] verdicts for plaintiffs on their age discrimination and contract claims, and the court entered judgment for plaintiffs. Defendant moved for judgment notwithstanding the verdict (JNOV), for remittitur, and for a new trial. The district court denied each motion. Defendant appeals the denial of its post-trial motions and several district court evidentiary rulings. Plaintiffs cross-appeal the district court's directed verdict in favor of defendant on the tort claims.

EXHIBIT 1

II. Denial of Defendant's Motion for JNOV

A. ADEA Claims

Defendant argues that the district court erred when it denied its motion for JNOV on plaintiffs' ADEA claims. We review a denial of a motion for JNOV de novo, *Hill v. Marshall*, 962 F.2d 1209, 1213 (6th Cir. 1992), cert. denied, 125 L. Ed. 2d 687, 113 S. Ct. 2992 (1993), by asking if the nonmovant presented sufficient evidence to raise a question of fact for the jury. We do not weigh the evidence, pass on credibility issues, or substitute our judgment for that of the jury. *Chappell v. GTE Prod. Corp.*, 803 F.2d 261, 265 (6th Cir. 1986), cert. denied, 480 U.S. 919, 94 L. Ed. 2d 690, 107 S. Ct. 1375 (1987).

Age discrimination cases follow the proof construct set [*4] forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 36 L. Ed. 2d 668, 93 S. Ct. 1817 (1973). Under this framework, a plaintiff must establish a prima facie case; if he does so, the defendant must then articulate nondiscriminatory reasons for its conduct; if the defendant satisfies this burden, plaintiff must prove that the proffered reasons are pretexts for discrimination. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252-53, 67 L. Ed. 2d 207, 101 S. Ct. 1089 (1981).

Defendant first contends that plaintiffs failed to establish a prima facie age discrimination case. To establish a prima facie case, a plaintiff must show that he (1) was a member of the protected class, (2) was fired, (3) was qualified for the position, and (4) was replaced by a younger person. *Blackwell v. Sun Elec. Corp.*, 696 F.2d 1176, 1180-81 (6th Cir. 1983).

It is not disputed that plaintiffs made the first two required showings or that Oliver proved that defendant replaced him with a younger person. Defendant, pointing to evidence that it did not replace Reed with a younger worker, argues that Reed failed to meet his burden on this point. Reed, however, presented testimony that tended [*5] to prove that defendant replaced him with a younger worker; he thereby met his burden of producing sufficient evidence to create a factual dispute on this issue.

Defendant also argues that both plaintiffs failed to show that they were qualified for their positions. A plaintiff can establish this prima facie element by showing that he was doing his job well enough to meet his employer's legitimate expectations. *Chappell*, 803 F.2d at 266. Both plaintiffs offered evidence of their practically-acquired expertise, the absence of complaints about their performance, and recent favorable performance evaluations. Even though defendant controverted this evidence, the evidence was sufficient to create a fact issue for the jury concerning plaintiffs' qualifications.

Plaintiffs thus established a prima facie case and shifted the burden to defendant to articulate nondiscriminatory reasons for the firings. Defendant satisfied this burden by presenting evidence that it fired Reed for violating a company rule and fired Oliver for insubordination and poor performance.

The onus then shifted back to plaintiffs to show that the proffered reasons were pretexts for age discrimination. An ADEA plaintiff [*6] must go forward because he bears the ultimate burden of showing that the employer's "true reason was based on a discriminatory motive." *Stein v. Nat'l City Bank*, 942 F.2d 1062, 1065 (6th Cir. 1991). A plaintiff can satisfy the burden of proving that the employer's proffered reasons were pretexts by showing that those reasons lack a basis in fact, that they did not truly motivate the firing, or that they were insufficient to motivate it. *Cooley v. Carmike Cinemas, Inc.*, 25 F.3d 1325, 1329-30 (6th Cir. 1994). Reed and Oliver both presented ample evidence that defendant's proffered reasons for the firings were not in fact the reasons for the firings. Reed presented evidence that the policy he is alleged to have violated was promulgated only after he engaged in the prohibited conduct. Oliver testified at trial that the alleged incident of insubordination never occurred. He also presented evidence that his job performance was, at a minimum, satisfactory. Defendant has thus failed to show, as it must to justify a JNOV, an absence of proof that its proffered reasons were pretextual.

Plaintiffs satisfied their burden of showing that the firings were based upon a discriminatory motive [*7] by presenting evidence that tended to establish a pattern and practice of age discrimination. The evidence included accounts of prior acts by defendant displaying age bias, statistical evidence of the declining average age of defendant's workforce, and especially persuasive evidence that defendants treated younger workers preferentially. Plaintiffs' evidence created a factual dispute as to whether age was a determining factor in the termination decision.

B. Liquidated Damages

Defendant also contends that the district court erred by denying its JNOV motion on the issue of liquidated damages. Liquidated damages may be awarded for "willful" ADEA violations. 29 U.S.C. § 626(b). An ADEA violation is willful if the employer either knows his conduct is prohibited by the ADEA or acts with reckless disregard for whether it is prohibited. *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 126, 83 L. Ed. 2d 523, 105 S. Ct. 613 (1985). We have read this to mean that a violation is willful only if age was the predominant factor motivating the employer's conduct. *Schrand v. Fed. Pac. Elec. Co.*, 851 F.2d 152, 158 (6th Cir. 1988).

Defendant's argument that plaintiffs failed to satisfy

[*8]  the *Schrand* standard fails. Since plaintiffs presented evidence tending to prove that each of defendant's purported reasons for the firings was pretextual, they satisfied Schrand by proving that age was the sole, *i.e.,* the predominant, factor motivating defendant's conduct. n1

> n1 *Schrand* apparently contemplates a situation in which a plaintiff proves that fewer than all of the defendant's articulated grounds are pretexts. Such a plaintiff establishes a simple violation by proving that age was one of the actual motivating factors. To prove willfulness, however, the plaintiff would then have to prove that, of the several different remaining bases for the employer's conduct, age was the predominant factor. In contrast to the situation apparently envisioned by *Schrand,* however, when the plaintiff proves that all of the asserted grounds are pretexts, the sole remaining factor, age, must be the "predominant" factor.

Plaintiffs presented sufficient evidence to create fact issues for the jury with respect [*9] to both the viability of their age discrimination claims and the issue of the willfulness of any ADEA violation. We therefore affirm the district court's denial of defendant's JNOV motion.

III. Breach of Contract Claims

Defendant argues that the district court erred by denying its motion for summary judgment on plaintiffs' breach of contract claims. Although the jury found for plaintiffs on their contract claims, because the damages for both plaintiffs' ADEA and contract claims are measured as the sum of lost front and back pay, the district court, in order to avoid giving plaintiffs a double recovery, refused to grant plaintiffs damages for their contract claims. In view of the district court's decision and our affirmance of the verdict for plaintiffs on their ADEA claims, we need not address defendant's breach of contract arguments.

IV. Evidentiary Issues

A. *Former Employee Testimony Regarding Perceived Discrimination*

Defendant argues that the district court erred by allowing two of defendant's former employees to testify over objection about perceived incidents of age discrimination. Defendant argues that the evidence was irrelevant and thus excludable. Defendant [*10] also contends that, because any arguable relevance of the testimony was substantially outweighed by its potential to create unfair prejudice, the testimony was excludable under Federal Rule of Evidence 403. We utilize an abuse of discretion standard when reviewing a district court's balancing of the probative value of relevant evidence against the danger that its admission poses a threat of unfair prejudice or confusion. *Clarksville-Montgomery County Sch. Sys. v. United States Gypsum Co., 925 F.2d 993, 999 (6th Cir. 1991).* The disputed evidence is viewed in the light most favorable to its proponent; its potential relevance is maximized, while its potential prejudicial influence is minimized. *Id.*

One former Country Miss employee testified that Edward Ross had been her immediate superior and that, when she was sixty years old, despite receiving consistently favorable evaluations, defendant demoted her and replaced her with a younger and less experienced worker. She also testified that, prior to terminating her, Ross engaged in conduct intended to antagonize her. The second former employee testified that Ross occasionally hinted to her that she should retire and once stated, [*11] "the longer you work, the less money you're going to make." This witness also testified that Ross annually inquired of the payroll office as to which employees had reached age sixty-two.

After reviewing the entirety of the testimony of these two witnesses, we conclude that it was relevant to the issue of defendant's discriminatory intent. By establishing factual continuity in defendant's conduct, the testimony permitted an inference to be drawn that defendant had engaged in a pattern and practice of age discrimination. Such a pattern and practice is relevant, since it tends to show that defendant acted with age-based animus. The question, then, is whether the probative value of the testimony is substantially outweighed by its potential to cause unfair prejudice. Because the testimony was not inflammatory and did not suggest an improper basis upon which the jury might base its decision, we cannot say that the district court abused its discretion when it determined that any potential of the evidence to cause unfair prejudice did not substantially outweigh its probative value.

Defendant places great reliance upon *Schrand,* a case in which we held that a district court had abused [*12] its discretion by admitting former employee testimony proffered by plaintiff. The testimony was, we held, irrelevant under Fed. R. Evid. 401. *Schrand, 851 F.2d at 157.* Two factors were central to our reasoning. First, neither of the witnesses worked in the same region or corporate division as plaintiff. Second, the person who fired him had nothing to do with the firings of the witnesses. *Id. at 156.*

By contrast, the testimony here was closely related to plaintiffs' discrimination allegations. The testimony recounts actions and comments by Ross, The same person who fired Reed and Oliver. Furthermore, the testimony at issue here relates to events said to have occurred in the same place as the events alleged by Reed

1-b

1995 U.S. App. LEXIS 14627, *

Page 4

and Oliver. These factors make the testimony more probative of material facts than that proffered in *Schrand* and minimize the risk that the testimony resulted in unfair prejudice to defendant.

We therefore conclude that the district court did not abuse its discretion by admitting the testimony over defendant's objection.

*B. Evidence of Plaintffs' Post-Firing Mental and Physical Conditions*

Defendant also argues that the district court erred when it admitted [*13] evidence of plaintiffs' post-firing mental and physical conditions. Defendant points out that pain and suffering is not compensable under the ADEA, *Hill v. Spiegel, Inc.*, 708 F.2d 233, 235-36 (6th Cir. 1983), and argues that plaintiffs' evidence of their mental and physical conditions was therefore irrelevant and unfairly prejudicial. *Hill* does not, as defendant contends, create a blanket exclusion of mental and physical condition evidence in ADEA cases; in *Hill*, we considered evidence that was relevant only to proving pain and suffering as an element of ADEA damages. *Id. at 236*. Here, in contrast, the disputed evidence tended to show that the firings rendered plaintiffs unable to find or perform substitute employment and was thus relevant to, at a minimum, defendant's contention that plaintiffs' damages should have been discounted because they failed to mitigate them. Since the evidence at issue had relevance unrelated to pain and suffering as an element of damages, the district court acted within its discretion by admitting the evidence.

V. Plaintiffs' Emotional Distress Claims

In their cross-appeal, plaintiffs contend that the district court erred when it directed [*14] a verdict against them on their infliction of emotional distress claims. We review a district court's decision to direct a verdict de novo, *Adkins v. Board of Educ. of Magoffin County, Kentucky*, 982 F.2d 952, 955 (6th Cir. 1993), and we will affirm such a decision when there is a complete absence of proof on an issue material to the nonmovant's cause of action. *Hurt v. Coyne Cylinder Co.*, 956 F.2d 1319, 1328 (6th Cir. 1992). Under Kentucky law, one's conduct is actionable for the tort of infliction of emotional distress only if it is "extreme and outrageous," a "major outrage," exceeds "all possible bounds of decency," and would be regarded by the community as "utterly intolerable." *Humana of Kentucky, Inc. v. Seitz*, 796 S.W.2d 1, 3-4 (Ky. 1990). Plaintiffs presented evidence that their firings were abrupt and that, after the firings, defendant criticized plaintiffs and tried to mislead the E.E.O.C. in its investigation. We agree with the district court that, even when the evidence is viewed in the light most favorable to plaintiffs, there is an absence of evidence of "extreme and outrageous" conduct as Kentucky courts have construed those terms.

We also reject defendant's [*15] contention that the district court erred by waiting until the close of all the evidence to dismiss plaintiffs' emotional distress claims rather than dismissing those claims earlier. The district court cannot be faulted for waiting to hear all the evidence before directing a verdict. Furthermore, the district court's decision to wait until the end of the trial to direct a verdict, rather than doing so upon defendant's motion at the close of plaintiffs' case, could not have prejudiced defendant.

VI. Denial of Remittitur

Defendant next argues that the district court erred in denying its motion for remittitur. We review the denial of a remittitur motion for abuse of discretion. *Agristor Leasing v. A. O. Smith Harvestore Prod., Inc.*, 869 F.2d 264, 268 (6th Cir. 1989).

*A. Offer to Reinstate Plaintiff Oliver*

Defendant contends that remittitur of part of the back pay damages awarded to Oliver is appropriate because its April 1991 offer to reinstate him should have tolled the accrual of back pay. An unconditional reinstatement offer does toll the accrual of back pay. *Ford Motor Co. v. E.E.O.C.*, 458 U.S. 219, 238-39, 73 L. Ed. 2d 721, 102 S. Ct. 3057 (1982). The district court [*16] concluded that Oliver reasonably rejected defendant's offer because it was not truly an unconditional offer. In *Rasimas v. Michigan Dep't of Mental Health*, 714 F.2d 614, 625 (6th Cir. 1983), cert. denied, 466 U.S. 950, 80 L. Ed. 2d 537, 104 S. Ct. 2151 (1984), this court stated that damages must be reduced due to a plaintiff's failure to mitigate only if his conduct was unreasonable.

We agree that Oliver's rejection of the April 1991 offer was not unreasonable. The offer was for a job at defendant's Alabama plant, two states away from Oliver's home; it was made five years after his termination, and during the months leading up to trial; it was devoid of detail, stating merely that the job was "substantially equivalent" to Oliver's old job. Since his rejection of the offer was not unreasonable, the offer could not toll the accrual of back pay.

*B. Remittitur of Front Pay for Both Plaintiffs*

Defendant also contends that the district court erred by refusing to remit part of the front pay awarded to both plaintiffs. It argues that the jury award, which included front pay damages from the time of the firings until plaintiffs reached age sixty-seven, is contradicted by evidence [*17] that plaintiffs in fact intended to work until only age sixty-five. The jury, despite hearing vague testimony from plaintiffs about their intent to continue working, n2 chose to measure front pay by the formula presented by an expert witness who testified that,

1-c

according to Department of Labor statistics, plaintiffs' work life could be expected to last until age sixty-seven. The district court did not abuse its discretion by refusing to disturb the jury's choice.

> n2 This would be a harder issue had plaintiffs unequivocally stated that they intended to retire before age 67. The purpose of the ADEA is to make aggrieved plaintiffs whole. *Davis v. Combustion Engineering, Inc., 742 F.2d 916, 923 (6th Cir. 1984).* One receiving front pay damages for time when he would have been voluntarily unemployed is made more than whole.

VII. Conclusion

The contentions raised in defendant's appeal and in plaintiffs' cross-appeal lack merit. Accordingly, we affirm the judgment of [*18] the district court in all respects.