UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ALl BAHAR, | : | Case No. C-1-01-798 |
| Plaintiff, | : | Judge Dlott |
| v. | : | |
| CITY OF CINCINNATI , | : | DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT |
| Defendant. | : | |

In reply to Plaintiffs memorandum in opposition to Defendant's motion for summary judgment, Defendant respectfully submits the following reply memorandum:

Plaintiff alleges in his memorandum that he has established a genuine issue of material fact that Plaintiff was discriminated based upon his national origin. Specifically, Plaintiff states at p. 8 of his memorandum that he was stripped of a significant portion of his job duties. The uncontested fact remains that when Plaintiff failed to achieve a Professional License within the ten-year period allowed by the Civil Service Commission, he was no longer qualified to remain as an EIT (Engineer in training). The duties he performed would therefore necessarily change. Plaintiff has failed to demonstrate any evidence that his duties were altered based upon his national origin.

Plaintiff may not like the jobs assigned, but as stated in Defendant's original memorandum, he received no loss of pay or reduction in benefits. All such EITs were reclassified as Senior Engineering Technicians. (Johnson Depo Exhibit 2). Plaintiff's allegation that his career path was altered is also not born out by the fact that on receipt of his license he received a full promotion with corresponding increase in pay. (Depo Karney, p. 16).

Plaintiff further alleges that other native born employees had received oral authorizations for change orders without any repercussions. Mr. Campbell, Deputy Director sought a list of projects alleged to have been allowed to proceed and then come back during the construction phase as alleged by Plaintiff. After investigation, it was determined that those projects had documentation of discussions with the consultant, regarding the amount of work, its negotiated price and in the case of one other employee where the amount exceed the contract, authorization obtained from the Board. (Depo Campbell at p. 29-31).

Regardless, it is undisputed that change in scope of contracts without County Commissioner authority is both a violation of the Municipal Code and of such severity to be subject to disciplinary action. (Depo Quinn, at p. 43).

The Supreme Court in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 91 L. Ed. 202, 106 S. Ct. 2505(1986) explained that "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."

Since the action of a written reprimand without loss of any pay or benefits fails to meet the necessary element of any reasonable interpretation of an adverse employment action, Plaintiff's allegations fail to raise any genuine issue of material fact to support his claim of either discrimination or retaliation. Not only is there no loss of any or benefits, firing, demotion etc., as described in *Hollins v. Atlantic Co. (6th Cir.* 1999), 188 F. 3d 652, any change in duties clearly resulted from Plaintiff's own failure to meet the necessary qualifications of obtaining a Professional Engineer's License within the parameters of Civil Service requirements for EIT status. See Johnson Depo Exhibit 2). Plaintiff cannot now claim his duties were changed when he is no longer qualified to remain in his previous position.

Plaintiff alleges at page 11 & 12 of his memorandum in opposition that there was ample evidence to raise a genuine issue of material fact as to whether he was treated less favorably than someone out of his protected class by citing two examples where he was denied promotions in favor of American born employees who were less qualified. The first example involves a completely different department of the City of Cincinnati, Facility Management. The decision maker was someone outside the Metropolitan Sewer District. (See Bahar Depo at p. 120 & 124). There is absolutely no evidence that Facilities Management would have had any knowledge that Plaintiff had sought any claim for protection under the law. (Bahar Depo at p. 120; 121, 122 and 124).

The second example involves Plaintiffs application for Supervisor of Manhole Rehabilitation in Wastewater Collection. The uncontested fact is that Plaintiff failed to complete his application by refusing to complete the examination process as performed by the other candidates. (Bahar Depo at p. 140). Plaintiff admits he believed the selected candidate had the inside track and not based upon any protected classification. (Bahar Depo at p. 142). The undisputed fact remains he failed to complete the application process automatically disqualifying him from consideration. (Bahar Depo at p. 139).

Lastly, Plaintiff attempts to submit comments by other employees regarding their National Origin as relevant to the present action. Such unsupported comments are highly prejudicial and not relevant admissible testimony pursuant to Fed. R. of Evidence 403. Not one of the examples presented provide any evidence of similarly situated native-born employees treated more favorably. There is no evidence of any pay or benefit loss. At best, the allegations are the "perceptions" of certain co-employees who have been reassigned within MSD.

Even assuming arguendo a prima facia case has been presented for discrimination, Plaintiff has failed to present evidence to contradict the employer's stated reasons for its actions. Specifically, there is no evidence the change from EIT to CET4 was not based upon Civil Service rules. There is no evidence that the discipline of a written reprimand was not based upon a violation of the Municipal code and MSD procedures.

As to his retaliation claim, again assuming arguendo that Plaintiff has proved (1) he engaged in a protected activity, and (2) he suffered some adverse employment action, there still must be a is a causal connection between the protected activity and the alleged adverse employment action. It is clear Plaintiff didn't complete the application process as the other candidates in the Sewer maintenance position and there is no evidence that his rejection as a Facility Manager in an unrelated department is in any way causally connected to his prior claims alleging discrimination. In fact, Plaintiff conceded that he had no information if the individual making the ultimate decision of employment had any communication with MSD and any knowledge of his reprimand or personnel file. (Depo Bahar at p.120 and 124).

For the foregoing reasons, it is respectfully requested that Defendant's Motion for summary Judgment be granted.

Respectfully submitted,

JULIA L. McNEIL (0043535)
City Solicitor


s\ AUGUSTINE GIGLIO
**AUGUSTINE GIGLIO (0031911)**
Sr. Assistant City Solicitor
Trial Attorney for Defendant City of Cincinnati
 Room 214, City Hall
801 Plum Street
Cincinnati, Ohio 45202
Tel: (513) 352-3339
Fax: (513) 352-1515

4

## CERTIFICATE OF SERVICE

      I hereby certify that on December 19, 2003, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Kelly Mulloy Myers and Randolph H. Freking, counsel for Plaintiff, Freking & Betz, 215 East Ninth Street, Fifth Floor, Cincinnati, Ohio 45202.

s\ AUGUSTINE GIGLIO_____
Augustine Giglio (0031911)
Assistant City Solicitor Attorney for Defendant
Room 214, City Hall
801 Plum Street
Cincinnati, Ohio 45202
(513) 352-3339
Fax: (513) 352-1515
e-mail: gus.giglio@cincinnati-oh.gov

MSD-600-AG/(gec)