IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Ali Bahar | : | |
| | : | Case No. C-1-01-798 |
| Plaintiff | : | |
| | : | District Judge Susan J. Dlott |
| v. | : | |
| | : | ORDER DENYING |
| City of Cincinnati | : | SUMMARY JUDGMENT |
| | : | |
| Defendant | : | |

This matter comes before the Court on Defendant's Motion for Summary Judgment. (Doc. #19.) Plaintiff Ali Bahar seeks legal and equitable relief from his employer, the City of Cincinnati ("the City"). Bahar claims, inter alia, that the City took adverse employment action against him on the basis of his national origin and in retaliation for protected equal employment opportunity ("EEO") activity in violation of federal and state law. Defendant's motion for summary judgment is **DENIED**..

**I.     FACTUAL BACKGROUND**

Plaintiff Ali Bahar, an Iranian born mechanical engineer, has been employed by the City of Cincinnati through the Metropolitan Sewer District ("MSD") since 1988. On July 10, 2000, Bahar received his only written reprimand from MSD for failure to follow MSD procedures regarding obtaining a supervisor's written authorization for a change order to a work contract. Tony Huang, a supervisor investigating the change order testified that there had been verbal, but not written, approval of the change order and that three or four other employees also failed to obtain written

authorization yet were not disciplined. Bahar filed an internal EEO complaint alleging national origin discrimination based on this discipline.

On August 18, 2000, the City reclassified Bahar and five other employees from Engineer in Training to Senior Engineering Technician. Bahar was transferred to the Wastewater Collection Division. Bahar's transfer to Wastewater Collection eliminated engineering work from his job, Bahar's supervisors gave him few projects to work on, those projects were then taken away, and Bahar was finally assigned to making sewer maps, a task requiring none of Bahar's education, experience or qualifications and that was typically assigned to employees several levels below Bahar. He was given no office furniture and sat on a table for weeks. (Bahar depo. at 35, 38-40, 200-01.) By contrast, both Bahar and the Deputy Director of MSD testified that all native-born employees reclassified with Bahar remained in the divisions to which they had been assigned prior to reclassification (Bahar depo. at 15-16; Campbell depo. 38-39), and they continued performing engineering work. The only other foreign-born employee reclassified with Bahar, was transferred later. (Bahar depo. at 29-31; Campbell depo. at 39-40.)

**II.    STANDARD FOR SUMMARY JUDGMENT**

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the burden of showing that there exists no genuine issue of material fact, and the evidence, together with all inferences that permissibly can be drawn therefrom, must be read in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The nonmoving party "must set forth specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The task of the Court is not

"to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). A genuine issue for trial exists when there is sufficient "evidence on which the jury could reasonably find for the plaintiff." Id. at 252.

### III.   ANALYSIS

#### A.   National Origin Discrimination

To prove national origin discrimination by circumstantial evidence, Bahar must first establish a prima facie case of discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Bahar must show (1) that he belongs to a protected class; (2) that he was qualified for his job; (3) that, despite his qualifications, he suffered an adverse employment action; and (4) that the job was filled by a member of a non-protected group or treated differently from similarly situation employees outside the protected group. McDonnell Douglas, 411 U.S. at 802; Talley v. Bravo Pitino Restaurant, 61 F.3d 1241, 1246 (6th Cir. 1995). The City contends that Bahar cannot meet the third and fourth elements of the McDonnell Douglas framework.

Although Bahar did not suffer a reduction in pay or benefits, Hollins v. Atlantic Co., 188 F.652, 662 (6th Cir. 1999) made clear that "[a] materially adverse change might be indicated by . . . significantly diminished material responsibilities, or other indices that might be unique to a particular situation." Here, prior to transfer, Bahar oversaw and conducted numerous engineering projects. Post-transfer, Bahar performed no engineering work. The lack of any engineering work for which Bahar was trained and which Bahar had done prior to the transfer shows significant diminution of material responsibilities. Bahar has established a genuine issue of material fact on the issue of adverse employment action.

To show disparate treatment, Bahar must show that he was treated differently than these similarly situated individuals because of his national origin. Talley, 61 F.3d at 1246. All native-born employees reclassified with Mr. Bahar remained in the division they had been in prior to reclassification. Only foreign-born reclassified employees were transferred to different divisions. After reclassification, the native-born employees continued to perform engineering work. Bahar was transferred to a division where he performed no engineering work. Bahar has therefore raised a genuine issue of material fact as to the fourth element of the prima facie case.

Bahar having established a prima facie case, the burden shifts to the City to articulate a legitimate, non-discriminatory reason for its transfer of Bahar to Wastewater Collection and the concomitant reduction in job responsibility. The City has done so, asserting that of the six Engineers in Training who failed to obtain their professional engineering license within the ten years required by Ohio law, Bahar was in violation of the requirement for the longest period of time and therefore was laterally transferred to a division "where there was critical need." (Doc. # 19 at 10.)

Bahar can refute the City's articulated reason for his termination "by showing that the proffered reason (1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct." Wexler v. White's Fine Furniture, 317 F.3d 564, 576 (6th Cir. 2003) (internal quotations omitted). In order to show that the City's articulated reason did not actually motivate his transfer, Bahar must "introduce additional evidence of [national origin] discrimination." Manzer v. Diamond Shamrock Chems. Co., 29 F.3d 1078, 1084 (6th Cir. 1994). Bahar has done so by bringing forth evidence that he was treated differently than native-born employees when he received a written reprimand from MSD regarding the change order. The evidence shows that there were three or four other employees who also had

failed to obtain written authorization for change orders yet were not disciplined and that MSD singled out Bahar for punishment. (Huang depo. at 43; Donepudi depo. at 37.)  The City contends that Bahar had to be reclassified and thus his job responsibilities changed because he did not obtain his professional engineer's license within the requisite amount of time (doc. #22 at 1), but the City promoted a native-born engineering employee who tried several times to pass his licensing exam, continually failed, and never, in fact, obtained his license. (Donepudi depo. at 33-34). Additionally, Bahar's reclassification may have entailed different job responsibilities, but that change does not equate to a diminution of job responsibilities.  When Bahar did obtain his license, he was not promoted until March of 2002, and then only pursuant to the order of the Civil Service Division. (Karney depo., exh. 7.)  From the evidence Bahar has produced, a reasonable jury could find that the City's stated reason for Bahar's transfer and resulting reduction in job responsibilities is pretextual.  Thus, Defendant's motion for summary judgment on Bahar's claim of national origin discrimination must be **DENIED**.

    B.    Retaliation

To establish a prima facie case of unlawful retaliation, Bahar must show (1) that he engaged in activity that Title VII protects; (2) that the City knew that he engaged in this protected activity; (3) that the City subsequently took an employment action adverse to him; and (4) that a causal connection exists between the protected activity and the adverse employment action.  Abbott v. Crown Motor Co., Inc., 348 F.3d 537, 542 (6th Cir. 2003).  The City contends that Bahar cannot show  the third and fourth requirements of a prima facie case of unlawful retaliation.  As discussed supra, Bahar has raised a genuine issue of material fact on the issue of adverse employment action. Bahar also raises a genuine issue of material fact on the causal connection requirement.  His transfer

and concomitant reduction in job responsibility came just one month after his first EEO complaint, which he made shortly after he received a written reprimand. "Although temporal proximity alone will not support an inference in the face of compelling evidence to the contrary, the proximity in time between protected activity and adverse employment action may give rise to an inference of a causal connection." Ford v. Gen. Motors Corp., 305 F.3d 545, 554-55 (6th Cir. 2002) (internal citations omitted). The close temporal proximity between Bahar's first EEO complaint and his transfer supports an inference of causal connection between Bahar's protected activity and the adverse employment action taken against him, and there is no compelling evidence to the contrary.

The legitimated, nondiscriminatory reason and evidence of pretext discussed supra apply here with equal force. The Court need not proceed with the McDonnell Douglas framework for Bahar's retaliation claims because the same analysis as above applies. Therefore, the City's motion for summary judgment on Bahar's retaliation claims must be **DENIED**.

### IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (doc. #19) is hereby **DENIED**.

IT IS SO ORDERED.

                                                ___s/Susan J. Dlott_____
                                                Susan J. Dlott
                                                United States District Judge