**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| ALI BAHAR, | : | Case No. C-1-01-798 |
| | : | Judge Dlott |
| Plaintiff, | : | |
| vs. | | |
| | | **DEFENDANT'S PROPOSED JURY** |
| CITY OF CINCINNATI | : | **INSTRUCTIONS** |
| | | |
| Defendant. | : | |

Now comes Defendant, City of Cincinnati, pursuant to the Court's order, submits the following requested Jury Instructions. Defendant reserves the right to amend, modify, and add to these instructions prior to submission to the jury.

                                      Respectfully submitted,

                                      **JULIA L. McNEIL (0043535)**
                                      City Solicitor

                                      */s/ Terrance A. Nestor*
                                      **AUGUSTINE GIGLIO** (0031911)
                                      **TERRANCE A. NESTOR** (0065840)
                                      Sr. Assistant City Solicitor
                                      Room 214 City Hall
                                      801 Plum Street
                                      Cincinnati, Ohio 45202
                                      Ph. (513) 352-3334
                                      Trial Attorney for the Defendant
                                      Terry.Nestor@Cincinnati-oh.gov

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1

### Nature of the Claim

It is unlawful for an employer to intentionally refuse to hire or to intentionally discharge any person or otherwise discriminate against any person with respect to compensations, tenure, conditions, or privileges of employment because of such person's national origin.

Plaintiff Ali Bahar claims that defendant City of Cincinnati intentionally discriminated against Plaintiff because of plaintiff's national origin. Defendant denies this charge.

It is your responsibility to decide whether plaintiff Ali Bahar has proven plaintiff's claim of intentional discrimination by defendant City of Cincinnati by a preponderance of the evidence.[1]

---

[1] O'Malley's *Federal Jury Practice and Instructions, Civil,* Fifth Edition, 2001, §171.01 [Cited as *O'Malley's*]

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2**

**Essential Elements of Plaintiff's Claim**

In order for plaintiff Ali Bahar to establish plaintiff's claim against defendant City of Cincinnati, plaintiff Ali Bahar has the burden of proving by a preponderance of the evidence that defendant's actions were motivated by the plaintiff's national origin. If any of the elements has not been proven by the preponderance of the evidence, your verdict must be for defendant.

Plaintiff Ali Bahar must prove that defendant City of Cincinnati intentionally discriminated against plaintiff, that is, plaintiff's national origin must be proven to have been a motivating factor in defendant's decision not to hire or promote plaintiff.

The mere fact that plaintiff Ali Bahar is a foreign born citizen and was not hired or promoted is not sufficient, in and of itself, to establish plaintiff's claim under the law.

In showing that plaintiff's national origin was a motivating factor, plaintiff Ali Bahar is not required to prove that plaintiff's national origin was the sole motivation or even the primary motivation for defendant's decision. Plaintiff Ali Bahar need only prove that national origin played a motivating part in defendant's decision even though other factors may also have motivated defendant City of Cincinnati.

Defendant City of Cincinnati claims that even if national origin was a motivating factor in defendant's decision, which defendant City of Cincinnati has expressly denied, defendant City of Cincinnati would have taken the same action concerning plaintiff Ali Bahar in the absence of the unlawful motive.[2]

---

[2] O'Malley's *Federal Jury Practice and Instructions, Civil,* Fifth Edition, 2001, §171.20 [Cited as *O'Malley's*]. Modern Federal Jury Instruction, Civil, 1993, §5.91 [cited as Matthew Bender Civil Pattern Instructions]

## **DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3**

### **Motivating Factor**

The term "motivating factor" means a consideration that moved defendant City of Cincinnati toward defendant's decision.[3]

---

[3] O'Malley's *Federal Jury Practice and Instructions, Civil,* Fifth Edition, 2001, §171.42 [Cited as *O'Malley's*]

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4

### Retaliation

Plaintiff Ali Bahar claims that defendant City of Cincinnati discriminated against plaintiff because plaintiff opposed a practice made unlawful by Title VII of the Civil Rights Act of 1964. In order to prevail on this claim, Plaintiff must show all the following:

    First:  Plaintiff Ali Bahar engaged in conduct protected by Title VII of the Civil Rights Act of 1964;

    Second:  Plaintiff Ali Bahar was subjected to an adverse employment action at the time, or after, the protected conduct took place; and

    Third:  Defendant City of Cincinnati took an adverse employment action against plaintiff Ali Bahar because of the plaintiff's protected conduct.[4]

---

[4] O'Malley's *Federal Jury Practice and Instructions, Civil,* Fifth Edition, 2001, §171.25 [Cited as *O'Malley's*]

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5

### Tangible Employment Action

A "tangible employment action" is a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.[5]

---

[5] O'Malley's *Federal Jury Practice and Instructions, Civil,* Fifth Edition, 2001, §171.43 [Cited as *O'Malley's*]

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6**

**Business Judgment**

Even if an employer is mistaken and its business judgment is wrong, an employer is entitled to make its own policy and business judgment. An employer may make those employment decisions as it sees fit, as long as it is not unlawful.

In determining whether defendant's stated reason for its actions was a pretext for discrimination, you may not question defendant's business judgment. Pretext is not established just because you disagree with the business judgment of defendant City of Cincinnati, unless you find that defendant's reason was a pretext for discrimination.[6]

---

[6] O'Malley's *Federal Jury Practice and Instructions, Civil*, Fifth Edition, 2001, §171.75 [Cited as *O'Malley's*]

## **DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7**

### **Same Decision**

If you determine plaintiff Ali Bahar proved that plaintiff's national origin was a factor motivating or playing a part in defendant's decision not to employ or not to promote plaintiff Ali Bahar, then you must find for plaintiff unless you determine defendant City of Cincinnati showed that it would have reached the same decision regardless of plaintiff's national origin.[7]

---

[7] O'Malley's *Federal Jury Practice and Instructions, Civil,* Fifth Edition, 2001, §171.76 [Cited as *O'Malley's*]

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8**

**Legitimate Nondiscriminatory Reasons for Employment Decision**

You must also consider any legitimate, nondiscriminatory reason or explanation stated by defendant City of Cincinnati for its decision. If you determine that defendant City of Cincinnati has stated such a reason, then you must decide in favor of defendant City of Cincinnati unless plaintiff Ali Bahar proves by a preponderance of the evidence that the stated reason was not the true reason but was only a pretext or excuse for defendant's discriminating against plaintiff City of Cincinnati because of plaintiff's national origin.[8]

---

[8] O'Malley's *Federal Jury Practice and Instructions, Civil,* Fifth Edition, 2001, §171.77 [Cited as *O'Malley's*]

## **DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9**

### **Compensatory Damages**

If you find defendant City of Cincinnati discriminated against plaintiff Ali Bahar based on plaintiff's national origin, then you must determine an amount that is fair compensation for plaintiff's damages. You may award compensatory damages only for injuries that plaintiff Ali Bahar proves were caused by defendant's allegedly wrongful conduct.

The damages that you award must be fair compensation—no more and no less.

You may award damages for any pain, suffering or mental anguish that plaintiff Ali Bahar experienced as a consequence of defendant's alleged discrimination. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that plaintiff Ali Bahar prove the amount of plaintiff's losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.[9]

---

[9] O'Malley's *Federal Jury Practice and Instructions, Civil,* Fifth Edition, 2001, §171.90 [Cited as *O'Malley's*]

## **DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10**

### Back Pay

If you determine defendant City of Cincinnati discriminated against plaintiff Ali Bahar in failing to hire or promote plaintiff, then you must determine the amount of damages that defendant's actions have caused plaintiff.

You may award as actual damages an amount that reasonably compensates plaintiff Ali Bahar for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that plaintiff Ali Bahar would have received had plaintiff not been discriminated against.

You must reduce any award by the amount of the expenses that plaintiff Ali Bahar would have incurred in making those earnings.[10]

---

[10] O'Malley's *Federal Jury Practice and Instructions, Civil,* Fifth Edition, 2001, §171.91 [Cited as *O'Malley's*]

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11

### Front Pay

You must also calculate separately, as future damages, a monetary amount equal to the present value of the wages and benefits that plaintiff Ali Bahar would have earned had plaintiff been hired or promoted for the period from the date of your verdict until the date when plaintiff Ali Bahar would have voluntarily resigned or obtained other employment.

You must also reduce any award to its present value by considering the interest that plaintiff Ali Bahar could earn on the amount of the award if plaintiff had made a relatively risk-free investment. The reason you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to plaintiff Ali Bahar if plaintiff receives it today than if plaintiff received it in the future, when plaintiff would otherwise have earned it. It is more valuable because plaintiff can earn interest on it for a period of time between the date of the award and the date plaintiff would have earned the money. Thus you should adjust the amount of any award for future loss of earnings by the amount of interest that plaintiff Ali Bahar can earn on that amount in the future.[11]

---

[11] O'Malley's *Federal Jury Practice and Instructions, Civil,* Fifth Edition, 2001, §171.92 [Cited as *O'Malley's*]

## **DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12**

### **Mitigation of Damages**

Plaintiff Ali Bahar must make every reasonable effort to minimize or reduce plaintiff's damages for loss of compensation by seeking employment. This referred to as "mitigation of damages." Defendant City of Cincinnati must prove by a preponderance of the evidence that plaintiff failed to mitigate plaintiff's damages for loss of compensation.

If you determine plaintiff Ali Bahar is entitled to lost compensation, you must reduce the loss by

1. what plaintiff Ali Bahar earned and

2. what plaintiff Ali Bahar could have earned by reasonable effort during the period from plaintiff's discharge until the date of trial.

Plaintiff Ali Bahar must accept employment that is "of a like nature." In determining whether employment is "of a like nature," you may consider

1. the type of work,

2. the hours worked,

3. the compensation,

4. the job security,

5. the working conditions, and

6. other conditions of employment.

You must decide whether plaintiff Ali Bahar acted reasonably in not seeking or accepting a particular job. If you determine plaintiff did not make reasonable efforts to obtain another similar job, you must decide whether any damages resulted from plaintiff's failure to do so.

You must not compensate plaintiff Ali Bahar for any portion of plaintiff's loss of compensation resulting from plaintiff's failure to make reasonable efforts to reduce plaintiff's loss of compensation.[12]

---

[12] O'Malley's *Federal Jury Practice and Instructions, Civil,* Fifth Edition, 2001, §171.95 [Cited as *O'Malley's*]

## **DEFENDANT'S PROPOSED JURY INTERROGATORY No. 1**

Do you find from a preponderance of the evidence:

1.   That plaintiff Ali Bahar was discriminated against due to his national origin by defendant City of Cincinnati?

   Answer Yes or No _____

2.   That plaintiff's national origin was a motivating factor that prompted defendant City of Cincinnati to take that action?

   Answer Yes or No _____

   Note:   If you answered "No" to either Question No. 1 or Question No. 2 you need not answer the remaining questions

5.   That plaintiff Ali Bahar should be awarded damages to compensate for emotional pain and mental anguish?

   Answer Yes or No _____

   If your answer is "Yes," in what amount?  $_____

**CERTIFICATE OF SERVICE**

I hereby certify on February10, 2004 a true and accurate copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

   */s/ Terrance A. Nestor*
**TERRANCE A. NESTOR (0065840)**
**AUGUSTINE GIGLIO**  (0031911)
Sr. Assistant City Solicitor