UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **ALI BAHAR** | : | Case No. C-1-01-798 |
| | : | J. Bertelsman |
| **Plaintiff,** | : | |
| | : | |
| vs. | : | |
| | : | **JOINT PRETRIAL** |
| | | **MEMORANDUM** |
| **CITY OF CINCINNATI** | : | |
| | : | |
| **Defendant.** | : | |

Pursuant to the final pretrial conference order dated October 13, 2004, the following pretrial memorandum is submitted to the Court.

### Jurisdiction of the Court.

The jurisdiction of the Court is invoked under Title 28, United States Code §§ 1331 and 1367.

### Kind of Action.

This is an action for alleged unlawful discrimination based upon national origin pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000 et seq. and Ohio Revised Code § 4112; retaliation under Tile VII and O.R.C. § 4112; violation of Ohio Public Policy; and promissory estoppel.

### Statement of Facts.

Plaintiff claims that Defendant discriminated against him and treated him less favorably than similarly situated American-born employees. Plaintiff claims that Defendant engaged in discriminatory behavior due to his national origin during his employment with the City of Cincinnati. Plaintiff further claims that Defendant retaliated against him for filing charges of discrimination with the EEOC. Plaintiff claims that

Defendant violated clear public policies when it subjected him to national origin discrimination and retaliated against him for engaging in protected activities. Plaintiff claims that Defendant lacked an overriding legitimate business justification for its actions. Plaintiff claims that Defendant failed to promote and compensate him as promised and that Plaintiff relied on those promises to his detriment.

Defendant claims that there was no unlawful discrimination under either Federal or State law or any violation of Public Policy and/or claim under promissory estoppel.

The parties **stipulate** to the following facts:

a. Plaintiff was at all times relevant to this action an employee of the City of Cincinnati, more specifically in MSD.

b. Plaintiff was hired in 1988 as an Engineer in Training (EIT). Plaintiff is currently employed as a Senior Engineer.

c. Plaintiff and other EIT's were reclassified as Certified Engineer Technicians (CET-4) in 2000. The reclassification was for allegedly failing to obtain a Professional Engineer's license within ten years. There was no loss of pay as a result of the reclassification. At the time, Plaintiff was in the position as EIT for the longest period. Plaintiff was subsequently transferred to Wastewater Collections, one of six divisions within MSD. Plaintiff alleges that this assignment was based upon his national origin. Defendant denies this allegation.

d. While employed at MSD, Plaintiff submitted an application for employment as Facility Manager in another City Department. Plaintiff was not selected for the position. The Defendant selected an employee of that department who had served as "Acting Manager." Plaintiff alleges that his non-selection was based upon his national

origin and in retaliation for raising an allegation of discrimination. Defendant denies this allegation.

  e. Plaintiff received a written reprimand in July of 2000 for allegedly not following proper procedures in authorizing additional funds for a Capital Improvement Project. No loss of pay resulted from this reprimand. Plaintiff alleges this action was based upon his national origin and that similarly situated native-born employees were not reprimanded. The Defendant denies this allegation.

  f. Plaintiff alleges that he relied to his detriment on promises made by his supervisors that he would receive a title of "Project Manager" with corresponding pay. This allegation is denied by the Defendant.

  The parties **dispute** the following facts and claim that the contested issues of fact remaining for decision are:

  a. Whether Plaintiff's reprimand for allegedly violating city procedure and the City's Municipal Code was based upon his national origin.

  b. Whether Plaintiff was rejected for the position of Facility Manager based upon his national origin and/or in retaliation for engaging in protected activity.

  c. Whether the selection of a native-born employee to fill the position fo Supervisor of Manholes was based upon Plaintiff's national origin and/or in retaliation for engaging in protected activity.

  d. Whether Plaintiff relied to his detriment when accepting a position with MSD on a promise to be "Project Manager" with corresponding pay.

  e. Assuming a promise was made, whether the individual(s) making such promise had the authority to do so and bind the Defendant.

**Issues of Law (substantive).**

There are no special issues of law other than those implicit in the foregoing issues of fact and those contained in the jury instructions.

**Issues of Law (Procedural).**

There are no anticipated special issues regarding procedure.

**Issues of Law (Evidentiary).**

Defendant has previously submitted a Motion In Limine (Doc. 26). The Court previously denied the motion without prejudice (Doc 31) for the reason that under trial procedures, such a motion should be filed ten business days before commencement of trial.

In addition to the Federal Rules of Evidence cited in Defendant's Memorandum in Support of its motion in limine, Fed. R. Evid. 404(b) and 402 would also apply.

Defendant's belief is that the Plaintiff intends to introduce evidence by way of testimony or documents of unproven claims that Defendant has discriminated against other foreign born employees of MSD. Their respective allegations are distinct in nature from those made by the Plaintiff and can only serve to prejudice the minds of the jury on the issues at hand in this particular action.

Defendant respectively requests that testimony or other evidence of unproven allegations of discrimination be prohibited at trial. Plaintiff will oppose.

**Instructions and Special Verdict.**

Submission of instructions and special verdict forms have been previously exchanged and filed with the Court.

Respectfully submitted,

/s Kelly Mulloy Myers
Kelly Mulloy Myers (0065698)
Randolph H. Freking (0009158)
Trial Attorneys for Plaintiff
Freking & Betz
215 E. Fifth Street, Fifth Floor
Cincinnati, OH  45202
(513) 721-1975
fax: 651-2570


/s Augustine Giglio
Augustine Giglio (0031911)
Terry Nestor (0065840)
Trial Attorneys for Defendant
Assistant City Solicitors
City Hall, Room 214
Cincinnati, OH  45202
(513) 352-3334
fax: 352-1515