IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **ALI BAHAR,** | : | CASE NO. C-1-01-798 |
| Plaintiff, | : | Judge Bertelsman |
| v. | : | |
| **CITY OF CINCINNATI** | : | MOTION IN LIMINE TO EXCLUDE PROPOSED |
| Defendant | : | WITNESS TESTIMONY |

Now comes the Defendant City of Cincinnati (hereafter, "City"), pursuant to Rule(s) 401, 403, 602, and 701 of the Federal Rules of Evidence, and hereby requests this Court issue an Order in Limine precluding the Plaintiff from using the testimony of certain fact witnesses regarding whether the City took adverse employment action against the Plaintiff relating to Plaintiff's national origin and in retaliation. A memorandum in support is attached.

Respectfully Submitted,

JULIA L. McNEIL (0043535)
City Solicitor

/s/ Augustine Giglio
AUGUSTINE GIGLIO (0031911)
TERRANCE A. NESTOR (0065840)
Sr. Assistant City Solicitor
Room 214 City Hall
801 Plum Street
Cincinnati, Ohio 45202
Ph. (513) 352-3334
Fax: (513) 352-1515
Email: gus.giglio@cincinnati-oh.gov
Trial Attorney for the Defendant

1

## **MEMORANDUM**

A motion in limine is designed to "avoid the injection into trial of a potentially prejudicial matter which is not relevant and is inadmissible." *Rinehart v. Toledo Blade Co.*, 21 Ohio App. 3d 274, 278,487 N.E.2d 920 (3rd Dist.1985).  In this case Plaintiff took the deposition testimony of several co-workers, Rao Donepudi, Tony Huang, and Sam George, in an effort to show that the City had adverse employment action against him because of his national origin and that the City retaliated against him for filing an EEO claim. The testimony of these co-workers is irrelevant and prejudicial, as they have no first-hand knowledge of the occurrences involving Plaintiff. Moreover, they assert their own biased opinions of alleged discrimination beneficial to their own claims and cases pending in other courtrooms.

Rule 403 of the Federal Rules of Evidence allows relevant evidence to be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Also, "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.  In addition, Rule 701 states that "[i]f the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue...."  Fed. R. Evid. 701.  The Advisory Committee Notes to Rule 701 clarify that "Limitation (a) is the familiar requirement of firsthand knowledge or observation."

Plaintiff attempts to submit comments by his co-employees regarding their own personal national origin discrimination allegations. These unsupported comments and lay opinions are highly prejudicial to the Defendant and are not relevant admissible testimony pursuant to Rules 401, 403, 602, and 701.  Moreover, they are not probative of the allegedly discriminatory acts directed against Plaintiff.   It is not apparent that any alleged act of discrimination against these witnesses is even remotely connected to the Plaintiff in either time or similarity.  Each has either a lawsuit pending or has made allegations in the past of discrimination by the department. To allow their testimony of subjective perception of discrimination, and not of any act involving Mr. Bahar, is to allow Plaintiff the benefit of biased and repetitious evidence unrelated to his claims.  The witnesses cannot demonstrate any first-hand knowledge of Plaintiff's situation and their anticipated testimony lacks relevance and materiality with regard to his claims.  Their testimony is an attempt to prove a pattern by subjective repetitive opinion testimony contrary to the rules of evidence.

Wherefore, the City respectfully requests that the Court grant an Order in Limine precluding the testimony of Rao Donepudi, Tony Huang, and Sam George pursuant to Rules 401, 403, 602, and 701.  This Defendant specifically objects to the testimony regarding subjective perception of discrimination, opinion testimony, and testimony regarding discrimination unrelated to the Plaintiff in this case.

Respectfully Submitted,

JULIA L. McNEIL (0043535)
City Solicitor


/s/ AUGUSTINE GIGLIO (0031911)
AUGUSTINE GIGLIO (0031911)
TERRANCE A. NESTOR (0065840)
Sr. Assistant City Solicitor
Room 214 City Hall
801 Plum Street
Cincinnati, Ohio 45202
Ph. (513) 352-3334
Fax: (513) 352-1515
Email: gus.giglio@cincinnati-oh.gov
Trial Attorney for the Defendant


## CERTIFICATE OF SERVICE

I hereby certify on December 10, 2004 a true and accurate copy of the foregoing Motion in Limine was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.


\s\ AUGUSTINE GIGLIO
AUGUSTINE GIGLIO (0031911)
Sr. Assistant City Solicitor


s:\giglio/revised \bahar\limine