UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ALI BAHAR | : | Case No. C-1-01-798 |
| | : | J. Watson |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | **PLAINTIFF'S MEMORANDUM IN** |
| CITY OF CINCINNATI | : | **OPPOSITION TO DEFENDANT'S** |
| | : | **MOTION IN LIMINE TO EXCLUDE** |
| Defendant. | : | **PROPOSED WITNESS TESTIMONY** |

**I.   INTRODUCTION**

Plaintiff's complaint is an action for alleged unlawful discrimination based upon national origin pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000 et seq. and Ohio Revised Code § 4112; retaliation under Tile VII and O.R.C. § 4112; violation of Ohio Public Policy; and promissory estoppel.

Plaintiff claims that Defendant discriminated against him and treated him less favorably than similarly situated American-born employees. Plaintiff claims that Defendant engaged in discriminatory behavior due to his national origin during his employment with the City of Cincinnati. Plaintiff further claims that Defendant retaliated against him for filing charges of discrimination with the EEOC. Plaintiff claims that Defendant violated clear public policies when it subjected him to national origin discrimination and retaliated against him for engaging in protected activities. Plaintiff claims that Defendant lacked an overriding legitimate business justification for its actions. Plaintiff claims that Defendant failed to promote and compensate him

as promised and that Plaintiff relied on those promises to his detriment.

Defendant initially filed its Motion in Limine to Exclude Proposed Witness Testimony on February 3, 2004. The Defendant sought to exclude the testimony of Rao Donepudi, Tony Huang, and Sam George. The Defendant argued that "The testimony of these co-workers is irrelevant and prejudicial, as they have no first hand knowledge of the occurrences involving plaintiff and assert their own biased opinions of alleged discrimination beneficial to their own cases pending in other Courtrooms." Def.'s Motion in Limine at p. 1.

Judge Susan J. Dlott denied the motion without prejudice for resubmission at the appropriate time on May 21, 2004. Judge Dlott noted that orders in limine which exclude broad categories of evidence are disfavored in this Circuit, citing *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Defendant resubmitted its Motion in Limine on December 10, 2004.

## II. THE EVIDENCE DEFENDANT SEEKS TO EXCLUDE IS ADMISSIBLE PURSUANT TO THE FEDERAL RULES OF EVIDENCE

As noted above, the Defendant seeks to exclude to testimony of three witnesses, Rao Donepudi, Tony Huang, and Sam George, pursuant to Rules 401, 403, 602, and 701 of the Federal Rules of Evidence. The Defendant argues that Plaintiff is attempting to submit comments by his co-employees regarding their own personal national origin discrimination allegations and those opinions are highly prejudicial to the Defendant and not relevant admissible testimony pursuant to Rules 401, 403, 602, and 701. The Defendant further argues that the witnesses cannot demonstrate any first-hand knowledge of Plaintiff's situation and their anticipated testimony lacks relevance and materiality with regard to his claims.

### A. EACH OF THE THREE WITNESS DEFENDANT SEEKS TO EXCLUDE HAS DIRECT KNOWLEDGE OF PLAINTIFF'S QUALIFICATIONS AND PERFORMANCE AND SUCH TESTIMONY MAY NOT BE EXCLUDED

To the extent that Donepudi, Huang, and George have each supervised Plaintiff and have direct knowledge of his qualifications and performance, their testimony clearly may not be excluded in its entirety. Their testimony regarding their direct knowledge of Plaintiff's performance is relevant pursuant to Rule 401 and may not be excluded.

#### 1. RAO DONEPUDI

Donepudi was Plaintiff's immediate supervisor for approximately one year when Plaintiff was assigned to the Waste Water Engineering Division as a Project Manager. (Donepudi depo. at pp. 20-21). As a former supervisor, Donepudi has direct knowledge of Plaintiff's performance. (Donepudi depo. at pp. 22-23). Donepudi also has direct knowledge of the circumstances surrounding Plaintiff's transfer to the Waste Water Collection Division. (Donepudi depo. at pp. 27, 29). Donepudi is also a foreign born employee. (Donepudi depo. at pp. 8). He has knowledge regarding his own career with the Defendant and how his career has progressed as compared to American born, Caucasian individuals. (Donepudi depo. at pp. 9).

#### 2. TONY HUANG

Huang has also been a direct supervisor of Plaintiff. (Huang depo at pp. 19). Huang also directly participated in the investigation of an alleged policy infraction on the part of the Plaintiff and has knowledge of the results of his inquiry and the disciplinary action he was instructed to impart on Plaintiff over his objection. (Huang depo at pp. 51-55, 59). Huang is also foreign born and has direct knowledge of his career progression with the Defendant. (Huang depo at pp. 7, 22-

24).

### 3. SAM GEORGE

George is Plaintiff's direct supervisor. (George depo at pp. 17). George has knowledge of Plaintiff's performance and the circumstances under which Plaintiff was transferred to the Storm Water Management Division. (George depo at pp. 36, 38-39). George is also foreign born and has direct knowledge of his career path with the Defendant. (George depo at pp. 6, 39).

**B.  THE WITNESSES' TESTIMONY REGARDING THEIR INDIVIDUAL EXPERIENCE AND CAREER PROGRESSION WITH THE DEFENDANT IS ADMISSIBLE AND RELEVANT BECAUSE IT TENDS TO SHOW DEFENDANT HAD A PATTERN OF SIDE-TRACKING THE CAREERS OF FOREIGN BORN, NON-CAUCASIAN EMPLOYEES**

The proffered testimony of the three witnesses is relevant to the issue of race and national origin discrimination because it tends to show that Defendant held a bias against foreign born, non-caucasian employees. This type of testimony is commonly characterized as "me-too" evidence and such witnesses are commonly allowed in employment discrimination cases. See, *McCabe v. Champion Int'l. Corp.*, 1990 U.S. App. Lexis 18542, (6th Cir. 1990), *Reed v. Country Miss, Inc.*, 1995 U.S. App. Lexis 14627, (6th Cir. 1995).

In *McCabe*, an age discrimination case, the trial court allowed the testimony of a witness who testified that after he was terminated from the defendant in the restructuring that had affected the plaintiff, his position was filled by a younger employee. *McCabe* at *26. The defendant asserted that the probative value of the testimony was substantially outweighed by the prejudice of the testimony because of the tendency of such testimony to confuse the jury by focusing its attention on an unrelated charge. Id. The Sixth Circuit

determined that because the testimony of the witness was probative on the issue of whether or not the defendant's employment practices which were implemented during the restructuring had an adverse impact on those over forty, the district court had not abused its discretion in allowing the testimony. Id. at *26-27.

In *Reed*, the defendant argued that the district court erred by allowing two of defendant's former employees to testify over objection about perceived incidents of age discrimination. *Reed* at *9-10. The defendant argued that the evidence was irrelevant and any arguable relevance of the testimony was substantially outweighed by its potential to create unfair prejudice. Id at *10. One witness had testified that when she was sixty years old, despite having received consistently favorable evaluations, defendant demoted her and replaced her with a younger and less experienced worker. Id. A second witness testified she had received hints that she should retire and a supervisor had once told her that the longer she worked, the less money she would make. Id at *10-11.

The *Reed* court concluded that the testimony was relevant to the issue of the defendant's discriminatory intent. Id. at *11 The court found that by establishing a factual continuity in defendant's conduct, the testimony permitted an inference to drawn that the defendant had engaged in a pattern and practice of age discrimination. Id. at *11. The court determined that the evidence was therefore relevant and its probative value was not outweighed by its potential to cause unfair prejudice because the testimony was not inflammatory and did not suggest an improper basis upon which the jury might base its decision. Id.

The *Reed* court distinguished its decision from its previous decision in *Schrand v.*

*Federal Pacific Electric Co.,* 851 F.2d 152 (6th Cir. 1988) (wherein the Court determined the district court had erred in admitting the testimony from two "me-too" witnesses) by noting that two factors were central to its reasoning is *Schrand*. Id. at *11-12. First, neither of the *Schrand* witnesses worked in the same region or corporate division as the plaintiff. Id. Second the person who terminated the Plaintiff in *Shcrand* had nothing to do with the firings of the "me-too" witnesses. Id. The *Reed* court noted the testimony of the witnesses was closely related to plaintiff's discrimination allegations and the testimony related to events occurring in the same place as the events alleged by Plaintiff Reed. Id. at *12. The *Reed* court found that those factors made the testimony more probative of material facts than the proffered in Schrand and minimized the risk that the testimony resulted in unfair prejudice to the defendant. Id.

The expected testimony of Donepudi, Huang, and George is similar to the "me-too" testimony in *McCabe* and *Reed*. The three witnesses' careers have been stalled or fallen backwards in the same district of the City of Cincinnati (MSD) as Plaintiff's. Additionally, the same administration within MSD has been responsible for the progression of Donepudi, Huang, and George's career as Plaintiff's. Therefore, the witnesses' testimony is relevant and is not unfairly prejudicial to the Defendant. Defendant's Motion in Limine must therefore be denied.

    **C.**     **MOTIONS IN LIMINE ARE DISFAVORED IN THE SIXTH CIRCUIT WHICH PREFERS SUCH DECISIONS BE MADE IN THE CONTEXT OF TRIAL**

Defendant requests this Court to review evidence outside the context of trial and before hearing any of the testimony. Defendant's motion is therefore premature and should

not be ruled upon until the specific testimony is proffered at trial. Only then can this Court make a fully informed and reasoned decision regarding each particular item of testimony.

Motions in limine which seek to exclude evidence from trial are generally disfavored in the Sixth Circuit and "should rarely be employed." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). <u>See Also</u>, *Hunter v. Huey Blair*, 1987 U.S. Dist. Lexis 13607 (U.S.D.C. OH, 1987). The *Sperberg* Court noted that "the better practice is to deal with questions of admissibility of evidence as they arise." Id. at 712. In *Hunter*, Judge Herman J. Weber noted "This Court believes that such evidentiary issues and admissibility questions are better resolved as they arise at trail. Only after the evidence is actually offered can this Court balance any prejudicial effect or probative value in determining the admissibility of that evidence." Id. at *2. The *Sperberg* and *Hunter* analyses are directly on-point to the issue at bar and mandate that the Defendant's motion be denied.

## III.   CONCLUSION

For the foregoing reasons, this Court must deny Defendant's Motion in Limine to excluded the testimony of Rao Donepudi, Tony Huang, and Sam George.

Respectfully submitted,

/s/ Kelly Mulloy Myers
Kelly Mulloy Myers (0065698)
Randolph H. Freking (0009158)
Trial Attorneys for Plaintiff
FREKING & BETZ
215 East Ninth Street, Fifth Floor
Cincinnati, OH  45202
(513) 721-1975\FAX:  (513) 651-2570
kmyers@frekingandbetz.com

*randy@frekingandbetz.com*

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 24, 2004, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. mail, e-mail and/or facsimile to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's System.

                                               /s/ Kelly Mulloy Myers