IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ali Bahar,

    Plaintiff,

v.

City of Cincinnati,

    Defendant.

Case No. 1:01cv798

District Judge Michael H. Watson

## ORDER DENYING THE DECEMBER 10, 2004 MOTION OF DEFENDANT *IN LIMINE* TO EXCLUDE PROPOSED WITNESS TESTIMONY

Before the Court is the December 10, 2004 Motion of Defendant City of Cincinnati (hereinafter "Defendant") *in Limine* to Exclude Proposed Witness Testimony (Doc. 44). Plaintiff Ali Bahar (hereinafter "Plaintiff") filed a Memorandum in Opposition on December 24, 2004 (Doc. 47). Defendant filed a Reply Memorandum on December 30, 2004 (Doc. 50).

Defendant seeks, pursuant to Fed. R. Evid. 401, 403, 602 and 701, an order *in limine* from the Court precluding Plaintiff from using the testimony of co-workers, Rao Donepudi, Ton Huang and Sam George (hereinafter collectively "co-workers"), regarding whether Defendant took adverse employment action against Plaintiff relating to Plaintiff's national origin and in retaliation. Defendant contends the co-workers' testimony is irrelevant and prejudicial as they have no first-hand knowledge of the occurrences involving Plaintiff. Moreover, the co-workers assert their own biased opinions of alleged acts of discrimination beneficial to their own claims and cases pending against Defendant in other actions. Defendant argues it is not apparent that

any alleged act of discrimination against the co-workers is even remotely connected to Plaintiff in either time or similarity. As such, Defendant maintains permitting their testimony of subjective perception of discrimination, and not of any act involving Plaintiff, allows Plaintiff the benefit of biased and repetitious evidence unrelated to his claim.

In response, Plaintiff asserts the co-workers have each supervised Plaintiff and have direct knowledge of his qualifications and performance. Thus, their testimony may not be excluded in its entirety. Moreover, the co-workers are all foreign born employees and have knowledge regarding their respective career with Defendant and how it has progressed compared to American born, Caucasian individuals. Thus, the proffered testimony of the co-workers is relevant to the issue of race and national origin discrimination because it tends to show Defendant held a bias against foreign born, non-Caucasian employees. Plaintiff maintains, this type of testimony, commonly referred to as "me-too" evidence is commonly allowed in employment discrimination cases.

Orders *in limine* which exclude broad categories of evidence are disfavored in this Circuit. The better practice is to deal with questions of admissibility of evidence as they arise. *Sperberg v. Goodyear Tire & Rubber Co.,* 519 F.2d 708, 712 (6rh Cir. 1975). As such, the Court will not exclude the testimony of Messrs. Donepudi, Huang and George at this time and, instead, will reserve ruling on the relevance of specific aspects of the co-workers' individual testimony until trial. However, Plaintiff shall not

attempt to elicit any testimony which is not absolutely necessary to establish his burden in this matter. Defendant is free to object to testimony as it deems prudent.

**IT IS SO ORDERED.**

_____
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT