**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ALI BAHAR | : | Case No. C-1-01-798 |
| | : | J. Dlott |
| Plaintiff, | : | |
| | : | |
| vs. | : | **PLAINTIFF'S PROPOSED JURY** |
| | : | **INSTRUCTIONS** |
| CITY OF CINCINNATI | : | |
| | : | |
| Defendant. | : | |

Attached are Plaintiff Ali Bahar's Proposed Jury Instructions, General Verdict and Special Verdict forms. Pursuant to Fed. R. Civ. P. 51, Plaintiff requests that these instructions be given to the jury in the order proposed. Plaintiff reserves the right to modify, delete, or supplement these proposed instructions at the close of trial, or to withdraw any of these instructions in whole or in part at the close of all the evidence.

Some of the instructions have more than one paragraph. If the Court, on proper motion by Defendant, should find one sentence or paragraph in an instruction objectionable, then Plaintiff asks the Court to give the remaining parts of the instruction, or to give Plaintiff the opportunity to revise the instruction.

Respectfully submitted,

/s/ Kelly Mulloy Myers
Randolph H. Freking (0009158)
Kelly Mulloy Myers (0065698)
Trial Attorneys for Plaintiff
FREKING & BETZ
215 East Ninth Street, Fifth Floor
Cincinnati, OH 45202
(513) 721-1975
*randy@frekingandbetz.com*
*kmyers@frekingandbetz.com*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2005, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. mail to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's System.

/s/ Kelly Mulloy Myers

## INDEX TO PROPOSED JURY INSTRUCTIONS

Page

SUMMARY OF PLAINTIFF'S CLAIMS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

EMPLOYER LIABILITY FOR EMPLOYEE ACTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

PROHIBITED CONDUCT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

NATIONAL ORIGIN DISCRIMINATION - ELEMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ADVERSE EMPLOYMENT ACTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

NATIONAL ORIGIN DISCRIMINATION - PRETEXT . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

PROOF OF PRETEXT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

PROHIBITED CONDUCT - RETALIATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CLAIMS OF PLAINTIFF - TIMING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

OHIO PUBLIC POLICY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

DISCRIMINATION DAMAGES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

DISCRIMINATION DAMAGES- BACK PAY AND MITIGATION . . . . . . . . . . . . . . . . . . 14

FRONT PAY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

PRESENT VALUE OF FRONT PAY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

DISCRIMINATION DAMAGES - COMPENSATORY DAMAGES . . . . . . . . . . . . . . . . . . 17

SPECIAL VERDICTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

**Proposed Jury Instruction No. 1**

<u>SUMMARY OF PLAINTIFF'S CLAIMS</u>

This case involves three claims by Plaintiff Ali Bahar against The City of Cincinnati. The elements that Mr. Bahar must prove to establish these claims will be described in a moment. What follows is a brief introduction to these claims.

<u>National Origin Discrimination:</u>  Mr. Bahar alleges that The City of Cincinnati intentionally discriminated against him because of his national origin.  Mr. Bahar's claim of national origin discrimination arise under Title VII of the Civil Rights Act of 1964 as amended and chapter 4112 of the Ohio Revised Code, laws that prohibit an employer from discriminating against an employee with respect to discipline, promotion and other terms or conditions of employment because of such person's national origin.

<u>Retaliation:</u>  Mr. Bahar alleges that The City of Cincinnati intentionally retaliated against him for making complaints of discrimination to Defendant's internal EEO office and filing a charges of discrimination with the Equal Employment Opportunity Commission.  Mr. Bahar's claim of retaliation arises under Title VII of the Civil Rights Act of 1964 as amended and chapter 4112 of the Ohio Revised Code, laws that prohibit an employer from retaliating against an employee for engaging in an activity protected under the law.

<u>Public Policy:</u> Mr. Bahar alleges that Defendant's conduct towards him was in violation of clear public policies of the State of Ohio.  An employer cannot terminate an employee for a reason that violates the articulated public policies of the State.

Mr. Bahar claims that The City of Cincinnati discriminated against him based on his national origin and retaliated against him after he filed a complaint with The City of Cincinnati when it disciplined him,  transferred  him into a lower level position, failed to promote him and treated him differently than American born employees.  The City of Cincinnati denies that it

1

discriminated against Mr. Bahar on the basis of his national origin or that it retaliated against him after he filed a complaint with The City of Cincinnati.  To the contrary, The City of Cincinnati contends that it had a legitimate, non-discriminatory reason for its employment decisions.

**Proposed Jury Instruction No. 2**

EMPLOYER LIABILITY FOR EMPLOYEE ACTIONS

A governmental body, which is a legal entity, can act only through its agents; that is, the people who make up the management of the governmental body or others who are agents for the governmental body. If you find that a member of The City of Cincinnati's management had knowledge of a particular fact, then you should find that The City of Cincinnati as a governmental body had knowledge of that fact. The knowledge of an agent or manager of a governmental body is said to be "imputed" to the corporation.

If you find that The City of Cincinnati's managers acted within the scope of their employment, then their conduct and decision must be imputed to The City of Cincinnati as well.

Adapted from <u>Denise Harris v. 2444 Madison Road Condominium Unit Owners</u>, No. C-1-99-167 (Given by Judge Dlott on August 17, 2000)

**Proposed Jury Instruction No. 3**

<u>PROHIBITED CONDUCT - NATIONAL ORIGIN DISCRIMINATION</u>

_____Mr. Bahar claims that Defendant discriminated against him on account of his national origin.  To establish a claim of national origin discrimination, Mr. Bahar must prove by a preponderance of evidence that his national origin was a determining factor in Defendant's decision to transfer him and/or fail to promote him.

"Determining factor" means that the Mr. Bahar's national origin made a difference in Defendant's decision to transfer and fail to promote him.  There may be more than one reason for Defendant's decision to transfer and fail to promote Mr. Bahar.  He need not prove that his national origin was the only reason.  It is not a determining factor if Mr. Bahar would have been transferred and/or not promoted regardless of his national origin.

If Defendant articulates a legitimate, non-discriminatory reason for the its actions, you must determine whether the reasons which Defendant has stated for the transfer and failure to promote Mr. Bahar are worthy of belief.

If you find that Defendant's reasons are not worthy of belief, you may find that Defendant is liable for national origin discrimination.

Authorities:

OJI §266.03.
<u>Reeves v. Sanderson Plumbing</u> (2000), 530 U.S. 133, 149.

4

**Proposed Jury Instruction No. 4**

<u>NATIONAL ORIGIN DISCRIMINATION - ELEMENTS</u>

The first step in proving a national origin discrimination claim is that Mr. Bahar must establish a prima facie case.  To establish a prima facie case of national origin discrimination, Mr. Bahar must prove each of the following elements by a preponderance of the evidence:

(1)     that he was a member of a protected minority group, in this case, born outside of the United States;

(2)     that he suffered an adverse employment action;

(3)     that he was qualified for the position either lost or not gained; and

(4)     that an individual outside of the protected group was selected over him, or the position remained open while the employer continued to seek applicants with Mr. Bahar's qualifications, or similarly-situated employees who were outside the protected minority group were treated more favorably.

If Mr. Bahar has not established these elements by a preponderance of the evidence, then your verdict must be for The City of Cincinnati and you need go no further in your analysis.

If you find that Mr. Bahar has established a prima facie case, then your inquiry continues. Once Mr. Bahar establishes a prima facie case, The City of Cincinnati must then articulate a legitimate, non-discriminatory reason for its employment decision.  The City of Cincinnati's burden is simply to state a  legitimate reason, it need not prove to you that it was a good reason.

If the City of Cincinnati states such a reason, then Mr. Bahar may still prevail on his national origin claim.  In order to prevail, Mr. Bahr must prove by a preponderance of the evidence that The City of Cincinnati's stated reason is only a pretext, and that in fact his national origin was a determining factor in the decision.

5

As triers of the facts you are not obligated to believe the reasons set forth by The City of Cincinnati to justify its decision.  If you do not believe the reasons put forward by The City of Cincinnati, particularly if you also suspect untruthfulness, it may, together with the elements of the prima facie case, suffice to show intentional national origin discrimination.

However, your rejection of The City of Cincinnati's reasons does not compel judgment for Mr. Bahar.  The ultimate question is whether The City of Cincinnati intentionally discriminated, and proof that The City of Cincinnati's reason  is unpersuasive does not necessarily mean that Mr. Bahar's explanation - national origin discrimination - is correct.

If you find that Mr. Bahar has shown that The City of Cincinnati intentionally discriminated against him because of his national origin, then your verdict must be for Mr. Bahar on this claim.  If Mr. Bahar has not proven this, then your verdict must be for The City of Cincinnati on the national origin discrimination claim.

Adapted from Denise Harris v. 2444 Madison Road Condominium Unit Owners, No. C-1-99-167 (Given by Judge Dlott on August 17, 2000)

**Proposed Jury Instruction No. 5**

<u>ADVERSE EMPLOYMENT ACTION</u>

An adverse employment action does not require the Plaintiff to suffer a reduction in pay or benefits.  Plaintiff Bahar may establish that he suffered an adverse employment action by demonstrating he suffered significantly diminished material responsibilities in his job duties.

Authorities:

<u>Hollins v. Atlantic Co.,</u> 138 F.2d 652, 662 (6th Cir. 1999)
<u>Bahar v. City of Cincinnati,</u> Order Denying MSJ at p. 3

7

**Proposed Jury Instruction No. 6**

<u>NATIONAL ORIGIN DISCRIMINATION - PRETEXT</u>

Rejection of the Defendant's proffered reasons for taking an adverse employment action against Plaintiff will permit you to infer the ultimate fact of discrimination once you determine Plaintiff has satisfied the elements of a *prima facie* case.

Proof that the Defendant's explanation is unworthy of credence is simply one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive. Proving the employer's reason false becomes part of (and often considerably assists) the greater enterprise of proving that the real reason was intentional discrimination. You can reasonably infer that the reason that the employer is providing a false explanation is to cover up a discriminatory purpose. Such an inference is consistent with the general principle of law that the factfinder is entitled to consider a party's dishonesty about a material fact as affirmative evidence of guilt. Once the employer's justification has been eliminated, discrimination may well be the most likely alternative explanation, especially since the employer is in the best position to put forth the actual reason for its decisions. When all articulated reasons have been eliminated as possible reasons for the employer's actions, it is more likely than not the employer, who we generally assume acts with some reason, based its decisions on impermissible considerations.

Another factor which you may consider in determining if the Defendant's proffered reasons for its actions were its actual motivation is the reasonableness of the employer's decision. If Defendant's proffered reasons for its actions are unreasonable, you may find that the reason is pretextual.

Authorities:

<u>Reeves v. Sanderson Plumbing Products</u>, 530 U.S. 133 (June 12, 2000).
<u>Wexler v. White's Fine Furniture, Inc.</u>, 317 F.3d 563,576 (6th Circuit 2003).

**Proposed Jury Instruction No. 7**

<u>PROOF OF PRETEXT</u>

In determining whether you believe that pretext exists, you are entitled to consider many types of evidence. Such evidence includes statements evidencing retaliatory animus made by persons in Defendant's management, and especially those managers in a position to influence the employment decisions. You may also consider the timing of explanations offered by the Defendant as well as contradictions in the explanations as evidence supporting pretext.

Authorities:

<u>Ercegovich v. Goodyear Tire & Rubber Co.</u>, 154 F.3d 344, 354 (6th Cir. 1998)
<u>Tinker v. Sears & Roebuck Co.</u>, 127 F. 3d 519, 523 (6th Cir. 1997)
<u>EEOC v. Sears Roebuck & Co.</u>, 243 F.3d 846 (4th Cir. 2001)
<u>Reeves v. Sanderson Plumbing Products</u>, 530 U.S. 133, 152 (June 12, 2000)

**Proposed Jury Instruction No. 8**

<u>PROHIBITED CONDUCT - RETALIATION</u>

Mr. Bahar claims that Defendant retaliated against him for complaining of discrimination.

An employer may not retaliate against an employee who opposed any unlawful discriminatory practice. In order to prevail on his retaliation claim, Mr. Bahar must show (1) that he engaged in activity that Title VII protects; (2) that the City knew that he engaged in this protected activity; (3) that the City subsequently took an employment action adverse to him; and (4) that a causal connection exists between the protected activity and the adverse employment action.

Mr. Bahar need not prove that the sole purpose of the action was retaliation. It is sufficient that he prove that retaliation was a determining factor in the employment decisions.

"Determining factor" means that the Mr. Bahar's complaints of national origin discrimination made a difference in Defendant's decisions regarding his employment. There may be more than one reason for Defendant's decisions regarding Mr. Bahar's employment. He need not prove that his complaints were the only reason. It is not a determining factor if Mr. Bahar would have been transferred, disciplined or not promoted regardless of his complaints of national origin discrimination.

You do not need to find that Defendant is liable for national origin discrimination in order to find Defendant liable for retaliation. However, you must find that Mr. Bahar had a reasonable belief that Defendant engaged in a discriminatory employment practice before he complained about it. "Reasonable belief" means a belief which would be held by a reasonably careful person under the same or similar circumstances.

Authorities:
OJI §266.21
O.R.C. §4112.02(I)
42 U.S.C. §2000e-3(a)
<u>Abbott v. Crown Motor Co., Inc.</u>, 348 F.3d 537, 542 (6th Cir. 2003)

10

**Proposed Jury Instruction No. 9**

CLAIMS OF PLAINTIFF
TIMING

The burden of proving a causal relationship between protected activity and an adverse employment action is not intended to be difficult. In fact, Mr. Bahar need only put forth some evidence in order for you to deduce a causal connection between the retaliatory action and the protected activity. Close proximity in time creates an inference of a causal connection between two events.

Authorities:
EEOC v. Avery Dennison Corp., 104 F.3d 858, 861 (6th Cir. 1997)
Moon v. Transport Drivers, Inc., 836 F.2d 226 (6th Cir. 1987)
Smith v. Ameritech Publishing, Inc., 129 F.3d 857 (6th Cir. 1997)

**Proposed Jury Instruction No. 10**

OHIO PUBLIC POLICY

Mr. Bahar claims that Defendant disciplined, transferred and failed to promote him in violation of clear public policies of the State of Ohio. An employer cannot take adverse employment action against an employee for a reason that violates the articulated public policy of the State of Ohio.

In order to establish a wrongful discharge in violation of public policy, Mr. Bahar must show that

1.    a clear public policy exists;

2.    Mr. Bahar's treatment by the Defendant would jeopardize that public policy;

3.    the Defendant's treatment of Mr. Bahar was motivated by conduct related to the public policy;

4.    the Defendant lacked an overriding legitimate business justification for the treatment.

In determining whether a clear public policy exists, you must keep in mind that both federal and state statutory discrimination laws clearly prohibit national origin discrimination and retaliation. Employment decisions in violation of one of these statutory schemes would jeopardize such a policy.


Authorities:

Painter v. Graley (1994), 70 Ohio St. 3d 377.
Crosier v. Quikey Mfg. Co. (2001), No. C.A. No. 19863, 2001 Ohio App. LEXIS 728.

**Proposed Jury Instruction No. 11**

<u>DISCRIMINATION DAMAGES</u>

Mr. Bahar seeks damages for the discrimination and retaliation he allegedly was subjected to by The City of Cincinnati. If you find for Mr. Bahar on his claims, you must then determine the amount of damages, if any he is entitled to receive from The City of Cincinnati. You may not award damages to Mr. Bahar on these claims unless you first find liability on the part of The City of Cincinnati.

If you find for Mr. Bahar on his national origin discrimination and/or retaliation claims, you must consider damages in the form of backpay; front pay; and compensatory damages.

I will next explain each type of damage in turn.

**Proposed Jury Instruction No. 12**

## DISCRIMINATION DAMAGES - BACKPAY AND MITIGATION

_____If you find for Mr. Bahar on the national origin discrimination or retaliation claim, then he is entitled to recover lost wages and benefits, including any increase in wages or benefits lost because of the discrimination.

The amount of wages and benefits due is determined by calculating the amount that would have been earned from the date The City of Cincinnati transferred and/or failed to promote Mr. Bahar until the date of the verdict. You may include all forms of compensation that Mr. Bahar proved he would have earned, but for the discrimination, including salary, bonuses, vacation pay, pension, health insurance and other benefits.

In determining the amount of any back pay, you must deduct the amount of wages and benefits received from replacement income during the period of back pay awarded. Moreover, Mr. Bahar has a duty to use reasonable diligence to find comparable employment. The burden is on The City of Cincinnati to show the amount of income Mr. Bahar did earn, or could have earned, to lessen the loss in wages. If The City of Cincinnati proves by a preponderance of the evidence that Mr. Bahar passed up comparable employment or failed to use reasonable diligence to find comparable employment, then you must subtract the amount of pay Mr. Bahar should have earned in comparable employment from any award of back pay. Comparable employment need not be identical in responsibility or compensation, but must be a type of work that a reasonable person would take in the position of Mr. Bahar.

Authorities:

Adapted from Denise Harris v. 2444 Madison Road Condominium Unit Owners, No. C-1-99-167 (Given by Judge Dlott on August 17, 2000)

14

**Proposed Jury Instruction No. 13**

<u>FRONT PAY</u>

If you find that The City of Cincinnati acted unlawfully, you may award Mr. Bahar an amount in front pay that he would have earned if The City of Cincinnati had hired him for the positions of Facility Manager or Manhole Rehabilitation Specialist.  Front pay is an award of the amount of earnings Mr. Bahar would have earned had he been hired by The City of Cincinnati as Facility Manager or Manhole Rehabilitation Specialist and continued to be employed in one of those positions beyond the conclusion of trial.  The purpose of front pay is to put an injured party in the same position that the party would have occupied in the absence of discrimination neither more nor less.  In determining whether to award front pay, the factors you may consider include:

  1)    Mr. Bahar's future in the position for which he applied;

  2)    his work and life expectancy;

  3)    his obligation to mitigate his damages (as defined on pages ....); and,

  4)    the availability of comparable employment opportunities and the time
        reasonably required to find substitute employment;

Should you decide to award front pay to Mr. Bahar, any award of front pay that you make must be reduced to its present value.

Authorities:

Adapted from <u>Denise Harris v. 2444 Madison Road Condominium Unit Owners</u>, No. C-1-99-167 (Given by Judge Dlott on August 17, 2000)

15

**Proposed Jury Instruction No. 14**

<u>PRESENT VALUE OF FRONT PAY</u>

If you award future damages to Mr. Bahar, you must reduce the amount of the award to present value in order to take into account the earning power of money. To calculate the present value of the award, you should first determine the highest, safe rate of return that Mr. Bahar could reasonably expect to receive on any lump sum amount. You should multiply the rate of return times the number of years between now and when Mr. Bahar would receive the money. Then, reduce the actual future loss amount by that resulting percentage to determine its present value. You should not reduce any lost back pay or benefits, or other compensatory damages to present value.

Authorities:

Adapted from <u>Denise Harris v. 2444 Madison Road Condominium Unit Owners</u>, No. C-1-99-167 (Given by Judge Dlott on August 17, 2000)

16

**Proposed Jury Instruction No. 15**

DISCRIMINATION DAMAGES - COMPENSATORY DAMAGES

If you find for Mr. Bahar on his national origin discrimination or retaliations claims, then you must determine by a preponderance of the evidence an amount of money that will reasonably compensate  Mr. Bahar for the actual injury proximately caused by the conduct of The City of Cincinnati.  In deciding this amount, if any, you should consider the nature, character, seriousness and duration of any emotional pain, suffering, inconvenience and mental anguish Mr. Bahar may have experienced.

Authorities:

Adapted from Denise Harris v. 2444 Madison Road Condominium Unit Owners, No. C-1-99-167 (Given by Judge Dlott on August 17, 2000)

17

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ALI BAHAR | : | Case No. C-1-01-798 |
| | : | J. Dlott |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | **SPECIAL VERDICTS** |
| CITY OF CINCINNATI | : | |
| | : | |
| Defendant. | : | |

**The jury must unanimously agree on answers to each question.**

### PLAINTIFF'S CLAIM OF NATIONAL ORIGIN DISCRIMINATION

1.     Do you find by a preponderance of the evidence that Plaintiff has proven national

origin discrimination?

_____ YES     _____ NO

### PLAINTIFF'S CLAIM OF RETALIATION

2.     Do you find by a preponderance of the evidence that Plaintiff has proven that the

Defendant, City of Cincinnati, retaliated against him because he complained of

discrimination?

_____ YES     _____ NO

### DAMAGES

### Back Pay

3.     Do you find that Ali Bahar is entitled to an award of back pay, as defined on

page13?

_____ YES     _____ NO

_____If so, what amount, if any, would fairly compensate Mr. Bahar?

18

$_____

## **Front Pay**

_____4.      Do you find that Ali Bahar is entitled to an award of front pay, as defined on pages 14 and 15?

_____ YES          _____ NO

_____If so, what amount, if any, would fairly compensate Mr. Bahar?

$_____

## **Compensatory Damages**

5.      Do you find that Ali Bahar is entitled to an award of compensatory damages, as defined on page16?

_____ YES          _____ NO

_____If so, what amount, if any, would fairly compensate Mr. Bahar?

$_____

19

# EACH JUROR SHOULD SIGN BELOW.

The above is the jury's unanimous verdict and answers to the special interrogatories.

Signed:

_____
Foreperson


_____        _____

_____        _____

_____        _____

_____        Date:_____        _____