UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ALI BAHAR | : | Case No.: C-1-01-798 |
| PLAINTIFF | : | (Judge Watson) |
| vs. | : | **DEFENDANT CITY OF CINCINNATI'S TRIAL BRIEF** |
| CITY OF CINCINNATI | : | |
| DEFENDANT | : | |

**I.    PLAINTIFF'S CLAIMS**

Plaintiff has brought suit against the Defendant for alleged discrimination based upon National Origin pursuant to Title VII of the Civil Rights Act and Ohio Revised Code Section 4112. Plaintiff further alleges retaliation under Title VII and O.R.C. 4112 for filing his charges with the EEOC and violation of Ohio Public Policy. It is Defendant's understanding that Plaintiff will not pursue a claim for promissory estoppel.

**II.**

**Procedural History**

This case involves claims of national origin discrimination, retaliation and violations of public policy under both state and federal law.  The Plaintiff, a current employee of the City of Cincinnati through the Metropolitan Sewer District (hereafter, "MSD"), filed two separate complaints on November 20, 2001 and September 27, 2002 (hereafter referred to as "Pl.'s Compl. 1" and "Pl.'s Compl. 2" respectively).  The first complaint alleges that the Plaintiff was discriminated against because of his national origin while the second complaint alleges that the Plaintiff was not hired for the position of Facilities Manager in General Services for the City, which the Plaintiff perceived to be based on discrimination

and retaliation. In addition, Plaintiff filed discrimination charges with the City of Cincinnati EEO Office and the Equal Employment Opportunity Commission.

Defendant filed a motion for summary judgment which was denied by Judge Dlott resulting in this case being scheduled for trial.

Plaintiff was never treated differently than other similarly situated employees or subjected to a hostile environment based on his national origin. Furthermore, Plaintiff suffered no adverse employment action or retaliation during his employment. As a result, there remain no questions of material fact and this matter should be dismissed as a matter of law.

**III. Statement of Facts**

Plaintiff Ali Bahar has been employed with the Defendant, the City of Cincinnati, through the Metropolitan Sewer District since 1988. (Pl.'s Compl. 1, ¶8; Deposition of Ali Bahar, p. 9, ¶¶3-4, hereafter "Bahar Depo.") He was originally hired as an Engineer-In-Training or "EIT." (Deposition of Julia Johnson, Exhibit 1, hereafter "Johnson Depo.") State law and Civil Service regulations requires that an EIT obtain a professional engineer's license within ten years; otherwise the EIT must be moved to a different position with the title of Civil Engineering Technician, Senior Technician or Senior Engineering Technician. (Johnson Depo., pp. 29-30.) Because Plaintiff and several other similarly situated MSD employees did not receive their licenses within ten years, they were laterally moved into the classification of a senior engineer technician (CET-4), but retained the same pay as before their change in classification.

On July 10, 2000, Plaintiff received a written reprimand for violating administrative procedures by failing to obtain approval of an increase in a Capital

Improvement Contract for additional work in excess of $200,000. Plaintiff did not lose any pay or benefits as a result of this reprimand.

Plaintiff alleges he was discriminated against because: (1) no American-born employees who were given verbal approval of project orders were disciplined; (2) his job responsibilities were taken away from him and he was treated differently than similarly-situated, less qualified American-born individuals; (3) an American-born employee with less education and qualifications was hired to perform Plaintiff's previous job duties; and (4) he was isolated at the workplace, often given nothing to do. (Pl.'s Compl. 1, ¶¶17, 22-23, 25.) Also, Plaintiff asserts the City's failure to place him in the position of Facilities Manager and to promote him to CET-5 level constitutes national origin discrimination. (Pl.'s Compl. 2, ¶15; Bahar Depo., p. 43, ¶¶4-6.) Plaintiff sought the position of Facility Manager. The Department of Facility Management is an entirely different department operated by the City of Cincinnati with no direct connection with the operations of MSD. Specifically, Plaintiff alleges that the City has engaged in a pattern and practice of national origin discrimination and retaliation. (Pl.'s Compl. 1, ¶26.) In addition, he alleges that the decision to promote the acting Facilities Manager to the permanent position gave the acting Facilities Manager an advantage over other applicants, and that the policy was illegal. (Bahar Depo., p. 231, ¶¶1-21.)

During his employment, the Plaintiff has received consistent raises and never had a decrease in pay. (Bahar Depo., p. 119, ¶¶6-8 and p. 203, ¶¶6-12.) On October 24, 1999, Plaintiff received his only written reprimand from his supervisor at the time, Tony Huang. (Karney Depo., p. 61.) The reprimand was for his failure to follow MSD/City policies and procedures regarding obtaining a supervisor's authorization for a purchase

3

change order to a work contract.  (Karney Depo., p. 61, ¶¶1-7, Exhibit 1; Deposition of Robert Campbell, p. 12, hereafter "Campbell Depo.")  The City requires engineers to obtain supervisor approval prior to expending additional monies, especially since projects cannot exceed their appropriated amounts.  (Deposition of Thomas Quinn, p. 37, ¶¶3-9 and p. 43, hereafter "Quinn Depo.")  Violations of such procedures justify employee discipline.  (Quinn Depo., p. 43, ¶¶12-24.)

As of the filing of this Motion, Plaintiff is still employed with MSD in the same capacity.  Since assuming his current position he has not received any disciplinary actions and has not been penalized in any way for his filing of administrative charges or his lawsuit.  Also, Plaintiff alleges he has received outstanding performance evaluations and has received merit increases.  (Pl.'s Compl. 1, ¶¶10-11.)

**Title VII Claim of Discrimination based upon National Origin.**

Title VII of the Civil Rights Act of 1964 prohibits an employer from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or **national origin**."  42 U.S.C. § 2000e-2(a)(1)(emphasis added).  According to the United States Supreme Court, showing direct, indirect or circumstantial evidence may prove a Title VII claim.  *See Texas Dept. of Comm. Affairs v. Burdine* (1981), 450 U.S. 248, 101 S.Ct. 1089; *McDonnell Douglas Corp. v. Green* (1973), 411 U.S. 792, 93 S.Ct. 1817; and *Manzer v. Diamond Shamrock Chems. Co.* (6th Cir. 1994), 29 F.3d 1078.  When a plaintiff cannot present any direct evidence of discrimination, the plaintiff must prove his claim through circumstantial evidence in order to establish a prima facie case of discrimination.

A prima facie case is made by introducing evidence sufficient to support a finding that: (1) the plaintiff was a member of a protected class; (2) the plaintiff suffered an adverse employment action; (3) the plaintiff was qualified for the position; and (4) a person not in the protected class replaced the plaintiff. *Manzer*, 29 F.3d at 1081-1084. Once a prima facie case of discrimination has been established, the burden shifts to the defendant to set forth a non-discriminatory reason for its action before the burden shifts back to the plaintiff to produce evidence that the proffered non-discriminatory reason was pretextual. *Id.* at 1081-1084.

In this case, the anticipated facts to be presented at trial are expected to show that Plaintiff is a member of a protected class (Iranian nationality). As a qualified CET-4, Plaintiff was given commensurate duties within that classification and he suffered no adverse employment action. All of the EITs who failed to obtain a professional engineer's license within ten years were reclassified as Senior Engineering Technicians, which had no impact on their salary. (Johnson Depo., Exhibit 2.)

**Plaintiff's Claims of Retaliation.**

Plaintiff also alleges that he was retaliated against in violation of state and federal law. In order to prove actionable retaliation under state and federal law, Plaintiff must demonstrate: (1) he engaged in activity protected by Title VII; (2) this exercise of protected rights was known to the defendant; (3) the defendant took adverse employment action after exercising the protected right or plaintiff was subjected to severe or pervasive retaliatory harassment by a supervisor; and (4) there was a causal connection between the protected activity and adverse employment action or harassment. *Petty v. DHL Airways, Inc.* (S.D.Ohio 2001), 176 F. Supp.2d 773.

5

Plaintiff additionally alleges that he was discriminated against or retaliated as a result of protected activity by the City's failure to promote him to the position of Manhole Supervisor. Evidence will be presented regarding the selection process and the basis of Defendant's decision.

The facts expected at trial will reveal that Plaintiff was not so retaliated against for the filing of any EEOC claim.

Any claim under O.R.C. 4112 or an alleged violation of Public Policy are basically duplicative of the claims stated above.

**Issues of Law (substantive).**

There are no special issues of law other than those implicit in the foregoing issues of fact and those contained in the jury instructions.

**Issues of Law (Procedural).**

There are no anticipated special issues regarding procedure.

**Issues of Law (Evidentiary).**

Defendant has submitted its Motion in Limine seeking an order denying Plaintiff from submitting evidence of other employees claiming discrimination as either not relevant or if relevant, of the admission of such evidence would be unjustly prejudicial to the Defendant when weighing any probative evidence. The Court has denied this motion under date of 1/05/05 (Doc 51). Defendant reserves the right to object at trial regarding these witnesses and/or exhibits.

        Respectfully Submitted,
J. RITA MCNEIL (0043535)
City Solicitor

_____

Augustine Giglio (0031911)
Terrence Nestor (0065840)
Assistant City Solicitors
Room 214, City Hall
801 Plum Street
Cincinnati, Ohio 45202
(513) 352-3339
FAX: (513) 352-1515
E-mail: gus.giglio@cincinnati-oh.gov
Trial Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2005, I sent a copy of the foregoing trial brief by facsimile to counsel for the Plaintiff Kelly Mulloy Myers, Randolph Freking, counsel for Plaintiff, Freking & Betz, 215 East Ninth Street, Fifth Floor, Cincinnati, Ohio 45202 .

        S/Augustine Giglio
Augustine Giglio (0031911)
Terrence Nestor (0065840)
Assistant City Solicitors
Attorneys for Defendant
Room 214, City Hall
801 Plum Street
Cincinnati, Ohio 45202
(513) 352-3339
Fax: (513) 352-1515
e-mail: gus.giglio@cincinnati-oh.gov

7