UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ALI BAHAR | : | Case No. C-1-01-798 |
| | : | J. Watson |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | **REVISED** |
| CITY OF CINCINNATI | : | **JOINT FINAL PRETRIAL ORDER** |
| | : | |
| Defendant. | : | |

This matter is before the Court pursuant to Rule 16 of the Federal Rules of Civil Procedure.

**I.    APPEARANCES:**

For Plaintiff:    Kelly Mulloy Myers (0065698)
Randolph H. Freking (0009158)
Trial Attorneys for Plaintiff
Freking & Betz
215 E. Fifth Street, Fifth Floor
Cincinnati, OH 45202
(513) 721-1975/FAX: 651-2570

For Defendant:    Augustine Giglio (0031911)
Terry Nestor (0065840)
Trial Attorneys for Defendant
Assistant City Solicitor
City Hall, Room 214
Cincinnati, OH 45202
(513) 352-3334/FAX: 352-1515

**II.    NATURE OF ACTION AND JURISDICTION:**

A.    This is an action for alleged unlawful discrimination based upon national origin pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000 et seq. and Ohio Revised Code § 4112; retaliation under Tile VII and O.R.C. § 4112; and violation of Ohio Public Policy.

B.    The jurisdiction of the Court is invoked under Title 28, United States Code §§ 1331 and 1367.

C.    The jurisdiction of the Court is not disputed.

**III.    TRIAL INFORMATION:**

A.    The estimated length of trial is five days.

    B.      Trial to Jury will begin on January 19, 2005.

**IV.**    **STATEMENT OF THE CASE:**

    A.      Plaintiff's statement:

           Plaintiff claims that Defendant discriminated against him and treated him less favorably than similarly situated American-born employees. Plaintiff claims that Defendant engaged in discriminatory behavior due to his national origin during his employment with the City of Cincinnati. Plaintiff further claims that Defendant retaliated against him for filing charges of discrimination with the EEOC. Plaintiff claims that Defendant violated clear public policies when it subjected him to national origin discrimination and retaliated against him for engaging in protected activities. Plaintiff claims that Defendant lacked an overriding legitimate business justification for its actions.

    B.      Defendant's Statement:

           Defendant claims that there was no unlawful discrimination under either Federal or State law nor any violation of Public Policy.

**V.**    **TRIAL DETERMINATIONS:**

    A.      FACTS

           1.      Stipulated Facts:

                The parties stipulate to the following facts:

                a.      Plaintiff was at all times relevant to this action an employee of the City of Cincinnati, more specifically in MSD.

                b.      Plaintiff was hired in 1988 as an Engineer in Training (EIT). Plaintiff is currently employed as a Senior Engineer.

                c.      Plaintiff and other EIT's were reclassified as Certified Engineer Technicians (CET-4) in 2000. The reclassification was for allegedly failing to obtain a Professional Engineer's license within ten years. There was no loss of pay as a result of the reclassification. At the time, Plaintiff was in the position as EIT for the longest period. Plaintiff was subsequently transferred to Wastewater Collections, one of six divisions within MSD. Plaintiff alleges that this assignment was based upon his national origin. Defendant denies this allegation.

                d.      While employed at MSD, Plaintiff submitted an application for employment as Facility Manager in another City Department. Plaintiff was not selected for the position. The Defendant selected an employee

        of that department who had served as "Acting Manager." Plaintiff alleges that his non-selection was based upon his national origin and in retaliation for raising an allegation of discrimination. Defendant denies this allegation.

    e.    Plaintiff received a written reprimand in July of 2000 for allegedly not following proper procedures in authorizing additional funds for a Capital Improvement Project. No loss of pay resulted from this reprimand. Plaintiff alleges this action was based upon his national origin and that similarly situated native-born employees were not reprimanded. The Defendant denies this allegation.

2.    Disputed Facts:

The parties dispute the following facts and claim that the contested issues of fact remaining for decision are:

    a.    Whether Plaintiff's reprimand for allegedly violating city procedure and the City's Municipal Code was based upon his national origin.

    b.    Whether Plaintiff was rejected for the position of Facility Manager based upon his national origin and/or in retaliation for engaging in protected activity.

    c.    Whether the selection of a native-born employee to fill the position of Supervisor of Manholes was based upon Plaintiff's national origin and/or in retaliation for engaging in protected activity.

**B.**    **Applicable Propositions of Law**

There are no special issues of law other than those implicit in the foregoing issues of fact and those contained in the jury instructions.

**C.**    **Witnesses**

1.    Plaintiff will call or have available for testimony at trial those witnesses listed in Appendix A hereof.

2.    Defendant will call or have available for testimony at trial those witnesses listed in Appendix B hereof.

3.    The parties reserve the right to call without prior notice to opposing counsel rebuttal witnesses whose testimony could not reasonably be anticipated.

**D.**    **Expert Witnesses**

The parties do not intend to call any expert witnesses.

**E.** **Exhibits**

1. Plaintiff Exhibits, Appendix C, numbers PX 1000 -1035

2. Defendant's Exhibits, Appendix D, numbers DX 2000 - DX2089

The Parties will exchange all exhibits in this action, subject to objections and motions in limine.

**F.** **Depositions**

Plaintiff will call Sam George by deposition. Defendant may seek to call Patrick Karney and Kevin Shepard by deposition; Plaintiff objects because Defendant did not conduct depositions of Messrs. Karney and Shepard. Defendant reserves the right to object to the use of testimony of Sam George by deposition.

**G.** **Completion of Discovery**

Discovery has been completed.

**H.** **Pending Motions**

Defendant's Motion in Limine (Doc. 44) was denied by this Court on January 5, 2005 (Doc. 51). Defendant restates its objections and reserves the right to raise objections at trial regarding the issues in its motion.

**I.** **Other Actions**

Motions in limine and jury instructions will be filed with the Court in accordance with its orders in this action.

The pretrial order may be modified to prevent manifest injustice, pursuant to Fed. R.Civ. Pro. 16(e)

**J.** **Instructions and Special Verdict.**

Submission of instructions and supplemental instructions and special verdict forms have been previously exchanged and filed with the Court.

**IT IS SO ORDERED.**

                                                                                                        Michael H. Watson
                                                                                                        United States District Judge

/s Kelly Mulloy Myers
Kelly Mulloy Myers (0065698)
Randolph H. Freking (0009158)
Trial Attorneys for Plaintiff
Freking & Betz
215 E. Fifth Street, Fifth Floor
Cincinnati, OH 45202
(513) 721-1975/FAX: 651-2570


/s Augustine Giglio (per telephone authorization)
Augustine Giglio (0031911)
Terry Nestor (0065840)
Trial Attorney for Defendant
Assistant City Solicitor
City Hall, Room 214
Cincinnati, OH 45202
(513) 352-3334/FAX: 352-1515