UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALI BAHAR                              :    Case No. 1:01cv798
                                       :
         Plaintiff,                    :    Judge Michael H. Watson
                                       :
    v.                                 :
                                       :
CITY OF CINCINNATI                     :
                                       :
         Defendant.                    :

## JURY INSTRUCTIONS

Members of the Jury:

Now that you have heard all of the evidence and the arguments of counsel, it becomes my duty to give you the instructions concerning the law applicable to the case.

It is your duty as jurors to apply the law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but you must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base your verdict upon any view of the law other than that given in the instructions of the Court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of this case you must not be swayed by bias, prejudice, or sympathy as to any party. Our system of law does not permit jurors to be governed by

1

prejudice, sympathy or public opinion. The parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. All persons stand equal before the law and are to be dealt with as equals in a court of justice.

In a civil action such as this, the burden is on the Plaintiff to prove every essential element of his case by a "preponderance" of the evidence. If he fails to do so then you must find for the Defendant.

Preponderance of the evidence is the greater weight of the evidence; that is, evidence that you believe because it outweighs or overbalances in your mind the evidence opposed to it. A preponderance means evidence that is more probable, more persuasive, or of greater probative value. It is the quality of the evidence that must be weighed. Quality may, or may not, be identical with quantity.

In determining whether an issue has been proved by a preponderance of the evidence, you should consider all of the evidence, regardless of who produced it.

To establish a fact by a preponderance of the evidence means to prove that something is more likely than not. Stated otherwise, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely than not true.

The burden of proof by a preponderance does not require proof to an absolute certainty. As we all know, in human affairs absolute certainty is seldom possible.

Nor does the burden of proof by a preponderance mean that you are bound to decide an issue of fact on the basis of the number of witnesses who testify concerning that fact. The test is not which side brings the greater number of witnesses or produces the greater quantity of testimony, but which side produces the witnesses and evidence which in your minds is the more accurate and trustworthy.

The evidence in this case consists of the sworn testimony of the witnesses, the stipulations of counsel and all the exhibits which have been received in evidence.

The evidence does not include any statements of counsel made during the trial, unless such statement was an admission or agreement admitting certain facts. The opening statements and the closing arguments of counsel are designed to assist you. They are not evidence.

You are to consider only the evidence in the case. However, you are not limited to the mere statements of the witnesses, but you are permitted to draw, from the facts which you find have been proved, such reasonable inferences as seem justified in the light of your own experience. That is to say, from the facts which have been proved, you may draw an inference based upon reason and common sense.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. If certain testimony was received for a limited purpose, such as for the purpose of assessing a witness' credibility, you must follow that limiting instruction I have given.

There are two types of evidence from which a jury may properly find the facts. One is direct evidence. An example of direct evidence is the testimony of an eyewitness. The other type is circumstantial evidence. An example of circumstantial

evidence is the proof of a chain of events or circumstances which point to the existence or non-existence of certain facts.

As a general rule, the law does not distinguish between direct and circumstantial evidence. In fact, they are of equal weight.

An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe what each person had to say, and how important that person's testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the person impress you as honest? Did he or she have any particular reason not to tell the truth? Did he or she have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and the ability to observe accurately the things he or she testified about? Did he or she appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said. In judging the credibility of witnesses, you should apply the same tests of truthfulness that you apply in your own personal affairs.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; an innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

4

You are not required to believe the testimony of any witness simply because he or she was under oath. You may choose to believe all or part or none of the testimony of any witness.

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony.

If you believe that any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may deem appropriate.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony in other particulars; and you may reject all the testimony of that witness or give it such credibility as you think it deserves.

The attorneys for both sides may have agreed to stipulate to the truth of certain matters involved in this case. The Court instructs you that any matters stipulated to or agreed to must be accepted by you as established, proven, fact.

It is the duty of an attorney to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should not hold it against an attorney or their client because the attorney has made objections.

Upon allowing testimony or other evidence to be introduced over the objection of an attorney, the Court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence.

When the Court has sustained an objection to a question, the jury must disregard the question entirely, and may draw no inference from the wording of it, or

speculate as to what the witness might have said if he or she had been permitted to answer the question.

No statement, ruling, remark, question or comment which I may have made during the course of the trial is intended to indicate my opinion as to how you should decide the case or to influence you in any way in your determination of the facts.

This case involves three claims by Plaintiff Ali Bahar against Defendant, The City of Cincinnati  The elements that Plaintiff must prove to establish these claims will be described in a moment.  What follows is a brief introduction to these claims.

National Origin Discrimination:  Plaintiff alleges that Defendant intentionally discriminated against him because of his national origin.  Plaintiff's claim of national origin discrimination arises under Title VII of the Civil Rights Act of 1964 as amended, a law that prohibits an employer from discriminating against an employee with respect to discipline, promotion and other terms or conditions of employment because of such person's national origin.

Retaliation:   Plaintiff alleges that Defendant intentionally retaliated against him for making complaints of discrimination to Defendant's internal EEO office and filing charges of discrimination with the Equal Employment Opportunity Commission. Plaintiff's claim of retaliation also arises under Title VII of the Civil Rights Act of 1964 as amended, a law that prohibits an employer from retaliating against an employee for engaging in an activity protected under the law.

A governmental body, which is a legal entity, can act only through its agents; that is, the people who make up the management of the governmental body or others who are agents for the governmental body.  If you find that a member of Defendant's management had knowledge of a particular fact, then you should find that Defendant

6

as a governmental body had knowledge of that fact. The knowledge of an agent or manager of a governmental body is said to be "imputed" to the corporation. If you find that Defendant's managers acted within the scope of their employment, then their conduct and decisions must be imputed to Defendant as well.

Plaintiff claims that Defendant discriminated against him on account of his national origin. To establish a claim of national origin discrimination, Plaintiff must prove by a preponderance of evidence that his national origin was a determining factor in Defendant's employment actions with respect to Plaintiff.

"Determining factor" means that Plaintiff's national origin made a difference in Defendant's employment actions with respect to Plaintiff. There may be more than one reason for Defendant's actions. Plaintiff need not prove that his national origin was the only reason. It is not a determining factor if the employment actions would have occurred regardless of his national origin.

If Defendant articulates a legitimate, non-discriminatory reason for its employment actions with respect to Plaintiff, you must determine whether the reasons which Defendant has stated are worthy of belief.

If you find that Defendant's reasons are not worthy of belief, you may find that Defendant is liable for national origin discrimination.

The first step in proving a national origin discrimination claim is that Plaintiff must establish a *prima facie* case. To establish a *prima facie* case of national origin discrimination, Plaintiff must prove each of the following elements by a preponderance of the evidence:

(1) that he was a member of a protected minority group, in this case, born outside of the United States;

(2) that he suffered an adverse employment action;

(3) that he was qualified for the position either lost or not gained; and

(4) that an individual outside of the protected group was selected over him, or similarly-situated employees who were outside the protected minority group were treated more favorably.

If Plaintiff has not established these elements by a preponderance of the evidence, then your verdict must be for Defendant and you need go no further in your analysis.

If you find that Plaintiff has established a *prima facie* case, then your inquiry continues. Once Plaintiff establishes a *prima facie* case, Defendant must then articulate a legitimate, non-discriminatory reason for its employment decision. The Defendant's burden is simply to state a legitimate reason, it need not prove to you that it was a good reason.

If the Defendant states such a reason, then Plaintiff may still prevail on his national origin claim, however, in order to prevail, Plaintiff must prove by a preponderance of the evidence that the Defendant's stated reason is only a pretext, and that in fact his national origin was a determining factor in the decision.

As triers of the facts you are not obligated to believe the reasons set forth by Defendant to justify its decision. If you do not believe the reasons put forward by Defendant, particularly if you also suspect untruthfulness, it may, together with the elements of the *prima facie* case, suffice to show intentional national origin discrimination.

However, your rejection of Defendant's reasons does not compel judgment for Plaintiff. The ultimate question is whether Defendant intentionally discriminated, and

proof that Defendant's reason is unpersuasive does not necessarily mean that Plaintiff's explanation - national origin discrimination - is correct.

If you find that Plaintiff has shown that Defendant intentionally discriminated against him because of his national origin, then your verdict must be for Plaintiff on this claim. If Plaintiff has not proven this, then your verdict must be for Defendant on the national origin discrimination claim.

An "adverse employment action" is a materially adverse change in the terms or conditions of employment because of the employer's conduct. Reassignments without changes in salary, benefits, title, or work hours usually do not constitute adverse employment actions. An employee's subjective impressions as to the desirability of one position over another are not relevant to your determination.

An adverse employment action does not require Plaintiff to suffer a reduction in pay or benefits. Plaintiff may establish that he suffered an adverse employment action by demonstrating he suffered significantly diminished material responsibilities in his job duties.

Rejection of Defendant's proffered reasons for taking an adverse employment action against Plaintiff will permit you to infer the ultimate fact of discrimination once you determine Plaintiff has satisfied the elements of a *prima facie* case.

Proof that Defendant's explanation is unworthy of credence is simply one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive. When all articulated reasons have been eliminated as possible reasons for the employer's actions, it is more likely than not the employer, who we generally assume acts with some reason, based its decisions on impermissible considerations.

Another factor which you may consider in determining if Defendant's proffered reasons for its actions were its actual motivation is the reasonableness of the employer's decision. If Defendant's proffered reasons for its actions are unreasonable, you may find that the reason is pretextual.

In determining whether you believe that pretext exists, you are entitled to consider many types of evidence. Such evidence includes statements evidencing retaliatory animus made by persons in Defendant's management, and especially those managers in a position to influence the employment decisions. You may also consider the timing of explanations offered by Defendant as well as contradictions in the explanations as evidence supporting pretext.

Even if an employer is mistaken and its business judgment is wrong, an employer is entitled to make its own policy and business judgment. An employer may make those employment decisions as it sees fit, as long as it is not unlawful.

In determining whether Defendant's stated reason for its actions was a pretext for discrimination, you may not question Defendant's business judgment. Pretext is not established just because you disagree with the business judgment of Defendant, unless you find that Defendant's reason was a pretext for discrimination.

If you determine Plaintiff proved that his national origin was a factor motivating or playing a part in Defendant's employment actions with respect to Plaintiff, then you must find for Plaintiff unless you determine Defendant showed that it would have reached the same decision regardless of Plaintiff's national origin.

Plaintiff claims that Defendant intentionally retaliated against him. In order to prevail on this claim, Plaintiff must show all the following:

10

(1) Plaintiff engaged in conduct protected by Title VII of the Civil Rights Act of 1964;

(2) Defendant knew Plaintiff engaged in protected conduct;

(3) Plaintiff was subjected to an adverse employment action at the time, or after, the protected conduct took place; and

(4) Defendant took an adverse employment action against Plaintiff because of the Plaintiff's protected conduct.

I have previously defined "adverse employment action" for you.

The burden of proving a causal relationship between protected activity and an adverse employment action is not intended to be difficult. In fact, Plaintiff need only put forth some evidence in order for you to deduce a causal connection between the retaliatory action and the protected activity. Close proximity in time creates an inference of a causal connection between two events.

Plaintiff seeks damages for the discrimination and retaliation he allegedly was subjected to by Defendant. If you find for Plaintiff on his claims, you must then determine the amount of damages, if any, he is entitled to receive from Defendant.

You may not award damages to Plaintiff on these claims unless you first find liability on the part of Defendant.

If you find Defendant discriminated against Plaintiff based on Plaintiff's national origin and/or retaliated against Plaintiff, then you must determine an amount that is fair compensation for Plaintiff's compensatory damages. You may award compensatory damages only for injuries that Plaintiff proves were caused by Defendant's allegedly wrongful conduct.

You may award damages for any pain, suffering or mental anguish that Plaintiff

11

experienced as a consequence of Defendant's alleged discrimination. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that Plaintiff prove the amount of Plaintiff's losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

The Court cannot embody all the law in any single part of these instructions. In considering one portion, you must consider it in the light of and in harmony with all the instructions.

The Court has instructed you on all the law necessary for your deliberations. Whether or not certain instructions are applicable may depend upon the conclusions you reach on the facts. If you have an impression that the Court indicated how any disputed fact should be decided, you must set aside such impression because only you determine such matters.

It is your duty, as jurors, to confer with one another, and to deliberate with a view to reaching an agreement, if you can do so without doing violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the

course of your deliberations, do not hesitate to re-examine your own views and change your opinion, if you are convinced it is erroneous.

However, do not surrender your honest conclusion as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember always that you are not partisans. You are judges -- impartial triers of the facts. Your sole interest is to ascertain the truth from the evidence in the case. Don't take a firm position at the outset and then be too proud to change your position.

The verdict in this case must represent the considered judgment of each juror. In order to return a verdict, one way or the other, it is necessary that each juror agree thereto. Your verdict must be unanimous.

You will have with you in the jury room the following form of verdict. No inferences are to be drawn from the order in which the findings appear on the form.

[Read verdict forms]

If you find that the Plaintiff has proved all of the elements of national origin discrimination and/or retaliation described above by a preponderance of the evidence, then you shall mark the finding on the verdict form against Defendant. If you find that the Plaintiff has failed to prove one or more of the above elements by a preponderance of the evidence, then you shall mark the finding on the verdict form for the Defendant.

When you have reached a verdict, you will mark the finding which corresponds to your decision. All members of the jury must agree upon the verdict and must sign the verdict in ink.

Circumstances in the case, as in any case, may arouse sympathy for one party or the other. Sympathy is a common human emotion. The law does not expect you to

be free of such normal reactions. However, the law and your oath as jurors require you to disregard sympathy and not to permit it to influence your verdict in any degree.

It is your duty to weigh the evidence, to decide the disputed questions of fact, to apply the instructions to your findings, and to render your verdict accordingly. In fulfilling your duty as jurors, you must strive to arrive at a fair and just verdict.

Your initial conduct upon entering the jury room is important. It is not wise to insist upon a certain verdict immediately because your sense of pride may be aroused, and you may hesitate to give up your position if it is shown that it is not correct.

You are not to discuss this case other than with other jurors or to tell anyone how you would have voted until after the jury has returned a verdict.

You will have in your possession the exhibits, the special interrogatories and the verdict forms. The foreperson will retain possession of these records and return them to the courtroom. Until your verdict is announced in open court, you are not to disclose to anyone else the status of your deliberations or the nature of your verdict.

Upon retiring, you should first, select a Foreperson. This person will help to guide your discussions in the jury room. Once you are there, if you need to communicate with me, the Foreperson will send a written message to me. However, do not tell me how you stand as to your verdict, for instance, if you are split 4-4 or 5-3, do not tell me that in the note. Whenever all jurors agree upon a verdict, you will sign the verdict in ink and also the questions that are required to be answered and advise the Marshal that a verdict has been reached. You will then be returned to the courtroom.

Nothing said in these instructions and nothing in the verdict forms prepared for your convenience is to suggest or convey in any way the verdict I think you should

return. What verdict shall be returned is your exclusive duty and responsibility as jurors.

The written form of the instructions on the law I have just given you will be available to you in the jury room.

You are invited to use these instructions in any way that will assist you in your deliberations and in arriving at your verdict.

These written instructions which are in substantially the same language as I have given them to you verbally, represent the law that is applicable to the facts, as you find the facts to be.

If you are unable to readily locate any particular exhibit, please have the foreperson notify the Marshal of exhibits in question, and the numbers of those exhibits will be given to you in order to facilitate your search for them.