UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ALI BAHAR | : | Case No. C-1-01-798 |
| | : | J. Watson |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| CITY OF CINCINNATI | : | **PLAINTIFF'S APPLICATION** |
| | : | **FOR ATTORNEY FEES & COSTS;** |
| Defendant. | : | <u>**MEMORANDUM IN SUPPORT**</u> |

Plaintiff Ali Bahar, through his attorneys, moves the Court to award attorneys' fees and costs. Specifically, Plaintiff seeks an award of $146,756.50 for attorneys' fees, and $6,161.70 in costs. Accompanying this motion is a memorandum in support, the Affidavit of counsel, and detailed exhibits.

Respectfully submitted,

/s/ Kelly Mulloy Myers
Randolph H. Freking (#0009158)
Kelly Mulloy Myers (#0065698)
Attorneys for Plaintiff
FREKING & BETZ
215 East Ninth Street, Fifth Floor
Cincinnati, OH 45202
(513) 721-1975
Randy@frekingandbetz.com
KMyers@frekingandbetz.com

**MEMORANDUM IN SUPPORT**

**I.   INTRODUCTION**

Plaintiff, as the prevailing party in this action, applies for an attorney fees award and for litigation costs and expenses. Plaintiff prevailed in this litigation after extensive investigation, discovery, opposition to Defendant's motion for summary judgment, witness preparation, trial preparation, and approximately five full days of trial (including jury selection) that resulted in a substantial verdict for Plaintiff.

**II.   STANDARD FOR AWARDING ATTORNEY FEES**

The federal criteria for an award of attorney fees are set forth in Blum v. Stenson, 465 U.S. 886 (1984); Hensley v. Eckerhart, 461 U.S. 424 (1983); and Northcross v. Bd. of Education of Memphis School District, 611 F.2d 624 (6th Cir. 1979). Once a Plaintiff crosses the statutory threshold and is found to be the "prevailing party," the Plaintiff is "entitled to recover attorney fees" for "all time reasonably spent on a matter." Northcross, 611 F.2d at 636. The Supreme Court has recognized the normal method for calculating an appropriate award of attorney fees as the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Hensley, 461 U.S. at 433.

Plaintiff's counsel is entitled to reasonable fees for all phases of representation, including this Application, Defendant's post-trial motion(s), and any appeal. Plaintiff intends to amend this Application or file an additional Application when the case is fully resolved.

**A.   Plaintiff Does Not Request a Multiplier to Counsel's Hourly Rates in This Case**

Plaintiff requests reasonable rates for lawyers and paralegals employed by Freking & Betz as detailed in Exhibit A.

The first step in determining a reasonable fee is to determine the hourly rate to be used. The Supreme Court in Blum 465 U.S. at 895-896 held that attorney fees are to be "calculated according to the prevailing market rates in the relevant community, regardless of whether Plaintiff is represented by private or non-profit counsel."

Three judges of the Southern District of Ohio have approved, as reasonable, similar hourly rates for attorneys and paralegals in Freking & Betz as are requested in this action. In McDaniel, et al. v. City of Cincinnati, Case No. C-1-99-325 (Southern District of Ohio 2001) (Exhibit B), the Court considered the issue of reasonable hourly rates for Randolph H. Freking, lead counsel in that action. In that case, Judge Susan Dlott determined in 2001 that the hourly rate of $350.00 per hour was reasonable. Likewise, Judge Dlott established reasonable hourly rates for other attorneys and paralegals whose services were necessary in that case. In Gatch v. Milacron, Case No: C-1-99-1009, Judge S. Arthur Spiegel of the Southern District of Ohio in 2002 approved similar rates. (Exhibit C) In 2003, Judge Spiegel approved similar rates in Southerland v. Sycamore Sch. Dist., Case No: C-1-02-00162 (Southern District of Ohio 2003.) (Exhibit D) Finally, in Readnower v. General Ionics, Inc. Case No. C-1-01-654, Judge Herman Weber of the Southern District of Ohio in 2004 approved similar rates. (Exhibit E)

Using as a standard the rates approved by three District Judges in the Southern District of Ohio for attorneys, various paralegals and law clerks in McDaniel, Gatch, Southerland and Readnower, Plaintiff requests that similar hourly rates be approved as well. Since McDaniel, Gatch, Southerland and Readnower were decided in 2001, 2002, 2003 and 2004 respectively, Plaintiff's counsel has adjusted each attorney's reasonable hourly rate slightly to reflect a modest adjustment for inflation and cost of living increases. The hourly rates requested by Plaintiff in this case are based on a comparison

3

of each attorney's legal experience in employment law with the experience of the attorneys whose rates were approved by Judges Dlott, Spiegel and Weber. The rates for paralegals and law clerks are based on the rates for paralegals and law clerks as approved in <u>McDaniel</u>, <u>Gatch</u>, <u>Southerland</u> and <u>Readnower</u>, with a similar adjustment for inflation and cost of living increases. All of the requested rates are summarized in Exhibit A.

**B.     Plaintiff's Counsel's Hours**

Once the hourly rate has been determined, the next step is to calculate the hours reasonably expended in this action. <u>Northcross</u>, 611 F. Supp. at 636-637, clearly sets forth the procedure for calculating the number of hours reasonably expended. The Court should indicate on the record the number of hours it finds the prevailing party's attorneys have expended on the case. <u>Id</u>. This finding must first take into account the Affidavit of counsel.

The hours claimed may not be automatically accepted by the Court, but to the extent that the hours are rejected, the Court must indicate some reason for its action. If the Court decides to eliminate hours of service adequately documented by the attorney, it must identify those hours and articulate its reason for the elimination. <u>Id</u>. Time spent in litigating the fee disputes should also be included in the award. <u>Weisenberger v. Hucker</u>, 593 F.2d 49 (6th Cir. 1979).

The time spent on this action is reasonable. The question is not whether the party prevailed on a particular motion or whether the time expenditure was strictly necessary to obtain the relief achieved. Rather, the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed. <u>Wooldridge v. Marlene Industries Corp.</u>, 898 F.2d 1169, 1177 (6th Cir. 1990). Under this test, all hours expended in this action by Plaintiff's attorneys were reasonable.

As demonstrated by the summary of attorneys' time attached on Exhibit A, billing records attached as Exhibit F and counsel's affidavit attached as Exhibit G, the vast majority of counsel's time was spent on investigation, discovery, defeating summary judgment, witness preparation, trial preparation, and trial.

As this Court is aware, this action involved a successful claim for retaliation under Title VII and Ohio Revised Code §4112. In order to pursue the claim, Plaintiff's counsel participated extensively in the two EEOC investigations. During the EEOC investigation, Plaintiff attempted to gather extensive information and negotiate an early resolution of this matter. See Exhibit F.

From the outset, Defendant's counsel asserted to Plaintiff's counsel that the claim was without merit. In response to Defendant's counsel's assertions, Plaintiff's counsel carefully reviewed all information available and researched all aspects of the case. See Exhibit F.

Plaintiff's counsel conducted extensive discovery in this matter that included interrogatories, document requests and numerous depositions. See Id. The depositions conducted by Plaintiff required extensive preparation and review of documents provided by Defendant. Each deposition, however, was conducted efficiently and no deposition lasted more than a few hours. Further, Defendant conducted the depositions of Plaintiff and Laura Bahar. Plaintiff and his counsel prepared for these depositions, and Plaintiff's counsel defended Plaintiff during these depositions. Id.

Once discovery was completed in this matter, Defendant filed an extensive Motion for Summary Judgment seeking to have the case dismissed in its entirety. This Motion was accompanied by further allegations by defense counsel that the matter was without merit.

The Motion for Summary Judgment required Plaintiff's counsel to expend a substantial number of hours preparing a Memorandum in Opposition to the Motion. This work included an extensive

evaluation of the facts and witness testimony, as well as the other information obtained during the course of discovery. The Motion also required Plaintiff's counsel to conduct research on the applicable law. The research conducted was done efficiently, as Plaintiff's counsel was experienced and mostly familiar with the authorities cited by Defendant in its Motion.

The parties jointly prepared a Final Pre-Trial Order for presentation to the Court.

During trial, Plaintiff's counsel represented Plaintiff during jury selection and approximately five full days of trial. The jury selection lasted approximately two and a half hours. A Charge Conference was conducted by the Court on January 25, 2005. Before, during, and after each trial day, Plaintiff's counsel prepared for the following days of trial. Id.

Finally, Plaintiff's counsel is entitled to fees in connection with the time associated with this Application and other post-trial matters. The hours requested in connection with this Application are reasonable because the work was performed by paralegals and lawyers with experience in fee applications, such experience enabling the Application to be prepared as efficiently as possible.

Plaintiff's counsel's time is summarized in Exhibit A and further explained in counsel's Affidavit.

    **C.**    **Expenses of Litigation**

Plaintiff is also entitled to an award of costs and expenses that were billed to Plaintiff. This includes filing fees, long distance phone calls, xeroxing (.10 per page), and deposition transcript costs. Northcross, 611 F.2d at 639. Plaintiff's total expenses to date are $6,161.70.

In order to prepare the case properly, as noted above, Plaintiff's counsel took the depositions of key individuals who were potential witnesses in this action. The taking of such depositions was, therefore, necessary.

Miscellaneous costs related directly to the preparation for trial were vital to the proper presentation of Plaintiff's case at trial. Plaintiff's costs in this action are summarized in Exhibit H.

6

**D.   Summary of Hours and Expenses**

See Exhibit A.

### III.   CONCLUSION

Plaintiff requests that the Motion for Attorneys' Fees and Costs be granted for attorney fees in the amount of $146,756.50 and expenses in the amount of $6,161.70 for a total of $152,918.20

        Respectfully submitted,

        /s/ Kelly Mulloy Myers
Randolph H. Freking (#0009158)
Kelly Mulloy Myers (#0065698)
Trial Attorneys for Plaintiff
FREKING & BETZ
215 East Ninth Street, Fifth Floor
Cincinnati, OH  45202
(513) 721-1975
Randy@frekingandbetz.com
KMyers@frekingandbetz.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2005 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. mail to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Kelly Mulloy Myers