Received:    8/13/01  11:0    -> 215 EAST 9th STREET;  Pag
                            Chambers                    ;513 564 7627        # 2/

```
                                                            FILED
IN THE UNITED STATES DISTRICT COURT                      AUG 1 3 2001
  FOR THE SOUTHERN DISTRICT OF OHIO
           WESTERN DIVISION                            KENNETH J. MURPHY, C
                                                         CINCINNATI, OHIO
```

THOMAS A. MCDANIEL, et al.,                :

        Plaintiff(s)                       :
                                           :   Case No. C-1-99-325
     v.                                 :
                                           :   District Judge Susan J. Dlott
CITY OF CINCINNATI, et al.,                :

        Defendant(s)                       :


## AMENDED JUDGMENT IN A CIVIL CASE

Decision by Court: This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED

...the court GRANTS Plaintiff's Application for Attorney Fees (Doc. 50). The Court finds that a multiplier of 1.6 is appropriate for the hours expended by Mr. Freking in furtherance of the Plaintiff's case-in-chief and a multiplier of 1.25 is appropriate for the hours expended by Ms. Barron in furtherance of the Plaintiff's case-in-chief. Thus, Mr. Freking is awarded $282,642 and Ms. Barron is awarded $108,091.25. All other hours and costs remain as the Plaintiffs have set forth in their submission to the Court. This case is DISMISSED.

August 13, 2001                                  Kenneth Murphy, Clerk

                                                               Vicki Penley
                                                               Deputy Clerk

PLAINTIFF'S EXHIBIT B

FILED

AUG 9 2001

KENNETH J. MURPHY, Clerk
CINCINNATI, OHIO

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

THOMAS A. MCDANIEL, et al.,

    Plaintiff(s)

v.

CITY OF CINCINNATI, et al.,

    Defendant(s)

Case No. C-1-99-325

District Judge Susan J. Dlott

## JUDGMENT IN A CIVIL CASE

Decision by Court: This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED

...the court GRANTS Plaintiff's Application for Attorney Fees (Doc. 50). The Court finds that a multiplier of 1.6 is appropriate for the hours expended by Mr. Freking in furtherance of the Plaintiff's case-in-chief and a multiplier of 1.25 is appropriate for the hours expended by Ms. Barron in furtherance of the Plaintiff's case-in-chief. Thus, Mr. Freking is awarded 4282,642 and Ms. Barron is awarded $108,091.25. All other hours and costs remain as the Plaintiffs have set forth in their submission to the Court. This case is DISMISSED.

August 9, 2001

Kenneth Murphy, Clerk

Vicki Penley
Deputy Clerk

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

AUG  2001

KENNETH J. MURPHY, Cle
CINCINNATI, OHIO

Thomas A. McDaniel
& Gregory E. Kammer

   Plaintiffs

v.

City of Cincinnati *et al.*

   Defendants

Case No. C-1-99-325

District Judge Susan J. Dlott

ORDER

  This matter comes before the Court on Plaintiffs' Counsel's Application for an Award of Attorney Fees and Expenses (Doc. #50). Plaintiffs Thomas A. McDaniel and Gregory E. Kammer brought suit under 42 U.S.C. § 1983 and Ohio state law against Defendants City of Cincinnati and named police officials, alleging unconstitutional retaliation for the exercise of protected expression. Plaintiff McDaniel also asserted claims under federal and state law for unlawful seizure.

  Trial began on April 3, 2001. On April 20, 2001, the Plaintiffs concluded their case, and on April 23, 2001, the parties reached a settlement. The settlement included the following agreement:

> Defendants also acknowledge that Plaintiffs' counsel is entitled to an award of attorneys' fees and expenses to be determined by the Honorable Susan J. Dlott. Defendants agree not to oppose such an award, except Defendants may challenge any "multiplier" sought by Plaintiffs' counsel to the lodestor [*sic*] amount. The lodestor [*sic*] amount and Plaintiffs' actual expenses will be established by Plaintiffs' counsel's time and billing records, which have been maintained in the ordinary course of Plaintiffs' counsel's work exclusively in connection with Case No. C-1-99-325. All parties agree they will not appeal the decision of Judge Dlott and that such decision will be final and binding. The fees and expenses award will be paid by Defendant City within fifteen (15) days of the award.

53

Ex. 3 at 4-5, Aff. of Randolph H. Freking, Doc. #50.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Here, Plaintiffs and Defendants agree that the hours documented and rates proposed by Plaintiffs' counsel are reasonable. These yield a lodestar amount of $301,383.50. Plaintiffs' counsel also incurred costs in the amount of $16,985.08.

With respect to the hours expended in furtherance of Plaintiffs' case-in-chief, however, the Plaintiffs ask the Court to multiply the lodestar amount of Randolph Freking, their lead trial attorney, by two, and that of Carrie Atkins Barron, their lead discovery attorney, by one-and-one-half. The Hensley Court explained, "There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'" Id. at 434; see also Putnam v. Davies, 960 F. Supp. 1268, 1271-72 (S.D. Ohio 1997) ("When this lodestar amount is computed and if circumstances warrant, the court may thereafter adjust the award, by applying a multiplier or divisor."). This Court has also held,

> [A]n upward adjustment for the risk of a contingency case may be appropriate if the fee applicant establishes "without an adjustment for risk the prevailing party 'would have faced substantial difficulties in finding counsel in the local ... market'" and any enhancement reflects 'the difference in market treatment of contingent fee cases *as a class*, rather than ... the 'riskiness' of any particular case."

James v. Frank, 772 F. Supp. 984, 1002 (S.D. Ohio 1991) (quoting Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 731, 733 (1987) (O'Connor, J., concurring)). Here, the Plaintiffs achieved extraordinary success: they received both cash and reinstatement.[1] In addition, the evidence introduced at trial and in support of the instant Motion indicates that Plaintiffs

---

[1] At the final pretrial conference, counsel for Defendant City of Cincinnati indicated that reinstatement was not a possibility.

2

would have encountered substantial difficulties in finding counsel in the local market and that this market treats contingent fee cases differently than other cases.

Applying these standards to the evidence in this case, however, suggests to the Court that multipliers of two and one-and-one-half are too high. The Court finds that a multiplier of 1.6 is appropriate for the hours expended by Mr. Freking in furtherance of the Plaintiffs' case-in-chief, and a multiplier of 1.25 is appropriate for the hours expended by Ms. Barron in furtherance of the Plaintiffs' case-in-chief. Thus, Mr. Freking's efforts are compensable as follows:

504.7 (hours) x 350 (hourly rate) x 1.6 (multiplier) = $282,632.

Similarly, the Court computes Ms. Barron's fee as follows:

402.2 (hours) x 215 (hourly rate) x 1.25 (multiplier) = $108,091.25.

All other hours and costs remain as the Plaintiffs have set forth in their submissions to the Court. Therefore, the Court determines that Plaintiff's counsel are entitled to a total amount of $445,973.83.

IT IS SO ORDERED.

*Susan J. Dlott*
Susan J. Dlott
United States District Judge