Received:   1/31/02 10:13   -> 215 EAST 9th STREET;  Page
10·10 JAN 31, 2002  ID: U.S.  _RTS         TEL NO: (513) 564___    #19081  PAGE: 2/7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FILED
KENNETH J MURPHY

02 JAN 31  AM 9:54

ROBERT M. GATCH,              :    NO. C-1-99-1009

    Plaintiff,            :

v.                            :    ORDER

MILACRON, INC.,               :

    Defendant.            :



    This matter is before the Court on Plaintiff's Application for Attorneys' Fees and Costs (doc. 65); Defendant's Response (doc. 70); and Plaintiff's Reply (doc. 72).

    Plaintiff contends that as the "prevailing party" in this action, he is "entitled to recover attorney fees" for "all time reasonably spent on a matter." (doc. 65)(citing <u>Northcross v. Bd of Education of Memphis School District</u>, 611 F.2d 624 (6th Cir. 1979). Both Parties agree that the appropriate starting point in evaluating this issue is to award a reasonable hourly rate and multiply that amount by the number of hours reasonably expended on the litigation (docs. 65 & 70)(citing <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983).

    Plaintiff's Counsel requests fees based on an hourly rate of $350 for Randolph H. Freking; $200 per hour for Megan E. Clark; $250 per hour for Carol S. Wood; and $175 per hour for Tamara F. Stenzel (doc. 65). Defendant contends that these rates are excessive in the relevant community and proposes lower hourly rates for each of these individuals (doc. 70).


PLAINTIFF'S EXHIBIT C

Received:    1/31/02 10:14        -> 215 EAST 9th STREET;    Page
10:11 JAN 31, 2002  ID: U.S.    URTS         TEL NO: (513) 564-    5         #19081  PAGE: 3/7

Attorney fees are to be "calculated according to the prevailing market rates in the relevant community, regardless of whether Plaintiff is represented by private or non-profit counsel." Blum v. Stenson, 465 U.S. 886 (1984). Plaintiff's Counsel contend that they were awarded similar fees in a recent case in this community. McDaniel, et al. V. City of Cincinnati, Case No. C-1-99-325 (Southern District of Ohio) (Dlott, J.). Plaintiff has also submitted affidavits from prominent members of the Cincinnati legal community stating that Plaintiff's Counsel performed their duties in an exceptional manner in this case and that their fee requests are not extraordinary in this area. Plaintiff's Counsel has submitted a detailed list of the hours expended in this litigation and his application contains an explanation of why most of the hours involved were necessary. Therefore, Plaintiff contends that his request is reasonable and appropriate.

Defendant contends that the hourly rates requested by Plaintiff's Counsel are excessive (doc. 70). In support of this proposition, Defendant directs the Court's attention to several recent cases in the Cincinnati area where Plaintiffs' attorneys have been awarded a lower hourly fee. See Vann v. University of Cincinnati, et al., No. C-1-00-846(S.D. Ohio Jan. 2, 2001.); McLindon v. Russel, 108 F. Supp. 2d 842 (S.D. Ohio 1999); Beya v. Hoxworth Schwartz, No. C1-94-407 (S.D. Ohio Aug 25, 1998). These hourly rates (adjusted for a 4% cost of living increase to 2001) range from $175 to $250 per hour.

Defendant next refers the Court to a 1990 article from

Received:   1/31/02 10:14        -> 215 EAST 9th STREET;   Pag
10:11 JAN 31, 2002   ID: U.S. COURTS          TEL NO: (513) 564 _45        #19081  PAGE: 4/7

Ohio Law relied upon in James v. Runyon, 868 F. Supp. 911 (S.D. Ohio 1994). The rates listed in 1990 were $177.50, but when projected to the year 2001 with 4% annual pay increases, would represent a fee of approximately $262.72 per hour for a senior partner. Defendant also refers to a report conducted by Chief Judge Carl B. Rubin surveying attorney fees in 1983. Defendant projects these fees to 2001 to be $259 for senior partners (21 or more years of experience) and $196 for younger partners (six to ten years experience).

Finally, Defendant argues that the fees are excessive because they exceed the rate currently charged by Defense Counsel for their services in this case. According to Defendant's Attorneys, they charged Defendant $240 per hour for Mr. Townsend and $185 for Ms. Lampley's time in this matter (doc. 70). Defendant concedes, however, that at least one attorney for Defendant's law firm bill's $280 per hour for his legal services.

The Court has reviewed the sources presented on this subject and has concluded that the rates requested by Plaintiff's Counsel in this case are reasonable. There are several factors which lead the Court to this decision. The Court concludes that the cases presented by Defendant are inapposite to this litigation. This was not a relatively simple case as was noted in Vann. In fact, Vann expressly states that a higher rate might be appropriate in a more complicated case. This was a very difficult case. The Court considers this litigation to have been well prepared and well tried by both Defendant and Plaintiff. For this reason, the Court

3

Received:   1/31/02 10:15        -> 215 EAST 9th STREET;  Pa
10:11 JAN 31, 2002  ID: U.S. COURTS            TEL NO: (513) 564 .45         #19081  PAGE: 5/7

concludes that Plaintiff's Counsel are entitled to a rate that might not be justified in a less complicated case.

The Court finds the other sources cited by Defendant to be similarly inapplicable. For instance, the Rubin Study cited by Defendants was conducted almost twenty years ago, and even when adjusted for inflation and cost of living increases, may not accurately reflect prevailing hourly rates at the present time.

The Court further concludes that it would not be appropriate to compare Plaintiff's requested fees to the fees charged by Defense Counsel in this litigation as suggested by Defendant. Defendants and plaintiffs are in fundamentally different situations when assessing their hourly rates. It would be unfair to impose the same hourly fee on each side of a typical case. In the typical case, the Plaintiff's attorney runs the quite substantial risk of recovering nothing at all. Defense attorneys, on the other hand, are not in need of any risk premium. Plaintiff's Counsel, in this litigation, took a large risk by proceeding to trial in this matter, and as a result recovered an amount for their client that far exceeds any amount he would have received in settlement of this issue. Had Plaintiff recovered nothing, Plaintiff's Counsel would also have recovered nothing. Plaintiff has not requested any "multiplier" in his fee calculation to award him for this risk. Therefore, the Court considers the proposed hourly rates reasonably compensate Plaintiff for this risk.

Furthermore, Plaintiff has been awarded the amounts he

Received:   1/31/02 10:15A         -> 215 EAST 9th STREET;   Pag
10:12 JAN 31, 2002  ID: U.S. ...URTS         TEL NO: (513) 564...  5         #19081  PAGE: 6/7

requests by another Court in this District. See McDaniel v. City of Cincinnati, No. C-1-99-325 (S.D. Ohio 2001). Contrary to Defendant's assertions, it appears that the amount of fees was indeed in dispute in that litigation. Plaintiff's Counsel has also represented that this is the fee which he charges for his time in those cases in which he bills his services by the hour.

Finally, Plaintiff has been practicing in the area of employment law since he was admitted to the bar in 1982 (doc. 65). Furthermore, Mr. Freking has been listed in every edition of "Best Lawyers in America" (Woodward-White) since 1995. The Court considers Mr. Freking to be well-qualified in the area of employment law and his services in this case were exemplary. For all of the reasons discussed above, the Court considers the requested hourly rates for Mr. Freking and other attorneys at his firm to be reasonable in this community.

The Court does conclude, however, that one adjustment to the fee request would be appropriate in this case. Although not challenged by Defendant, the Court concludes that the hours presented by Plaintiff's Counsel may reflect duplication of efforts. One example of this would be the use of two lawyers at trial instead of one. The Court has reviewed all of the hours that Plaintiff contends were devoted to this litigation and concludes that they should be reduced by ten percent (10%) as applied to Plaintiff's Counsels' attorney fees. This is not intended to reflect in any way upon how Plaintiff's Counsel handled this case. On the contrary, this Court has already noted that it found their

5

Received:    1/31/02 10:15A        -> 215 EAST 9th STREET;   Page
10:12 JAN 31, 2002  ID: U.S      URTS           TEL NO: (513) 5   5         #19081  PAGE: 7/7

services to be exemplary. This adjustment is necessary, however, to ensure that Defendant is not taxed for any duplication of efforts by Plaintiff's Counsel.

Accordingly, Plaintiff's requested compensation for Mr. Freking's time should be based on 139 hours at the rate of $350 per hour, or $48,650. Similarly, Ms. Clark's time should be billed based on 103.14 hours at $200 per hour, or $20,628. Carol Wood should be awarded $13,117.50 (52.47 hours x $250); Tamara Stenzel should be awarded $8,363.25 (47.79 hours x $175). When combined with the other requested hours of paralegals and law clerks' time, Plaintiff's Counsel is entitled to an award of $98,745.75. In addition, Plaintiff is entitled to recover $1,905.55 in costs.

Having reviewed this matter, the Court hereby AWARDS Plaintiff's Counsel the amount of $100,651.30 for their successful efforts in this litigation. Accordingly, Plaintiff's Application for Attorneys' Fees is hereby GRANTED-IN-PART (doc. 65).

SO ORDERED.

Dated: 1/30/02

S. Arthur Spiegel
United States Senior District Judge