UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TERESA READNOWER,

    Plaintiff,

v.                                Case No. C-1-01-654

GENERAL IONICS, INC.,

    Defendant.

## ORDER

This matter is before the Court upon plaintiff's application for attorney fees and costs (doc. 91) and defendant's opposing memorandum (doc. 92). A hearing on the application was held on February 5, 2004.

### I. Introduction

Plaintiff Teresa Readnower brought this action under Title VII, the Family Medical Leave Act (FMLA), and state law asserting claims for (1) gender discrimination in violation of Title VII and O.R.C. § 4112 based on a pattern and practice of gender discrimination, disparate treatment, and termination of plaintiff's employment; (2) sexual harassment in violation of O.R.C. § 4112; (3) retaliation against plaintiff for her complaints of gender discrimination and sexual harassment in violation of Title VII and O.R.C. § 4112.02; (4) retaliation against plaintiff for exercise of her rights under the FMLA; and (5) breach of Ohio public policy against gender

1



PLAINTIFF'S EXHIBIT E

discrimination, sexual harassment, and retaliation. The Court granted summary judgment in favor of defendant on plaintiff's claims of sexual harassment and gender discrimination and on her public policy claim to the extent it was premised on alleged sexual harassment, gender discrimination, and an FMLA violation. The case proceeded to trial on the remaining claims. At the conclusion of a five-day trial, the jury returned a verdict in favor of plaintiff on her claim of retaliation for opposing unlawful employment discrimination by defendant. The jury awarded plaintiff compensatory damages for lost back pay in the amount of $128,320. The jury did not award any other compensatory damages or punitive damages.

    Plaintiff filed her application for attorney fees and costs after the trial had concluded. Plaintiff seeks an award of $161,274.50 for attorney fees and $14,646.14 in costs for a total of $175,920.64. Plaintiff contends that the number of hours expended is reasonable, but plaintiff's counsel indicated at the attorney fees hearing that a 5% reduction in the fee award to account for plaintiff's failure to prevail on all claims would be acceptable to them. Plaintiff seeks the Court's approval of the following rates:

| | |
|---|---|
| Randolph H. Freking: | $385.00 |
| Sheila M. Smith: | $260.00 |
| Megan E. Clark: | $235.00 |
| Carrie Atkins Barron: | $240.00 |
| Leanne R. Montgomery: | $150.00 |
| Rebecca Algenio: | $125.00 |
| Tod Thompson: | $115.00 |
| Other personnel: | $25.00 to $95.00 |

    Defendant does not object to some award of attorney fees and costs. Defendant objects, however, to the amount of the requested fee and costs on the grounds that (1) counsel's billable hourly rates exceed the standard rates for attorneys of similar skill, experience and reputation, (2) plaintiff is not entitled to recover attorney fees and costs for matters on which she was not

2

successful and did not prevail at trial, and (3) because the jury did not award any compensatory damages, plaintiff is not entitled to an award for the expert witness fees of Jill Bley, Ph.D., the costs relating to Dr. Bley's video deposition, and the related attorney fees. Defendant requests deductions in the following amounts:

| | |
|---|---|
| Plaintiff's claimed costs: | $ 14,646.14 |
| Reduction for Dr. Bley's deposition: | $  8,055.00 |
| Cost subtotal: | $  6,591.14 |
| | |
| Plaintiff's claimed fees: | $161,274.50 |
| Reduction for fees associated with Dr. Bley's testimony: | $  8,659.00 |
| Reduction for excessive hourly rates: | $ 43,772.50 |
| | $ 108,843.50 |
| | |
| Reduction for unsuccessful claims: | $ 62,040.70 |
| Fees subtotal: | $ 46,802.80 |
| Plus cost subtotal: | $  6,591.14 |
| | |
| Fees and costs total: | $ 53,393.94[1] |

## II. Applicable law

Title 42 U.S.C. § 2000e-5(k) provides that in any action under that subchapter, the court, in its discretion, may allow the prevailing party a reasonable attorney fee as part of the costs. The Sixth Circuit has acknowledged that the standard for awarding attorney fees under § 2000e-5(k) is essentially the same as that which governs a fee award under 42 U.S.C. § 1988, so that the same case law applies to fee requests under either statute. See *Virostek v. Liberty Township Police Department/Trustees,* 14 Fed.Appx. 493, 510 (6th Cir. 2001)(not published in Federal Reporter)(citing *Hensley v. Eckerhart,* 461 U.S. 424, 433 n.7 (1983); *Smyth v. Smythe-Cramer Co.,* 754 F.2d 180, 183 (6th Cir. 1985)).

---

[1] Defendant's calculations contain a .50 error which the Court will leave as is.

A useful starting point for determining the amount of a reasonable fee is the lodestar, calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate. *Hensley*, 461 U.S. at 433. Where the party seeking the fee has established that the number of hours and the rate claimed are reasonable, the lodestar rate is presumed to be the reasonable rate to which counsel is entitled. *Pa. v. Delaware Valley Citizens Council for Clean Air*, 478 U.S. 546, 564 (1986)(citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984)).

Where the plaintiff has obtained "excellent results", her attorney should ordinarily recover a fully compensatory fee. *Hensley*, 461 U.S. at 435. In such a case, the fee award should not be reduced solely because the plaintiff did not succeed on each of her claims. *Id*. On the other hand, if a claimant has achieved only partial success, the number of hours reasonably expended on the litigation as a whole multiplied by the hourly rate may yield an excessive amount. *Id.* at 436. This may be true even if the claims raised were interrelated. *Id.* Under these circumstances, the most critical factor is the degree of success obtained. *Id.*

Where the plaintiff has succeeded on only some of her claims for relief, the court must address two issues. First, the court must determine whether the claims on which the plaintiff failed to prevail were unrelated to the claims on which she succeeded. Second, the court must ascertain whether the plaintiff achieved a degree of success that renders the hours reasonably expended a satisfactory basis for making a fee award. *Hensley*, 461 U.S. at 434.

Where the plaintiff has presented distinctly different claims for relief based on different facts and legal theories, work on an unsuccessful claim cannot be considered to have been "expended in pursuit of the ultimate result achieved." *Id.* at 435 (quoting *Davis v. County of Los Angeles*, 8 E.P.D. ¶9444, at 5049 (C.D. Cal. 1974)). Therefore, no fee may be awarded for

4

services performed on the unsuccessful claim. *Id*. Conversely, where the plaintiff's claims for relief involve common facts or related legal theories, so that much of counsel's time will have been devoted generally to the litigation as a whole, the court "should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id*.

Counsel for the prevailing party must make a good faith effort to exclude from a fee application hours that are "excessive, redundant, or otherwise unnecessary", just as an attorney in private practice is expected to use "billing judgment" before submitting a bill to his client. *Hensley*, 461 U.S. at 434. Detailed documentation is required to support the hours claimed to have been spent on the litigation. *United Slate, Tile and Composition v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir. 1984). The documentation offered must be of "sufficient detail and probative value to enable the Court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Id.* at 502 n.2.

Where the court determines that the fee requested should be reduced, it may attempt to identify specific hours to be eliminated or reduce the overall award to take into account the limited degree of success. *Hensley*, 461 U.S. at 436-37. The court should not reduce the fee award based on a simple ratio of successful claims to claims raised. See *Thurman v. Yellow Freight Systems, Inc.*, 90 F.3d 1160, 1169 (6th Cir. 1996), *amended by*, 97 F.3d 833 (6th Cir. 1996)(citing *Phelan v. Bell*, 8 F.3d 369, 374 (6th Cir. 1993)).

A district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney. *Fuhr v. School Dist. of City of Hazel Park*, 2004 FED App. 0084P *7 (6th

Cir.)(citations omitted). The court determines whether a requested hourly rate is reasonable by reference to the prevailing market rate, i.e., the rate that is customarily paid in the community to attorneys of reasonably comparable skill, experience, and reputation. *Id.* (citing *Blum*, 465 U.S. at 896 n. 11). The hourly rate to be used is not that of a "renowned" lawyer but that required to attract competent counsel without producing windfalls to counsel. *Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995); *Coulter v. Tennessee*, 805 F.2d 146, 149 (6th Cir. 1986). A renowned lawyer who normally commands a higher hourly rate than competent and experienced lawyers in the region should ordinarily be compensated at the lower, regional market rate. *Coulter*, 805 F.2d at 149.

The district court has the discretion to choose to tax costs of litigation against a losing party, although costs are generally awarded to a prevailing party as a matter of course. *Virostek*, 14 Fed.Appx. at 510.

### III. Opinion

Plaintiff prevailed on her retaliation claim and received a substantial damages award so that an award of attorney fees and costs is appropriate. The starting point for determining the amount of the award is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. The Court determines the appropriate award as follows.

#### A. Number of hours

Defendant does not contest the number of hours plaintiff's counsel devoted to litigation of this lawsuit. There is no indication in the time records that any of the hours expended by plaintiff's counsel were duplicative, excessive, or otherwise unnecessary, with the exception of the hours devoted to the deposition of Jill Bley as discussed below. Plaintiff's counsel has

submitted documentation of sufficient detail and probative value to enable the Court to determine with a high degree of certainty that with this one exception, the hours were actually and reasonably expended in the prosecution of the action.

Defendant does contend that there should be a reduction in the fee award to account for plaintiff's failure to succeed on all her claims. The Court finds that the claims which were dismissed and on which plaintiff was permitted to proceed were closely intertwined and required similar proof. Specifically, in order to succeed on her retaliation claims, plaintiff was required to demonstrate defendant took an adverse employment action and plaintiff held a good faith belief that the conduct she opposed constituted unlawful discrimination, which would require proof of the alleged discrimination. Moreover, as the Court recognized in its summary judgment ruling, plaintiff could demonstrate both discrimination and retaliation by showing that she was treated differently from similarly situated employees. *Id.*

In addition to the fact that the claims plaintiff brought were closely intertwined, plaintiff achieved a high degree of success as evidenced by the fact that the amount of the judgment was slightly greater than the amount plaintiff sought in full settlement of her claims prior to trial. Thus, a substantial reduction in the fee award based on plaintiff's failure to prevail on all her claims is not warranted.

### B. Hourly rate

Defendant challenges the reasonableness of the rates of only two of the attorneys who performed work on plaintiff's case, Mr. Freking and Ms. Clark. These counsel have submitted their own affidavits in support of their request for attorney fees but have not submitted affidavits by other attorneys. In his affidavit, Mr. Freking states that he has been practicing in the area of

7

employment law and labor relations matters since his admission to the bar in November of 1982. Mr. Freking also states he has been recognized as one of the best lawyers in the nation in the area of employment law and has been ranked among the top employment litigators and lawyers in Ohio. Ms. Clark asserts in her affidavit that she handled the vast majority of the pretrial litigation in this case. She states that she was admitted to practice in 1995 and has focused exclusively on labor and/or employment law since she began practicing law in 1997.

In support of their claim that their rates are reasonable, plaintiff's counsel refer the Court to two decisions from this district in which plaintiff's counsel were awarded attorney fees. The decision on the request for attorney fees in *McDaniel, et al. v. City of Cincinnati, et al.*, Case No. C-1-99-325 (Dlott, J.), in which the parties agreed to settle the attorney fee issue, was issued on August 9, 2001. Judge Dlott ordered compensation for Attorney Freking at an hourly rate of $350.00 and compensation for Attorney Barron at an hourly rate of $215.00. Judge Dlott did not discuss how those rates were determined but apparently accepted the rates proffered by counsel. The decision on the request for attorney fees in the second case, *Gatch v. Milacron*, Case No. C-1-99-1009 (Spiegel, Sr. J.), was issued on January 31, 2002. Judge Spiegel found the fees requested for plaintiff's counsel to be reasonable and approved hourly rates of $350.00 for Attorney Freking and $200.00 for Attorney Clark. In determining those rates were reasonable, Judge Spiegel relied on several factors, including the fact that the case was very difficult, the litigation was well-prepared and tried by both sides, and Attorney Freking is well-qualified in the area of employment law and his services in the case were exemplary. Judge Spiegel determined that it would not be appropriate to compare the fees requested by plaintiff's counsel to the fees charged by defense counsel and that it would be unfair to impose the same hourly rate on each

8

side in a typical case since the plaintiff's attorney generally runs the substantial risk of recovering nothing if his client is unsuccessful, whereas defense counsel will still recover a fee whether or not she is successful.

In opposition to the requested rate, defendant notes that the rates sought by plaintiff's counsel substantially exceed defense counsel's rates. In addition, defendant has submitted a 2001 Ohio State Bar Association report, "The Desktop Reference on the Economics of Law Practice in Ohio", which reports attorney survey results on various financial matters. Defendant asserts based on the survey that a reasonable hourly rate for Mr. Freking is $260.00 per hour (1998 median hourly rate of $125.00 for employment law attorneys adjusted upward for inflation by a percentage of 44% for the periods 1998-2001 and 2001-2003) and that a reasonable rate for Ms. Clark is $160.00 per hour (2001 median hourly rate of $138.00 adjusted upward for inflation by 15% for the period from 2001 to 2003).

Initially, the Court finds that the fact plaintiff's counsel's rates substantially exceed those of defense counsel is of no import given the risk borne by plaintiff's counsel of possibly receiving no compensation for the work expended on plaintiff's case. The Court finds, however, that the hourly rates sought by Attorneys Freking and Clark do require some adjustment. Counsel are relying solely on the prior decisions by Judges Dlott and Spiegel to establish the reasonableness of their rates. The decision in *McDaniel* is of limited assistance because the order awarding attorney fees does not address the reasonableness of counsel's hourly rate. *Gatch* differs from this case because Judge Spiegel stressed that case was a very difficult one and plaintiff's counsel were entitled to a rate that might not be justified in a less complicated case. In contrast, this Court would not characterize the case before it as an unusually difficult or complex

case.

On the other hand, the Court finds that a reasonable rate for an attorney of Mr. Freking's caliber and advanced skill and experience in the employment field is considerably greater than the median rate suggested by defendant based on the Desktop Reference. In fact, statistics included in the Desktop Reference for attorneys practicing in the City of Cincinnati indicate that a considerably larger hourly rate than that suggested by defendant is appropriate. (See Desktop Reference, p. 18). Taking into consideration all of the pertinent factors, including the data contained in the Desktop Reference submitted by defendant, Mr. Freking's credentials and experience, and the rates which have previously been approved for him in this district, the Court determines that a reasonable hourly rate for Mr. Freking is $350.00 per hour. This is the same rate Mr. Freking was awarded two years ago in *Gatch,* unadjusted for inflation and any increase in the cost of living to account for the fact that Judge Spiegel deemed the rate in *Gatch* to be justified in part by the very complex nature of that case, a justification which is lacking here.

The Court finds that the rate requested by Attorney Clark should likewise be reduced. Ms. Clark is a well-qualified employment lawyer, but she has considerably less experience than Mr. Freking. Her requested rate represents a 17.5% increase over the rate approved by Judge Spiegel a little over two years ago in the *Gatch* litigation in comparison to the 10% increase in Mr. Freking's requested rate over the same time period. The Court finds this rate of increase to be unduly large. The Court also notes that as with Mr. Freking, the rate approved for Ms. Clark in *Gatch* was based in part on the unusually difficult nature of the case, so that the same rate adjusted for inflation and cost of living is not warranted in this relatively straightforward case. Rather, the Court finds a reasonable rate for Ms. Clark to be $200.00, which is $150.00 less than

the rate to which the Court has found Mr. Freking is entitled and is consistent with the $150.00 difference between the rates Mr. Freking and Ms. Clark requested.

### C. Dr. Jill Bley

Defendant seeks to reduce the fee and cost awards by $8,659.00 and $8,055.00 respectively to account for the time and money plaintiff spent for the services of expert Dr. Jill Bley. Defendant asserts that plaintiff retained Dr. Bley to testify in support of her claims for compensatory damages and the jury did not award any compensatory damages. Plaintiff counters that Dr. Bley's notes corroborate plaintiff's testimony about sexual harassment and it is unclear to what extent the jury considered the testimony in assessing plaintiff's credibility and determining plaintiff's entitlement to emotional distress damages.

The Court will reduce the award of fees and costs by the amounts incurred for the services of Dr. Bley. Dr. Bley's report added little to plaintiff's case in that it set out plaintiff's complaints of sexual harassment to which plaintiff herself had testified and the alleged adverse impact on plaintiff's emotional condition, for which the jury awarded no damages. The costs for Dr. Bley's deposition were more than double the remaining costs for plaintiff's entire case. Defendant should not be required to bear the substantial costs associated with the retention of Dr. Bley as an expert on specific matters on which plaintiff did not prevail.

There is no indication in the record that any additional expenses incurred by plaintiff in pursuit of her claims were excessive. The Court will therefore not deduct any additional amounts from plaintiff's costs.

11

## IV. Conclusion

The requested costs of $14,646.14 are reduced by $8,055.00 for a total of $6,591.14. The requested fee of $161,274.50 is modified as follows:

| | | |
|---|---|---|
| Request: | $161,274.50 | |
| Less: | $ 5,330.50 | (152.3 hours of work by Mr. Freking x $35.00) |
| Less: | $ 11,543.00 | (329.8 hours of work by Ms. Clark x $35.00) |
| Less: | $ 8,659.00 | (Fees associated with Dr. Bley's testimony) |
| Total: | $135,742.00 | |

Plaintiff's application for attorney fees and costs is **GRANTED** as modified herein. Plaintiff is awarded attorney fees in the amount of $135,742.00 and costs in the amount of $6,591.14 for a total of $142,333.14.

**IT IS SO ORDERED.**

S/ Herman J. Weber
HERMAN J. WEBER
SENIOR JUDGE, UNITED STATES DISTRICT COURT

J:\HJWA\01-654attyfees.wpd