UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ALI BAHAR | : Case No. C-1-01-798 |
| | : J. Watson |
| Plaintiff, | : |
| | : |
| vs. | : |
| | : |
| CITY OF CINCINNATI | : **AFFIDAVIT OF** |
| | : **KELLY MULLOY MYERS** |
| Defendant. | : |

STATE OF OHIO        )
                     ) ss:
COUNTY OF HAMILTON   )

I, Kelly Mulloy Myers, being first duly cautioned and sworn, do aver as follows:

1. I am an attorney admitted to practice in the Courts of Ohio, Kentucky, the Sixth Circuit Court of Appeals, and the United States District Court for the Southern District of Ohio.

2. I graduated from the University of Cincinnati College of Law in June, 1995 and was admitted to the bar in Ohio in November, 1995. I have a Master of Arts in Labor and Employment Relations from the University of Cincinnati. I received my MA in June, 1996.

3. Since October, 1996, I have been an associate with the law firm of Freking & Betz. During my entire tenure with Freking & Betz, I have spent all of my time on employment matters. I became a partner at Freking & Betz on January 1, 2005. I was recognized in 2004 and 2005 as an "Ohio Super Lawyer" by Law and Politics Media, Inc. To my knowledge, that distinction is based on peer reviews.

4. To prepare for trial, conduct the trial, and perform other necessary services on behalf of Plaintiff Ali Bahar, I incurred 304.8 hours of attorneys fees. At an hourly rate of $250.00 per hour, the lodestar fees would amount to $76,200.00.

PLAINTIFF'S
EXHIBIT
G

5. In order to prove the claim of retaliation (and other related claims that were alleged in the case), we conducted an initial investigation prior to initiating litigation. During this investigation, Plaintiff attempted to gather extensive information and negotiate an early resolution in this matter. The matter was not able to be resolved.

6. On behalf of the Plaintiff, Freking & Betz filed formal charges of discrimination with the Federal Equal Employment Commission ("EEOC"). The filing of those charges required us to assist Plaintiff with the drafting of the formal charge, responding to a questionnaire required by the EEOC, and the preparation of a detailed affidavit to the EEOC. In addition, we attempted to assist the EEOC during its investigation of the matter. We also encouraged that the matter be conciliated during this processing of the EEOC charge, to no avail.

7. After realizing that settlement overtures during the investigation phase and during the EEOC processing phase would be unsuccessful, we initiated this litigation. The litigation process was detailed and extensive.

8. In response to Defendant's counsel's claims, we carefully reviewed all aspects of the case and the information in Plaintiff's possession. Extensive discussions were conducted with Defendant's counsel, between Plaintiff's various counsel within the law firm of Freking & Betz, and between us and Plaintiff.

9. Plaintiff also conducted extensive discovery in this matter. Multiple sets of interrogatories and document requests were served upon Defendant. Likewise, Defendant served interrogatories and document requests on Plaintiff.

2

10. The depositions conducted by Plaintiff required extensive preparation and review of written material provided by Plaintiff and Defendant. Each deposition, however, was conducted efficiently and no deposition lasted more than a few hours.

11. Once discovery was concluded in this matter, Defendant filed an extensive Motion for Summary Judgment seeking to have the case dismissed in its entirety. This motion was accompanied by further allegations by the defense counsel that the matter was without any merit.

12. The Motion for Summary Judgment prepared by this firm required us to expend substantial hours preparing a Memorandum in the Opposition to the Motion. This work included an extensive evaluation of the facts and witness testimony, as well as the other information obtained during the course of discovery. The Motion also required us to do some, though limited, research on the applicable law. The research conducted was done efficiently, as we were experienced and familiar with the authority cited by the Defendant in its Motion.

13. The parties jointly prepared a Final Pretrial Order.

14. The parties further prepared for and spent time with the Honorable Judge Susan Dlott in an effort to resolve this matter. We also attempted to engage in settlement efforts directly with Defendant's counsel after the Motion for Summary Judgment was denied and the matter was scheduled for trial.

15. When it appeared that settlement in this matter was not likely, then Randolph H. Freking and I assumed responsibility for the trial of the matter. I was intimately familiar with the matter, having conducted most of the discovery process. I assumed responsibility for the voir dire, direct examination of the Plaintiff, and Laura Bahar, and cross-examinations of

3

several of the Defendant's witnesses. Mr. Freking assumed responsibility for opening and closing statements, and cross-examination of several Defendant's witnesses. The work involved in preparation for trial and the conduct of the trial was divided so as to avoid, as much as possible, duplication of efforts.

16. Prior to trial, Defendant filed a Motion in Limine. That Motion required us to respond with a Memorandum in Opposition and Oral Argument to the Motion.

17. During trial, we represented Plaintiff during jury selection and approximately five full days of trial. The jury selection lasted approximately one-half day on Wednesday, January 19, 2005. We then spent approximately a full day Thursday, January 20, a full day Friday, January 21, a three-quarter day Monday, January 24, and a partial day on Tuesday, January 25, 2005 in trial. The Court conducted a charge conference in the matter, and the parties conducted closing argument on Wednesday, January 26, 2005. Before, during, and after each trial day, we prepared for the following days of trial.

18. Clinton Collins was formerly a paralegal with Frost & Jacobs and has extensive law office experience; Kathi Huber has more than 20 years of law office experience and became a paralegal with Freking & Betz in 1997; Nicole Seeling was a paralegal with Freking & Betz since 1995 and left the firm in 2002; Cindy Piecoro has more than 10 years of law office experience and became a paralegal with Freking & Betz in 1997; Jennifer Trakas, Angel Carpenter and Alicia Cole-Harmon all became paralegals with Freking & Betz in 2002; and that each performed traditional paralegal services in this matter.

19. Various law clerks performed tasks at an hourly rate of $60.00.

20. Attached as Exhibit A to the Application is a summary of billable hours and hourly rates spent on this case from my time records and those of the other attorneys and paralegals of our office.

21. Attached as Exhibit F to the Plaintiff's Application for fee and costs are the complete billing records maintained by our office during this case, as well as a true and accurate copy of Plaintiff's expenses incurred in this case.

Further Affiant Sayeth Naught.

_____
Kelly Mulloy Myers

Sworn to and subscribed before me on this 3 day of February, 2005.

_____
Notary Public

LEANNE R. MONTGOMERY
Attorney at Law
Notary Public, State of Ohio
My Commission Has No Expiration
Section 147.03 R.C.

5