**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ALI BAHAR, | : | Case No. C-1-01-798 |
| | : | J. Watson |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| CITY OF CINCINNATI, | : | **MOTION FOR EQUITABLE RELIEF** |
| | : | |
| Defendant. | : | |

Plaintiff Ali Bahar respectfully moves this Court for an order granting him equitable relief. Specifically, Plaintiff requests that the Court order the Defendant City of Cincinnati to transfer Plaintiff to the Waste Water Engineering Division of the Metropolitan Sewer District as a Supervising Engineer and order a raise in his compensation to the amount of $70,000 per annum.

A Memorandum in Support is set forth below and incorporated herein.

Respectfully submitted,

/s/ Kelly Mulloy Myers
Kelly Mulloy Myers (#0065698)
Randolph H. Freking (#0009158)
Trial Attorneys for Plaintiff
FREKING & BETZ
215 East Ninth Street, Fifth Floor
Cincinnati, OH 45202
(513) 721-1975/(513) 651-2570 (fax)
kmyers@frekingandbetz.com
randy@frekingandbetz.com

**MEMORANDUM IN SUPPORT**

I.    **PROCEDURAL POSTURE**

On November 20, 2001, Plaintiff filed a Complaint in the United States District Court for the Southern District Court of Ohio against the Defendant, City of Cincinnati, alleging in part that he had been retaliated against in violation of Title VII during the course of his employment with the Defendant. That Complaint was captioned C-1-01-798. In his request for relief, Plaintiff requested that, "Defendant be enjoined from further unlawful conduct as described in the Complaint" and "that Plaintiff be awarded all other legal and equitable relief to which he may be entitled." The Plaintiff filed a second Complaint on September 27, 2002, Case No. C-1-02-697, again alleging in part that the Defendant had continued to retaliate against him in violation of Title VII. Plaintiff again requested that, "Defendant be enjoined from further unlawful conduct as described in the Complaint" and "that Plaintiff be awarded all other legal and equitable relief to which he may be entitled." The matters were consolidated, and a jury trial was held before the Honorable Judge Michael H. Watson beginning January 19, 2005.

On January 26, 2005, the jury returned its verdict and unanimously determined that the Plaintiff had proven by a preponderance of the evidence that the Defendant had retaliated against him because he complained of discrimination. The jury further found that the Plaintiff was entitled to an award of compensatory damages and awarded him a verdict in the amount of $200,000.

Plaintiff now respectfully moves the Court for an order granting injunctive relief. Specifically, Plaintiff requests that the Defendant be ordered to transfer Plaintiff to a Supervising Engineer position in the Waste Water Engineering Division of the Metropolitan Sewer District and that Plaintiff be awarded a raise in compensation to a rate of $70,000 per annum.

## II.  ARGUMENT

Title VII authorizes injunctive and affirmative relief.  Section 706(g)(1) of Title VII provides, in relevant part:

> If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees . . . or any other equitable relief as the court deems appropriate.

42 U.S.C. §2000e-5(g)(1).

The purpose of Title VII is to make persons whole for injuries suffered on account of unlawful employment discrimination.  Albemarle Paper Company v. Moody, 422 U.S. 405, 418 (1975).  The injured party is to be placed, as near as possible, in the situation he would have occupied if the wrong had not been committed.  Id. at 419.  Title VII vests in federal courts "broad equitable discretion" to order appropriate equitable relief.  James v. Norton, 176 F.Supp. 2d, 385, 388 (U.S.D.C. Penn. 2001) citing Franks v. Bowman Transportation Company, 424 U.S. 747, 763 (1976).  A district court must strive to grant "the most complete relief possible" in cases of Title VII violations.  Id.  It is widely recognized that promotion is among the legitimate means of make-whole relief under Section 706(g)(1) of Title VII.  Id., citing Albermarle.

In James, the Plaintiff filed an employment discrimination suit against the Department of Interior under Title VII.  176 F. 2d at 387.  A jury found that the plaintiff was qualified for a grade level increase to a GS-11 Supervisory Museum Specialist position with the employer and that the employer had intentionally discriminated against the plaintiff on the basis of his gender.  Id.  The jury awarded the plaintiff $10,000 in back pay and $15,000 in compensatory damages.  Id.  The plaintiff subsequently moved the district court for an upgrade to a GS-11 Museum Specialist

3

position with the employer as equitable relief.  Id.  The court granted plaintiff's motion for equitable relief.  Id. at 394.

In granting the motion, the James court noted that a district court may order a retroactive promotion if it finds that the plaintiff would have attained the position but for the defendant's unlawful employment practices.  Id. at 390, citing Richerson v. Jones, 551 F. 2d 918, 923 (3d Circuit 1977) (affirming district court's two retroactive grade-level promotions of prevailing plaintiff) and Lewis v. Babbitt, 1999 U.S. District LEXIS 8824, at *12 (E.D. Penn. 1999) (ordering government to promote prevailing Title VII plaintiff three step levels from GS-9-5 to GS-9-8).  The James court further noted that the relief not only served the make-whole purposes of Title VII, but was also compelled by Title VII's deterrent goals.  Id. at 394.

In Bass v. Tanoue, 2001 U.S. Dist. LEXIS 21870, *24 (U.S.D.C. Dist. of Columbia 2001), the district court granted plaintiff's motion for an award of equitable relief and ordered that the defendant FDIC place plaintiff in the position of Chief, Financial Review Unit, Acquisition Services Branch, or in a comparable position at the grade 14 level, in plaintiff's career field, in the Washington, D.C. office of the FDIC.  Id.  In Bass, a jury determined that plaintiff had proven by a preponderance of the evidence that defendant discriminated against her on account of her race in excluding her from consideration for a grade 14 position of Chief of the Financial Review Unit. Id. at *1.  The district court noted that Title VII entitles individuals to be made whole for injuries suffered on account of unlawful employment discrimination, district courts must strive to grant the most complete relief possible, the courts must make the victim "whole" by placing him as near as possible in the situation he would have occupied if the wrong had not been committed, and that in fashioning a remedy which satisfies the objectives of Title VII, the district court is vested with considerable discretion.  Id. at *6-7, citing Hayes v. Shalala, 933 F.Supp. 21, 24 (D.D.C. 1996), Lander v. Lujan, 888 F.2d 153, 156 (D.C. Cir. 1989).  The Bass court further found that a

defendant may defeat a request for a retroactive promotion as equitable relief once discrimination has been found only by clear and convincing evidence that the plaintiff's qualifications were such that he would not in any event have been selected for the requested position. Id. at *11, citing Day v. Mathews, 530 F.2d 1083, 1085 (D.C. Cir. 1976).

In the case at bar, Plaintiff has prevailed on his Title VII claim. The Plaintiff was transferred out of his long-term position as Senior Engineer in the Waste Water Engineering Division effective August 18, 2000. (Pl. Tr. Exh. 7). At trial, evidence was introduced that an external candidate, William Lutz, was hired into the Waste Water Engineering Division as a Senior Engineer following Mr. Bahar's transfer and was compensated at a rate of approximately $70,000 per annum. Evidence was also introduced at trial that the next step in the career path for an engineer following that of Senior Engineer was that of Supervising Engineer.

The jury determined that Plaintiff had proven he had been retaliated against in violation of Title VII. Plaintiff has suffered the effects of that violation by having his career with MSD derailed. Further, Plaintiff has suffered the effects of that retaliation for over four years following his initial removal from Waste Water Engineering. Therefore, in order to grant Plaintiff the most complete relief possible, this Court must make Plaintiff whole by placing him in as near a position as he would have occupied had the unlawful activity not occurred. To that end, Plaintiff must be returned to Waste Water Engineering, promoted to the next level engineering position of Supervising Engineer and have his compensation adjusted to a rate of $70,000 per annum to comport with what the Defendant paid a Senior Engineer hired into Waste Water Engineering following Plaintiff's transfer.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Motion for Injunctive Relief be granted.

Respectfully submitted,

/s/ Kelly Mulloy Myers
Kelly Mulloy Myers (#0065698)
Randolph H. Freking (#0009158)
Trial Attorneys for Plaintiff
FREKING & BETZ
215 East Ninth Street, Fifth Floor
Cincinnati, OH  45202
(513) 721-1975/(513) 651-2570 (fax)
*kmyers@frekingandbetz.com*
*randy@frekingandbetz.com*

### CERTIFICATE OF SERVICE

I hereby certify that on February 7th, 2005, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. mail, e-mail and/or facsimile to those parties who are not served via the Court's electronic filing system.  Parties may access this filing through the Court's System.

/s/ Kellly Mulloy Myers