**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ALI BAHAR | : | Case No.: C-1-01-798 |
|     PLAINTIFF | : | (Judge Watson) |
| vs. | : | **DEFENDANT CITY OF CINCINNATI'S MEMORANDUM IN OPPOSITION TO EQUITABLE RELIEF** |
| CITY OF CINCINNATI | : | |
|     DEFENDANT | : | |

Defendant, by and through its counsel submits the following in opposition to Plaintiff's Motion for Equitable Relief.

While Plaintiff sets forth the fact that Title VII may authorize injunctive relief, only a portion of Section 706(g) of Title VII in support has been cited. A continued reading of the statute would reflect that under 706(g) 2(A) the Court is limited in granting such relief. Specifically, 706(g)(2)(A) states in pertinent part:

> **(2)(A)** No order of the court shall require the admission or reinstatement of an individual as a member of a union, or the hiring, reinstatement, or promotion of an individual as an employee, or the payment to him of any back pay, if such individual was refused admission, suspended, or expelled, or was refused employment or advancement or was suspended or discharged for any reason other than discrimination on account of race, color, religion, sex, or national origin or in violation of section 2000e-3(a) of this title.

In the present case, Plaintiff was not denied any pay or loss of benefits as a result of the alleged retaliatory claim. To the contrary, plaintiff received all pay and raises and

1

was promoted upon being qualified as a Professional Engineer to the position of Senior Engineer with comparable pay.

Plaintiff's allegations that somehow his transfer to the Waste Water Collection Division of the Metropolitan Sewer District prevents him from promotion opportunities is misplaced and without supporting evidence.

As a Senior engineer, Plaintiff is in the same category as any other Senior Engineer regardless of the division assigned; He may, if he meets the qualifications of a Supervisory Engineer, seek such a position subject to the limitations all employees would be under within the Civil Services Rules of the City and State of Ohio.

Plaintiff equates the hiring of an individual with a Professional Licensure in May of 2001, months before Plaintiff finally passed his required professional license examination, as preventing Plaintiff from promotion. First, it is uncontroverted Plaintiff did not possess the qualifications for the position in May of 2001. Second, the party to which he seeks a comparison in pay is not similarly situated as Plaintiff. The comparable was as individual hired from outside the Defendant City at a rate commensurate to market rates. There was no evidence produced at trial that had Plaintiff (1) had a license and (2) applied for the position, he would have been paid at the rate necessary to attract qualified licensed engineers from outside the City. Lastly, Plaintiff seeks a promotion to an entirely separate classification of a Supervising Engineer for which he may or may not be qualified. There was no evidence Plaintiff was denied a higher position as a result of any alleged retaliation claimed by the Plaintiff.

The purpose of equitable relief is to make the Plaintiff whole, not more than whole. The Court properly did not charge the jury with either front or back pay options since it was clear Plaintiff suffered no such losses.

The case law cited by Plaintiff is easily distinguished. *Albemarle v. Paper Company v. Moody*, 422 U.S. 405 (1975) involved back pay where the Court found that following a reorganization under a new collective bargaining agreement, certain African-American employees were "locked" in a lower paying job classification. As a Senior Engineer, Plaintiff has no impediments to pursue an earned promotion to the next highest classification. In other words, any alleged retaliation against the Plaintiff would not deny Plaintiff the same opportunity had there been no retaliation found by the jury.

*James v. Norton*, 176 F. Supp. 2d 385 similarly is a totally different fact scenario. In *James*, the jury found that the Plaintiff was qualified for a higher grades level as a Supervisory Museum Specialist. There was no finding or any evidence neither that Plaintiff was qualified as a supervisory Engineer nor that any alleged retaliation prevented such a promotion.

In this case, the Jury, correctly or not, granted Plaintiff $200,000 in compensatory damages. There is no equitable relief necessary or appropriate to make Plaintiff whole under this VII as requested.

It is therefore respectfully requested that Plaintiff's Motion for additional equitable relief be denied.

          Respectfully Submitted,
          J. RITA MCNEIL (0043535)
          City Solicitor

          s/Augustine Giglio
          Augustine Giglio (0031911)
          Terrence Nestor (0065840)
          Assistant City Solicitors
          Room 214, City Hall
          801 Plum Street
          Cincinnati, Ohio 45202
          (513) 352-3339
          FAX: (513) 352-1515
          E-mail: gus.giglio@cincinnati-oh.gov
          Trial Counsel for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 11, 2005, I sent a copy of the foregoing memorandum in opposition to equitable relief trial brief by facsimile to counsel for the Plaintiff Kelly Mulloy Myers, Randolph Freking, counsel for Plaintiff, Freking & Betz, 215 East Ninth Street, Fifth Floor, Cincinnati, Ohio 45202.

          S/Augustine Giglio
          Augustine Giglio (0031911)
          Terrence Nestor (0065840)
          Assistant City Solicitors
          Attorneys for Defendant
          Room 214, City Hall
          801 Plum Street
          Cincinnati, Ohio 45202
          (513) 352-3339
          Fax: (513) 352-1515
          e-mail: gus.giglio@cincinnati-oh.gov