UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ALI BAHAR | : | Case No.: C-1-01-798 |
|     PLAINTIFF | : | (Judge Watson) |
| v. | : | DEFENDANT CITY OF CINCINNATI'S MOTION |
| CITY OF CINCINNATI | : | FOR NEW TRIAL UNDER FED R CIV P 59(a) |
|     DEFENDANT | | |

Defendant, through its counsel, having at the close of all the evidence moved this court for judgment as a matter of law, which motion was denied, and thereafter a verdict having been returned by the Jury in favor of Plaintiff, Defendant has filed a motion for judgment as a matter of law under Fed R. 50(a) presently pending before this Court.

On March 10, 2005, the Court entered its judgment order that the Jury rendered its verdict for a compensable damages award of $200,000 in favor of the Plaintiff. The Court further ordered that Plaintiff's Motion for Equitable relief be granted to the extent that Plaintiff be transferred to the Waste Water Engineering division of MSD. All other equitable relief requested was denied.

In the event Defendant's Motion for Judgment as a Matter of Law is denied, Plaintiff files the within motion pursuant to Fed R 59(a) to set aside the verdict and the judgment entered thereon, and to grant Defendant a new trial on the claim of retaliation on the following grounds:

1

*(1)* Plaintiff has failed to prove a prime facie case of retaliation, in that Plaintiff failed to present any evidence that the decision makers for the Defendant had knowledge of Plaintiff's protective activity;

*(2)* that the alleged employment actions were not adverse;

*(3)* There was no evidence of a causal connection between the alleged adverse acts and Plaintiff's protected activity;

*(4)* The jury instructions were plain error in that they failed to provide any instruction as to the necessary requirement of Plaintiff to bear the burden of proof to overcome any legitimate reasoning for Defendant's actions alleged to have been retaliatory;

*(5)* The verdict as to retaliation was against the substantial weight of the evidence as Plaintiff failed to prove the necessary elements of a prima facie case;

*(6)* The verdict as to retaliation was against the substantial weight of the evidence as it failed to meet the burden of proof beyond any prima facie case to prove any legitimate non-discriminatory actions were a pretext;

*(7)* Jury Instructions contained plain error as they confuse knowledge of the Defendant municipality and that of its agents with that of decision makers.

*(8)* Jury Instructions contained plain error in instruction relating to causal connection.

          Respectfully Submitted,

          JULIA L. McNEIL (0043535)
          City Solicitor

/s/ Augustine Giglio
AUGUSTINE GIGLIO (0031911)
TERRANCE A. NESTOR (0065840)
Sr. Assistant City Solicitor
Room 214 City Hall
801 Plum Street
Cincinnati, Ohio 45202
Ph. (513) 352-3334
Fax: (513) 352-1515
Email: gus.giglio@cincinnati-oh.gov
Trial Attorneys for the Defendant

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION**

Defendant incorporates the facts as set forth in its companion Motion for Judgment as a Matter of Law presently pending before this court. For the convenience of the court, the facts and argument is fully restated.

**Statement of Facts**

Plaintiff Ali Bahar has been employed with the Defendant, the City of Cincinnati, through the Metropolitan Sewer District since 1988. (Pl.'s Compl. 1, ¶8; Deposition of Ali Bahar, p. 9, ¶¶3-4, hereafter "Bahar Depo.") He was originally hired as an Engineer-In-Training or "EIT." (Deposition of Julia Johnson, Exhibit 1, hereafter "Johnson Depo.") State law and Civil Service regulations requires that an EIT obtain a professional engineer's license within ten years; otherwise the EIT must be moved to a different position with the title of Civil Engineering Technician, Senior Technician or Senior Engineering Technician. (Johnson Depo., pp. 29-30.) Because Plaintiff and several other similarly situated MSD employees did not receive their licenses within ten

3

years, they were laterally moved into the classification of a senior engineer technician (CET-4), but retained the same pay as before their change in classification.

On July 10, 2000, Plaintiff received a written reprimand for violating administrative procedures by failing to obtain approval of an increase in a Capital Improvement Contract for additional work in excess of $200,000. Plaintiff did not lose any pay or benefits as a result of this reprimand.

Plaintiff wrongfully alleged he was discriminated against because: (1) no American-born employees who were given verbal approval of project orders were disciplined; (2) his job responsibilities were taken away from him and he was treated differently than similarly-situated, less qualified American-born individuals; (3) an American-born employee with less education and qualifications was hired to perform Plaintiff's previous job duties; and (4) he was isolated at the workplace, often given nothing to do.  (Pl.'s Compl. 1, ¶¶17, 22-23, 25.)  Also, Plaintiff wrongfully asserted that the City's failure to place him in the position of Facilities Manager and to promote him to CET-5 level constitutes national origin discrimination.  (Pl.'s Compl. 2, ¶15; Bahar Depo., p. 43, ¶¶4-6.) Plaintiff sought the position of Facility Manager. The Department of Facility Management is an entirely different department operated by the City of Cincinnati with no direct connection with the operations of MSD. Specifically, Plaintiff wrongfully alleges that the City has engaged in a pattern and practice of national origin discrimination and retaliation. (Pl.'s Compl. 1, ¶26).    During his employment, the Plaintiff has received consistent raises and never had a decrease in pay. (Bahar Depo., p. 119, ¶¶6-8 and p. 203, ¶¶6-12.)  Plaintiff received his only written reprimand from his supervisor at the time, Tony Huang on July 10, 2000.  The reprimand was for his failure

to follow MSD/City policies and procedures regarding obtaining a supervisor's authorization for a purchase change order to a work contract. (Karney Depo., p. 61, ¶¶1-7, Exhibit 1; Deposition of Robert Campbell, p. 12, hereafter "Campbell Depo.")  The City requires engineers to obtain supervisor approval prior to expending additional monies, especially since projects cannot exceed their appropriated amounts. (Deposition of Thomas Quinn, p. 37, ¶¶3-9 and p. 43, hereafter "Quinn Depo.")  Violations of such procedures justify employee discipline. (Quinn Depo., p. 43, ¶¶12-24.)

The jury rejected all of Plaintiff's claims of National Origin discrimination. The only claim resulting in a verdict was the remaining Retaliation claim.

On July 27, 2000, Plaintiff filed an internal EEO complaint with the EEO Department of the City of Cincinnati. In his complaint, Plaintiff alleged that he was discriminated against based upon race and national origin. (Trial EXH-DX2092). The charge together with a request by the EEO office for a response by the Metropolitan Sewer District was sent to the Director, Patrick Karney of MSD on August 22, 2000. (Trial Exh-2063). Mr. Karney testified at trial that he had no prior knowledge of the complaint and that the same was first sent to him on or after August 22, 2000. Mr. Robert Campbell similarly testified that he had no knowledge of the charge filed with the internal EEO department of the City until sometime after August 22, 2000. Plaintiff failed to produce even a scintilla of evidence that MSD decision makers had any knowledge of his complaint before August 22, 2000.

Plaintiff subsequently filed three separate EEOC charges with the Federal EEOC Office. The first charge was filed on February 9, 2001 alleging discrimination and

retaliation based upon the circumstances giving rise to Plaintiff's reprimand, his removal of Project Manager duties, and his transfer.(Trial Exh PX10).

The second filing was dated May 31, 2001alleging discrimination based upon national origin and retaliation alleging that all of his job responsibilities were removed and he is essentially doing nothing. In addition, Plaintiff complained of being assigned to report to a non-engineer and the fact that a Caucasian was hired to take over some of his projects at a salary of $20,000 more than he was being paid.

Lastly, on December 3, 2001 a final charge was filed with the EEOC alleging discrimination and retaliation based upon Plaintiff not being hired as Facility Manager in the General Services Department for the City of Cincinnati.

**Argument**

In light of the court's conclusion in its order on Plaintiff's motion for equitable relief, that the jury's finding of retaliation was the transfer of Plaintiff, the Defendant will address the facts, law and evidence relating to the transfer. Defendant incorporates, however, all its previous arguments for Judgment as a Matter of Law relating to any other action that may be argued as adverse and retaliatory in nature.

**(1) Plaintiff's failure to prove a prime facie case of retaliation.**

As previously argued in its motion for judgment as a matter of law, the 6th Circuit has set for the necessary elements to sustain a prima facie of Title VII retaliations as follows:

1) plaintiff engaged in activity protected by Title VII; 2) plaintiff exercise of his civil rights was known by the defendant; 3) that, thereafter, the defendant took an employment action adverse to the plaintiff; and 4) that there was a causal connection between the protected activity and the adverse employment action" claim of retaliation.[2]

---

[2] *Mulhall v. Ashcroft*, 287 F. 3d 543(2002)

In the present case, Plaintiff failed to prove a prima facie case of retaliation in that he failed to present competent, reasonable and probative evidence of knowledge of the decision makers of his protected activity before he was transferred. It was undisputed at trial that he was advised of his transfer by at least August 18, 2000, four days before notice was sent by the City's EEO office to the Director of MSD. The testimony of Mr. Karney, Director and Mr. Campbell, Deputy Director at the time, that they were totally unaware of any pursuit of any protected activity was undisputed. Even Plaintiff acknowledged that when he complained by e-mail to City council members, he did not send any copy to the decision makers. It is interesting to note Plaintiff's assertion that maybe the EEO Office held up sending notice so that his transfer could be effectuated. Again, there was no evidence other than such conjecture to allow the jury to find any knowledge of the decision makers.

No evidence was presented that the transfer would not have occurred but for the seeking of a protected activity.

Other than seeking an activity that could be argued as protective under Title VII, Plaintiff fails to meet all the remaining elements of a retaliatory claim.

No evidence contesting Defendant's position that the decision to assign Plaintiff and other EITs into CET4 positions was made prior to Plaintiff's seeking a protected activity was presented. Defendant's position was supported by the testimony of Ms. Johnson. (Testimony J. Johnson at p.57). In addition, uncontested evidence at trial was presented that the Civil Service Commission was asked to formally approve such re-classification on August 18, 2000. (Trial ExhPX7/DX2002). Again, this action was

taken prior to August 22, 2000, the date when first knowledge of the protective activity was sent to the decision makers. (Trial Exh DX2015).

The Plaintiff not having provided any evidence of actual knowledge of the internal EEO filing before August 22, 2000, the jury could only be left to speculate as to whether knowledge had been achieved.

The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present "evidence on which the jury could reasonably find for the Plaintiff" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). "The 'mere possibility' of a factual dispute is not enough." Mitchell v. Toledo Hosp., 964 F. 2d 577, 582 (6th Cir. 1992) (quoting Gregg v. Allen-Bradley Co., 801 F. 2d 859, 863 (6th Cir. 1986).[4]

**(2) The alleged employment actions were not "adverse".**

In addition to lack of knowledge by the decision makers, Plaintiff also failed to submit evidence that the alleged retaliatory actions amounted to an adverse action as defined by law. The transfer was not adverse.

The 6th Circuit has established the requirements for establishing a materially adverse employment action as being:

> [M]ore disruptive than a mere inconvenience or an alteration of job responsibilities. A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation.[5]

---

[4] *Mulhall v. Ashcroft, id.* at p. 551.

[5] In *Hollins v. Atlantic Co,* (6th Cir. 1999), 188 F.3d 652, at 662.

8

The court has consistently held that de minimus employment actions are not materially adverse, and thus, not actionable. *See, e.g., Id.* at 662 (holding that "[s]atisfactory ratings in an overall evaluation, although lower than a previous evaluation, will not constitute an adverse employment action where the employee receives a merit raise"); *Jacklyn v. Schering Plough Healthcare Prod.* (6th Cir. 1999), 176 F.3d 921, 930 (holding that "neither requiring plaintiff to work at home while she was recovering from out-patient surgery, nor rejecting computer expenses that previously had been approved were materially adverse employment actions"); *Jackson v. City of Columbus* (6th Cir. 1999), 194 F.3d 737 (holding that police chief's suspension with pay was not an adverse employment action); and *Kocsis v. Multi-Care Management* (6th Cir. 1996), 97 F.3d 876, 885 (holding that "reassignments without salary or work changes do not ordinarily constitute adverse employment decisions in employment discrimination claims").

Applying these previous Sixth Circuit holdings to the Plaintiff's claims clearly demonstrates that he cannot establish a materially adverse employment action. The Plaintiff's situation is similar to *Kocsis* in that he was reassigned a new position pursuant to Ohio law (due to the his failure to obtain a professional engineer license within ten years) that provided similar pay and benefits. Plaintiff attempts to argue that since his duties were different as a CET-4, this amounts to a material change sufficient to create an adverse action. This is not the case. In the present case, all the evidence at trial confirmed that as a CET-4, duties would necessarily change. Even Mr. Huang, an adverse witness to the defense, acknowledged that when he was advised not to allow employees to work above their classification, he applied that directive to all equally. Plaintiff, by the very nature of being re-classified as a CET-4, had different duties and assignments. When

9

Plaintiff was assigned to Wastewater Collections, Ralph Johnstone, Jerry Wiemer and Steven Minges testified Plaintiff was assigned commensurate work.

The undisputed facts remain that Plaintiff is still currently employed with MSD. He suffered no loss of pay, benefits, nor any loss of promotional advancement. Any advancement would be and was dependent on his achieving a Professional Engineering license.

Plaintiff's perception of his duties and whether they are less than favorable is insufficient to establish an adverse action. " A mere inconvenience or an alteration of job responsibilities or a "bruised ego" is not enough to constitute an adverse employment action for Title VII purposes.[6]

**(3) No evidence of a causal connection between his protected activity and transfer.**

A mere proximity in time, without further compelling evidence, is insufficient to substantiate a causal connection.[7] There was no evidence that the transfer occurred as a result of Plaintiff seeking a protected activity. Without knowledge of the activity, it would be impossible to base any decision to transfer Plaintiff within MSD to another division as related.

**(4) The jury instructions were plain error in that they failed to provide any instruction as to the necessary requirement of Plaintiff to bear the burden of proof to overcome any legitimate reasoning for Defendant's actions alleged to have been retaliatory.**

Assuming *arguendo*, that Plaintiff established a prima facie case of retaliation, the Defendant presented legitimate, non-discriminatory reasons for transferring Plaintiff to

---

[6] *White v. Burlington Northern & Santa Fe Railway Co.*, 364 F. 3d 789 (6th Cir. 2004), at 797 citing *of Kocsis v.v. Multi-Care Management Inc., cited supra.*

[7] Nguyen v. City of Cleveland, 229 F. 3d 559 (6th Cir. 2000).

10

the Waste Water Collection Division within MSD. Plaintiff provided no evidence that the reasons given were a pretext. More importantly, the jury was not instructed that Plaintiff had the burden to produce evidence that the reasons presented y Defendant were a pretext. The court did discuss pretext when describing the elements under Plaintiff's first count of discrimination, which the jury rejected. The instructions, however, were absent when the count of retaliation was described. The jury had no opportunity to even consider if Plaintiff had provided sufficient evidence to prove any pretext for the retaliatory action claimed.

When instructing the jury as to the second count pertaining to Plaintiff's claim of retaliation, the instructions were silent as to the shifting burden of proof if Plaintiff managed to establish a prima facie case. As in the case of National Origin discrimination, in a retaliation claim, the Plaintiff maintains the continued burden to prove that any legitimate reason for alleged retaliatory adverse action was in fact a pretext. The Jury was provided no such instructions. The omissions of such a critical element in the burden of prove requirement was plain error.

Again, assuming *arguendo*, that Plaintiff established a prima facie case of retaliation, all of which Defendant specifically denies, if the Defendant City articulated a legitimate, non-discriminatory reason for its actions, the burden remains with the Plaintiff.  Just as in the denied discrimination claim, Plaintiff has the burden to show the reasons given were a pretext.

The Plaintiff may show the reasons of defendant are pretextual, and the real motivating reason is retaliation by showing the proffered reasons: (1) have no basis in fact; (2) did not actually motivate the Defendant's challenged conduct, or (3) were

insufficient to warrant the challenged conduct.[8] In order to show that the reasons given by the City did not motivate the alleged adverse action, Plaintiff must introduce additional evidence of retaliation.[9]

The facts revealed at trial demonstrated that the Defendant had legitimate non-discriminatory reasons for transferring him. Plaintiff failed to present additional evidence beyond what is necessary to show a prima facie case. Therefore, Plaintiff failed to prove that the reasons given were a pretext.

**(5) The verdict as to retaliation was against the substantial weight of the evidence as Plaintiff failed to prove the necessary elements of a prima facie case.**

For the reasons stated above, the substantial weight of the evidence was insufficient to support the element of knowledge of Plaintiff seeking protected activity by the decision makers; of adverse action; and of a causal connection between the protected activity and the transfer. Having failed to present such evidence, the verdict was against the substantial weight of admitted evidence before the jury. Defendant herby incorporates its previous arguments as set forth in its motion for judgment as a matter of law.

**(6) The verdict as to retaliation was against the substantial weight of the evidence as it failed to meet the burden of proof beyond any prima facie case to prove any legitimate non-discriminatory actions were a pretext.**

The Plaintiff may not have desired the transfer, nor changed duties from an EIT to a CET-4, however he did not present any evidence to allow the jury to find that the transfer was pretextual.

However, when instructing the jury as to the second count pertaining to Plaintiff's claim of retaliation, the instructions were silent as to the shifting burden of proof if the

---

[8] Wexler v. White's Fine Furniture , 317 F. 3d 564, 576 (6th Cir. 2003).
[9] Manzar v. Diamond Shamrock Chems. Co., 29 F. 3d 1078, 1084 ( 6th Cir. 1994).

facts revealed at trial demonstrated Defendant City's legitimate non-discriminatory reasons for Plaintiff's s transfer. The fact that the transfer was based upon the re-assignment of EITs to CET-4 positions as they became available (Trial Exh PL 7) and the testimony of the superintendent that he wanted Plaintiff to be available to fill a newly created CET-4 in his department was uncontested.

All of the legitimate reasons provided for the Defendant's actions went uncontested by the Plaintiff, not having a clear instruction as to the requirement of Plaintiff to meet his burden as to pretext was confusing, prejudicial and plain error.

**(7)    Jury Instructions contained plain error because they confuse knowledge of the Defendant municipality and that of its agents with that of decision makers.**

The Jury Instructions contained plain error in that they were confusing, prejudicial and misleading. As given, they confused knowledge of the Defendant municipality and that of its agents without distinguishing the fact that only the knowledge of decision makers can satisfy the necessary prong of knowledge to substantiate a claim of retaliation**.**

The instructions allowing the jury to conclude that any knowledge of a corporation's agents or employee's is the same as knowledge to the corporation was plain error.  While knowledge can be imputed under certain factual situations, under a retaliation claim, only the knowledge of the decision makers can fulfill the knowledge element of a prima facie claim of retaliation. By allowing this instruction, without further explanation, the jury was able to give necessary knowledge of a protected activity by the mere fact someone in the City may have been aware of the Plaintiff's claim. In this case, Plaintiff, having filed his complaint with the internal EEO Office of the City despite an absence of evidence of the decision makers' knowledge, would allow this jury to

13

incorrectly find a necessary element of Plaintiff's retaliation claim. At the very least, this instruction was confusing and as such should be grounds for a new trial on the issue of retaliation alone. Such error in the instruction allowed the jury to be misinformed as to whether the requisite knowledge of the protected activity did in fact exist. (p. 6 of instructions).

### (8) Plain error in instruction relating to causal connection.

The court's instructions failed to state correctly the limitation on inference by close proximity in time. While close proximity in time creates an inference of a causal connection between two events, temporal proximity alone will not support an inference of retaliatory discrimination when there is no other compelling evidence.[10] The Jury instructions as given, allowed the jury to misconstrue the proper standard and allowed them to interpret the instruction to allow proof of a causal connection to be made solely by time proximity. (P.11 of Jury Instructions). This absence of the full definition created plain error.

For all of the above reasons, Defendant respectfully request that judgment be entered as a matter of law for the Defendant. Alternatively, Defendant hereby moves for a new trial so a jury may be properly instructed as to knowledge, burden of proof as to pretext, and temporal proximity.

For all of the above reasons, Defendant respectfully requests that in the event, judgment as a matter of law is not entered in favor of the Defendant, in the alternative, this motion for a new trial be granted consistent with instructions to the jury as to the

---

[10] *Nguyen v. City of Cleveland*, cited supra.

burden of proof as to pretext, knowledge of the decision maker and the burden as to causal connection.

                                              Respectfully Submitted,

                                              JULIA L. McNEIL (0043535)
                                              City Solicitor

                                              /s/ Augustine Giglio
                                              AUGUSTINE GIGLIO (0031911)
                                              TERRANCE A. NESTOR
                                              (0065840)
                                              Sr. Assistant City Solicitor
                                              Room 214 City Hall
                                              801 Plum Street
                                              Cincinnati, Ohio 45202
                                              Ph. (513) 352-3334
                                              Fax: (513) 352-1515
                                              Email: gus.giglio@cincinnati-oh.gov
                                              Trial Attorneys for the Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 18th , 2005 a true and accurate copy of the foregoing Motion was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

                                              \s\ AUGUSTINE GIGLIO
                                              AUGUSTINE GIGLIO (0031911)
                                              Sr. Assistant City Solicitor