UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ALI BAHAR, | : | Case No. 1:01cv798 |
| | : | |
| Plaintiff, | : | Judge Michael H. Watson |
| | : | |
| v. | : | |
| | : | |
| CITY OF CINCINNATI, | : | **PLAINTIFF'S APPLICATION FOR** |
| | : | **SUPPLEMENTAL ATTORNEY** |
| | : | **FEES, COSTS, AND** |
| Defendant. | : | **POST-JUDGMENT INTEREST;** |
| | : | <u>**MEMORANDUM IN SUPPORT**</u> |

Plaintiff Ali Bahar, through his attorneys, moves the Court to award supplemental attorneys' fees and costs. Specifically, Plaintiff seeks an additional award of $19,646.50 for attorneys' fees, $2,083.17 in costs, and $8,788.60 in post-judgement interest. Accompanying this motion is a memorandum in support and detailed exhibits.

Respectfully submitted,

/s/ Kelly Mulloy Myers
Randolph H. Freking (#0009158)
Kelly Mulloy Myers (#0065698)
Attorneys for Plaintiff
FREKING & BETZ
215 East Ninth Street, Fifth Floor
Cincinnati, OH 45202
(513) 721-1975
Randy@frekingandbetz.com
KMyers@frekingandbetz.com

**MEMORANDUM IN SUPPORT**

I.  **INTRODUCTION**

Plaintiff, as the prevailing party in this action, applies for an award of supplemental attorney fees award and costs. Plaintiff applied for attorney fees in the amount of $146,756.50 and costs in the amount of $6,161.70 for a total amount of $152,918.20 on February 4, 2005. On June 20, 2006, the Court issued an Opinion and Order denying Defendant's Post-Judgment motions and instructing Plaintiff to file an amended or additional application for fees within 30 thirty days of the order. Plaintiff hereby submits his additional application for supplemental fees and costs incurred after Plaintiff's February 4, 2005 fee application.

II.  **STANDARD FOR AWARDING ATTORNEY FEES**

The federal criteria for an award of attorney fees are set forth in Blum v. Stenson, 465 U.S. 886 (1984); Hensley v. Eckerhart, 461 U.S. 424 (1983); and Northcross v. Bd. of Education of Memphis School District, 611 F.2d 624 (6th Cir. 1979). Once a Plaintiff crosses the statutory threshold and is found to be the "prevailing party," the Plaintiff is "entitled to recover attorney fees" for "all time reasonably spent on a matter." Northcross, supra, at 636. The Supreme Court has recognized the normal method for calculating an appropriate award of attorney fees as the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Hensley, 461 U.S. at 433.

Plaintiff's counsel is entitled to reasonable fees for all post trial representation including any work associated with an Appeal, if filed.

### A. **Plaintiff Does Not Request a Multiplier to Counsel's Hourly Rates in This Case**

Plaintiff requests reasonable rates for lawyers and paralegals employed or retained by Freking & Betz as detailed in Exhibit A. The hourly rates are consistent with rates the same rates previously approved by this Court in other matters.

### B. **Plaintiff's Counsel's Hours**

Once the hourly rate has been determined, the next step is to calculate the hours reasonably expended in this action. Northcross, 611 F. Supp. at 636-637, clearly sets forth the procedure for calculating the number of hours reasonably expended. The Court should indicate on the record the number of hours it finds the prevailing party's attorneys have expended on the case. Id.

The hours claimed may not be automatically accepted by the Court, but to the extent that the hours are rejected, the Court must indicate some reason for its action. If the Court decides to eliminate hours of service adequately documented by the attorney, it must identify those hours and articulate its reason for his elimination. Id. Time spent for litigating the fee issues should also be included in the award. Weisenberger v. Hucker, 593 F.2d 49 (6th Cir. 1979).

The time spent on this action is reasonable. The question is not whether a party prevailed on a particular motion or whether the time expenditure was strictly necessary to obtain the relief achieved. Rather, the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed. Wooldridge v. Marlene Industries Corp., 898 F.2d 1169, 1177 (6th Cir. 1990). Under this test, all hours expended in this action by Plaintiff's attorneys were reasonable.

As demonstrated by the summary of attorneys' time attached as Exhibit A and billing records attached as Exhibit B, the vast majority of counsel's time since Entry of the verdict has been spent on opposing post-judgment motions submitted by the Defendant.

Finally, Plaintiff's counsel is entitled to fees in connection with the time associated with this Application and other post-trial matters. The hours requested in connection with this Application are reasonable because the work was performed by paralegals and lawyers with experience in fee applications, such experience enabling the Application to be prepared as efficiently as possible.

Plaintiff's counsel's time is summarized in Exhibit A

### C. Expenses of Litigation

Plaintiff is also entitled to an award of costs and expenses that were billed to Plaintiff. This includes transcript costs and xeroxing (.10 per page) Northcross, supra, at 639. Plaintiff's expenses to date are itemized and totaled in Exhibit C. Plaintiff's total expenses since the February 4, 2005 fee application are $2,083.17. Interest at the statutory rate is calculated at $8,788.60 from the date of March 10, 2005.

In order to respond to Defendant's Post-Judgment Motions, it was necessary to order trial transcripts. Plaintiff's costs in this action are summarized in Exhibit C.

### D. Summary of Hours and Expenses

See Exhibit A.

**III.    CONCLUSION**

Plaintiff requests that his February 4, 2005 Application for Attorney Fees and Costs be granted in the amount of $152,918.20.

Plaintiff further requests that the Motion for Supplemental Attorney Fees, Costs and Post-Judgement Interest be granted in the amount of $19,646.50 for fees, expenses in the amount of $2,083.17 and post-judgement interest in the amount of $8,788.60 for a total of $30,518.27.


                                                        Respectfully submitted,


                                                         /s/ Kelly Mulloy Myers
                                                        Randolph H. Freking (#0009158)
                                                        Kelly Mulloy Myers (#0065698)
                                                        Attorneys for Plaintiff
                                                        FREKING & BETZ
                                                        215 East Ninth Street, Fifth Floor
                                                        Cincinnati, OH  45202
                                                        (513) 721-1975
                                                        Randy@frekingandbetz.com
                                                        KMyers@frekingandbetz.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2006 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. mail to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Kelly Mulloy Myers