UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ALI BAHAR, | : | Case No.: C-1-01-798 |
| Plaintiff, | : | (Judge Watson) |
| vs. | : | |
| CITY OF CINCINNATI, | : | **DEFENDANT CITY OF CINCINNATI'S RESPONSE TO PLAINTIFF'S APPLICATIONS FOR FEES/COSTS AND POST-JUDGMENT INTEREST** |
| Defendant. | : | |
| | : | |

Defendant, City of Cincinnati, submits the following memorandum in opposition to Plaintiff's Applications for Attorney Fees/costs, and Post-Judgment Interest and requests Plaintiff's fees be reduced or disallowed as set forth in this memorandum.

**I.    Legal Standard**

The useful starting point in determining a reasonable fee is determined by utilizing the "lodestar" method of calculation, that is, a reasonable fee is determined by a reasonable hourly rate and a reasonable number of hours expended in the successful litigation.  First, the party seeking an award of attorney fees must submit evidence supporting the rates and hours claimed. *Hensley v. Eckerhart,* 461 U.S. 424 (1983).  Not only must attorneys exclude unnecessary hours from their bill, they must also maintain billing time records that are sufficiently detailed to enable the courts to review the reasonableness of the hours expended. "Plaintiff's counsel, of course, is not required to record in great detail how each minute of his time was expended.  But at least counsel should identify the general subject matter of his time expenditures." *Id*., at 437n 12, 103 S.Ct. at 1941 n. 12.

Fees are to be calculated according to prevailing market rates in the relevant community. *Blum v. Stenson*, 465 U.S. 104 (1984). The prevailing party is required to justify the reasonableness of the requested rate or rates. *Id*. at 896.

### II.     Billing Description

**a)     The Court should reduce the total time billed for time unrelated to successful litigation.**

In Plaintiff's documentation supporting an award of fees, services for considerable time is requested for a sixteen-month period prior to the filing of any court action. (Plaintiff's Exhibit F). The time entries as to the nature of the meetings, drafted letters and conferences lack sufficient detail required to allow the Court to review the reasonableness of the hours. *Woolridge v. Marlene Indus. Corp.,* 898 F. 2d 1169, 1176-77 (6th Cir. 1990). Where the documentation is inadequate, this Court may reduce the award accordingly. See *Hensley, supra.*

Defendant is assuming the hearing preparation and attendance entries in September 2000, some fourteen months before any suit was filed, dealt with a Civil Service Appeal regarding the reclassification of Plaintiff, together with several other Engineers in Training without professional licenses. (See Defendant's Exhibit 1). No allegations of retaliation are noted in this Civil Service Appeal. While Plaintiff may allege this time related solely to his successful claim on retaliation, many of Plaintiff's alleged retaliatory actions occurred long after the initial filing of Plaintiff's EEOC charge for which Plaintiff submits considerable time entry references to the EEOC from 1/15/01 until late 2001. (Plaintiff's Exhibit F). While Plaintiff seeks to be paid for reasonable investigation time, a majority of the entries prior to filing suit appear to go far beyond any reasonable and necessary investigative stage as they apply to the successful retaliation claim.

The Plaintiff was unsuccessful in his National Origin Discrimination claim. The initial complaint filed on 11/20/01 couldn't have contemplated the multiple claims of retaliation that Plaintiff alleged to have occurred in May of 2001 and later. A second complaint filed in September of 2002 under case No. 1:02-cv-697 was consolidated. The claim of retaliation in that action alleged retaliation for denial of a Facility Manager position on or about May 24, 2001. This was ten months after Plaintiff's initial conference with counsel. (Plaintiff's Exhibit F). Clearly, no work on that retaliatory allegation could have been contemplated from July 2000 to the end of May 2001. Therefore, the time entries from July 2000 until at least November 2001, when Plaintiff included a count for retaliation, should be stricken from consideration.

### III. Plaintiff's Counsel's hourly rates are excessive in comparison to comparable counsel in this market area.

Defendant agrees with Plaintiff's counsel that the first step in determining a reasonable fee is to determine the hourly rate. *Blum, supra* at 895-896. Plaintiff's counsel has submitted a request for rates for lawyers employed by Freking & Betz as follows: Randolph Freking at $385 per hour; Sheila Smith at $275 per hour; Carol Wood and Kelly Mulloy Meyers at $250 per hour and Anne Wittenauer at $135 per hour. Paralegals were requested compensated at $65-95 per hour and law clerks at $60 per hour with a legal assistant at $25 per hour. Plaintiff's Exhibit A. Defendant requests that the Court reduce Mr. Freking's hourly rate to not more than $350 per hour. Based upon the cases referenced by Plaintiff's counsel, this is the amount previously approved for Mr. Freking as recently as 2004 in the case of *Readnower v. General Ionics, Inc.* (Case No. C-1-01-654). (Plaintiff's Exhibit E). $350 per hour is a reasonable rate. The requested increase of approximately ten percent for inflation is not supported by any the evidence submitted. There is no argument by the Defendant that Mr. Freking is highly qualified and held in high esteem as an employment law specialist. The customary

3

"market rates" are still the guide for such qualified and respected counsel.  There is no support to unilaterally increase what has been the prevailing rate of a substantial hourly fee in this community.  Other examples submitted to support Mr. Freking's fees are in Plaintiff's Exhibits C and D in which the court awarded fees based on the rate of $350 per hour. There is no evidence that the rate should rise above that amount.

Ms. Meyers is also acknowledged as a skilled and competent employment attorney.  Her expertise and experience, however, is not as extensive as Mr. Freking.  Based upon her affidavit (Plaintiff's Exhibit G), there is no evidence of her being awarded $250 per hour in other cases.  Consistent with Plaintiff's Exhibit C, a rate of $200 per hour would appear supported by the evidence.  In that Exhibit, attorney Megan Clark, a colleague of Ms. Meyers and also admitted to practice the same year as Ms. Meyers, was awarded fees at a rate of $200 per hour.  In granting the $200 rate, the court referenced the fact that the case was not a relatively simple case as in another referenced case entitled *Vann v. University of Cincinnati, et al.* (*Id.* at p. 2) suggesting a lower rate.  The court took into consideration the difficult nature of the case in its ultimate decision to award the $200 per hour figure.  Therefore, the $200/hour rate is a reasonable determination of fees for Ms. Meyers, Ms. Clark and Sheila Smith, who were all admitted to practice in 1995.

Lastly, the Defendant submits support that both the $350 per hour rate for Mr. Freking and a $200 per hour rate for Ms. Meyers is a reasonable fee based upon the results of a survey published by the Ohio Bar Association in its Desktop Reference on the Economics of Law Practice in Ohio in 2001. (Defendant's Exhibit 2).  A detailed breakdown was provided as to the size of firms and years of experience.  For example, an attorney in a firm of 6-20 lawyers had a median rate of $150-$157, with a premium rate up to $267.  Attorneys with 16-25 years of experience, was $150-$165 with a premium (those in the 95 percentile) were up to $270. (*Id*. at p.17). Taking into account the year of this report, present rates at $350 and $200 per hour are reasonably supported.

4

**IV.    Post-Judgment Interest**

Defendant's motions for Judgment as a matter of law or for a new trial were filed in March of 2005. On July 14, 2006, the Defendant filed its Notice of Appeal from the Judgment entry of March 2005 and June 20, 2006 to the 6th Circuit Court of Appeals. In light of the pending nature of this claim and verdict on the sole issue of retaliation, it would appear pre-mature to address any post-judgment interest requests. It is respectfully requested that a consideration of post-judgment interest, if any or if awarded from what date, should be held in abeyance until this case is ultimately decided.

**V.    Conclusion**

In summary, the Defendant requests the following:

1. Reduce the requested hourly rates for Randolph Freking to no more than $350.00.

2. Reduce the requested hourly rates for Kelley Mulloy Meyers, Megan Clark and Sheila Smith to be no more than $200.00.

3. Strike the hours requested in Plaintiff's Exhibit F for the period from 7/25/00 to 11/19/01.

4. After all of the above reductions are made, the Defendant requests an across-the-board percentage reduction for insufficient descriptions in the billing statement for Services.

5. The request for Post-Judgment interest be held in abeyance until this matter is decided on appeal.

Respectfully submitted,

JULIA L. MCNEIL (0043535)
City Solicitor


_ s/Augustine Giglio_____
Augustine Giglio (0031911)
Assistant City Solicitor
Room 214, City Hall
801 Plum Street
Cincinnati, Ohio 45202
(513) 352-3339
FAX: (513) 352-1515
E-mail: gus.giglio@cincinnati-oh.gov
Trial Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2006 a true and accurate copy of the foregoing Motion was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

\s\ AUGUSTINE GIGLIO
AUGUSTINE GIGLIO (0031911)
Sr. Assistant City Solicitor