UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ALI BAHAR | : | Case No.: C-1-01-798 |
| | : | |
| Plaintiff, | : | (Judge Watson) |
| | : | |
| vs. | : | |
| | : | PLAINTIFF'S REPLY TO |
| CITY OF CINCINNATI | : | DEFENDANT'S MOTION |
| | : | IN OPPOSITION TO FEES/ |
| Defendant. | : | COSTS AND POST-JUDGMENT |
| | : | INTEREST |
| | : | |

Defendant's have made objections to Plaintiff's Application for Attorneys' Fees and Costs. For the following reasons, Defendant's objections are without merit and should be denied.

**I.    Defendant's request to strike certain hours is unwarranted and should be denied.**

Defendant seeks to strike hours for legal work during the period from July 25, 2000 to November 19, 2001. According to Defendant, work done prior to litigation is not sufficiently related to the claim that was litigated and won.

When an attorney has obtained excellent results for a plaintiff, the attorney should ordinarily recover his or her full fee. *See Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). Where the claims involve common facts or legal theories so that counsel generally works on the whole of the litigation, a court should "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* at 435.

In order to pursue this claim, Plaintiff's counsel participated extensively in the two EEOC investigations. Exhaustion of administrative remedies is required before litigation can be started. At the same time, Plaintiff's counsel unsuccessfully tried to negotiate an early resolution.

Throughout the pre-litigation phase, defense counsel maintained that Plaintiff's claim was without merit. This continuous denial by defense counsel directly contributed to the hours expended toward litigation.

Work done during the EEOC process was directly relevant and necessary to the ultimate claims when l tigation ensued. Despite any contrary claims by the Defendant, the claims in question arose from a common core of operative facts and the litigation advanced, in large part, due to the continued insistence by Defendant that there was no case at all. Defendant's attempts to frustrate the process should not be used to grant an abeyance of costs they have culpability in creating. Defendant's request to strike hours from the fee request should be denied.

**II.     Defendant's request for a reduction in attorney hourly rates is without valid support and should be denied.**

The hourly rate reductions requested by Defendant are not reasonable and should not be granted. Defendant claims that a 2001 Ohio Bar Association Survey should be the basis for calculating a reasonable hourly fee for the attorneys in this case. Taking the median rates from this out-of-date survey, defendant concludes that rates of $350 per hour for Mr. Freking and $200 per hour for other attorneys are valid. However, defendant gives no other basis for this conclusion other than recognition of the age of the data used to make the determination.

It was noted by the Court in *Readnower* that "a reasonable rate for an attorney of Mr. Freking's caliber and advanced skill and experience in the employment field is considerably greater than the median rate suggested by defendant based on the Desktop Reference." *Readnower v. General Ionics, Inc.*, Case No. C-1-01-654 (Southern District of Ohio 2004.) This is the same reference material upon which Defendant now relies. While the Court in *Readnower*

ultimately granted an hourly rate of $350 for Mr. Freking, it was noted that this rate did not include any adjustment for inflation from a grant of the same amount two years earlier. *Id.*

In 2001, in *McDaniel*, the Court awarded Mr. Freking an hourly rate of $350. *McDaniel, et al. v. City of Cincinnati*, Case No. C-1-99-325 (Southern District of Ohio 2001.) A modest application of an inflation adjustment of four percent per year for five years would yield a time adjusted hourly rate of about $425.00 for the year 2006. The current fee request of $385 per hour is substantially less. Additionally, the Court in *McDaniel* allowed a factor to be applied to the hourly rate to account for the contingency risk in the case. *Id.* The hourly fee actually granted to Mr. Freking in that case was $562.00 after the adjustment ($350 x 1.6). *Id.*

In a more recent case, the Court granted an hourly rate of $385.00 for the work of Mr. Freking and an hourly rate of $250.00 for another attorney. *Jorling v. Habilitation Services, Inc.*, Case No. 1:03cv00073-WOB (Southern District of Ohio 2005.) The Court found both rates "to be reasonable in light of the market and counsel's experience in handling employment discrimination." *Id.* Likewise, the current request for hourly rates of $385.00 for Mr. Freking, $275.00 for Sheila Smith, and $250.00 for Kelly Mulloy Myers and Megan Clark, are reasonable in light of the market and the experience the attorneys in this particular area of practice.

The data used by defendant to support its claim that the hourly rates should be reduced is significantly dated and does not support any rate reduction. Defendant's conclusion of what the hourly rates should be has no support by which to justify making a reduction. Plaintiff's request for attorney fees is reasonable in light of previous decisions by the Court, the experience of Plaintiff's counsel, and the market and should be granted without change.

**III.     Defendant cannot prove any basis for a general reduction in attorney fees.**

3

Defendant demands that a percentage reduction be deducted from the requested fees for alleged insufficient descriptions in the billing statement for services. (Def. Resp. to Pl.'s App. for Fees.)  Defendant does not offer any specific incidents of insufficient descriptions in the statement to justify such a request.  Yet, at the same time, Defendant admits that Plaintiff's attorney is not "required to record in great detail how each minute of his time was expended." *Id. quoting Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983).  "[T]he amount of detail required is minimal and Defendant has the burden of producing evidence against the reasonableness of the hours billed and descriptions provided." *Anglo-Danish Fibre Indus., Ltd. v. Columbian Rope Co.*, 2003 U.S. Dist. LEXIS 10386, at *13.  Defendant has not identified a single specific entry that is allegedly too vague or ambiguous so as to make it impossible for the Court to assess its reasonableness.  There is no suggestion or indication that the hours expended "were duplicative, excessive or otherwise unnecessary."  *See Readnower*.

The types of descriptions used in Plaintiff's statement have been accepted by several judges of the Southern District of Ohio, without further detail, and Plaintiff's counsel believes that additional details often are (1) available to Defendants' counsel because some entries refer to e-mails from Defendants' counsel or correspondence from Defendants' counsel, or (2) protected by the work product doctrine.  Plaintiff's counsel has represented to the court, under oath, that time records were maintained contemporaneously and that the hours recorded were in connection with the successful prosecution of Plaintiff's claim.  Therefore, the Court should not grant a percentage reduction, or any general reduction, of requested attorney fees.

In conclusion, Defendant's request for reduction of Plaintiff's request for attorney fees

4

and costs should be denied as it is without merit.

                                        Respectfully submitted,

                                        /s/Kelly Mulloy Myers
                                        Randolph H. Freking (#0009158)
                                        Kelly Mulloy Myers (#0065698)
                                        Trial Attorneys for Plaintiff
                                        FREKING & BETZ
                                        525 Vine St., 6th Floor
                                        Cincinnati, OH 45202
                                        (513) 721-1975
                                        Randy@frekingandbetz.com
                                        Kmyers@frekingandbetz.com

## CERTIFICATE OF SERVICE

     I hereby certify that on August 12, 2006 a copy of the forgoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. mail to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

                                        /s/Kelly Mulloy Myers
                                        Kelly Mulloy Myers